**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.:**

**TINA M. WHITE D/B/A/ BRILLIANT**
**MINDS STRATEGIES, INC., et al.**

        **Plaintiffs,**

**vs.**

**SOUTHERN WASTE SYSTEMS, LLC**
**and SOLID WASTE AUTHORITY OF**
**PALM BEACH COUNTY,**

        **Defendants.**

_____/

## DEFENDANTS' NOTICE OF REMOVAL

**COMES NOW** Defendants, SOLID WASTE AUTORITY OF PALM BEACH COUNTY (hereinafter the "SWA") and SOUTHERN WASTE SYSTEMS, LLC, (hereinafter the "SWS), by and through their respective undersigned counsel, and file this Notice of Removal and in support thereof, states the following:

1.    A Complaint was prepared, but not filed or served in this case upon either Defendant. See Exhibit "1" attached hereto.

2.    On September 14, 2015 at 02:23:32 p.m. an Amended Complaint was filed instituting this action against the Defendants. See Exhibit "2" attached hereto.

3.    This Amended Complaint was apparently denominated a "Complaint" by the Palm Beach County Clerk of Court. See Docket Sheet attached hereto as Exhibit "3".

4.    On September 28, 2015 at 02:31:21 p.m., another Amended Complaint was filed against the Defendants.

1

5.      On October 7, 2015, a Summons was issued and the Amended Complaint was served on the SWA on October 7, 2015 at 2:17 p.m., and the SWS on October 8, 2015 at 10:30 a.m.  See Exhibit "4" attached hereto.

6.      It is impossible to discern which Amended Complaint was served upon the Defendants or even if the same version was served.   However, in any event, an Amended Complaint was served on each Defendant as set forth herein.

7.      The Amended Compliant served on the Defendants raised a Federal Claim in Count III, i.e., a Claim of Impairment of Contract Rights Based Upon Race pursuant to 42 U.S.C. § 1981.  See Exhibit "4" attached hereto at p. 32.

8.      This Court has original jurisdiction over this action as provided in 28 U.S.C. § 1331, and it is properly removable pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446(b).

9.      This Notice of Removal has been provided to Plaintiff and the Clerk of Court for the Fifteenth Judicial Circuit pursuant to 28 U.S.C. § 1446(b).

10.      This Notice of Removal has been filed within thirty (30) days after service of the Amended Complaint in compliance with 28 U.S.C. § 1446(b).

**CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that the foregoing document was electronically filed with the Clerk of the Court using CM/ECF and that a true and correct copy of the foregoing has been furnished via electronic email to **Andrew DeGraffenreidt, III, Esquire**, adegraffenreidt@gmail.com, 319 Clematis Street, Suite 602, West Palm Beach, Florida 33401, this 27th day of October, 2015.


**Brian B. Joslyn, Esquire**
Florida Bar No. 332496
Ciklin Lubitz & O'Connell
515 North Flagler Drive, 20th Floor
West Palm Beach, Florida 33401
Tel: (561) 832-5900
Fax: (561) 833-4209
Email: bjoslyn@ciklinlubitz.com
        swatts@ciklinlubitz.com
Counsel for Southern Waste Systems, LLC

**Philip Mugavero, Esquire**
Senior Assistant County Attorney
Florida Bar No. 931179
300 North Dixie Highway, Suite 359
West Palm Beach, Florida 33401
Tel.: (561) 355-6717
Fax:  (561) 355-4234
Email: pmugaver@pbcgov.org
        aairey@pbcgov.org

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY FLORIDA

CIVIL CASE NUMBER:

TINA M. WHITE D/B/A BRILLIANT
MINDS STRATEGIES, INC. and
JAMES LITTLES, JR. D/B/A
JAMES JR. ENTERPRISE, INC.

       Plaintiffs,

VS.

SOUTHERN WASTE SYSTEMS, LLC,
and
SOLID WASTE AUTHORITY OF PALM BEACH COUNTY,

       Defendants,

_____/

## COMPLAINT

    Plaintiffs TINA M. WHITE and JAMES LITTLES, JR. sues the Defendants SOUTHERN WASTE SYSTEMS, LLC, et al and SOLID WASTE AUTHORITY OF PALM BEACH COUNTY and allege:

### JURISDICTION AND VENUE

1.    Tina M. White is a Black American Female Palm Beach County Certified Small Business Enterprise (hereinafter "PBCO SBE or PBCO SBEs"), doing business as Brilliant Minds Strategies, Inc. with its principal place of business in Palm Beach County, Florida.

2.    James Littles is a Black American Male Palm Beach County Certified Small Business Enterprise (hereinafter "PBCO Certified SBE or PBCO Certified SBEs"), doing business as James Jr. Enterprise, Inc. with its principal place of business in Palm Beach County, Florida.

3.    Southern Waste Systems, LLC (hereinafter "SWS") is a Florida corporation with it principal place of business in Palm Beach County.  SWS operates, conducts, engages in and carries on a business or business venture in Florida. As a result, personal jurisdiction is appropriate.

4.  Solid Waste Authority of Palm Beach County (hereinafter "Authority Governing Board" or "Authority") is a Florida governmental corporation with its principal place of business in Palm Beach County.

1



EXHIBIT

1

5.   Venue is proper in this Court because Defendant SWS and all of the parties reside and have offices located within Palm Beach County, Florida, and all the acts described herein occurred within Palm Beach County, Florida.

6.   Venue is proper in this Court because Defendant Authority Governing Board and all of the parties reside and have offices located within Palm Beach County, Florida, and all the acts described herein occurred within Palm Beach County, Florida.

## PRELIMINARY STATEMENT

7.   In October 2012  Palm Beach County Board of Commissioners in their capacity as Defendant Solid Waste Authority Governing Board of Palm Beach County (hereinafter "Authority Governing Board" or "Authority"), voted to approve Public BID 14-201/SLB for solid waste collections and recoverable material services, to be awarded as a final contract on February 13, 2013 for five (5) years from October 1, 2013 through September 1, 2018 for service areas 1, 2, 3, and 4 collectively valued at $205.7 million dollars for the unincorporated residential and commercially zoned areas of Palm Beach County (hereinafter "PBCO").

8.   In October 2012 Defendant Authority Governing Board voted to approve for the first time, reducing the minimum qualifying experiences for Public BID 14-201/SLB, which permitted SWS its first opportunity to bid since becoming a corporation in the State of Florida in 1999, for the largest solid waste and recoverable material collections services contract issued by a governmental agency in PBCO for four (4) service unincorporated residential and commercial areas.

9.   In October 2012 Defendant Authority Governing Board also voted to approve for the first time to include a Mandatory Pre-Qualifying Requirement for Certified Small Business Enterprises domiciled in PBCO (herein after ("SBEs" or "SBE"), which required all bidders submitting sealed responses to document subcontracting participation in the minimum amount of 15% in order to Pre-Qualify and Advance to the next step in Public BID 14-201/SLB process, sworn.

10.   On January 9, 2013 Defendant SWS Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant, swore under penalty of perjury and disqualification in sealed responses to comply with Public BID 14-201/SLB Mandatory-Public BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8,  Pre-Qualification Process Affidavit of SBE Participation, in order to Pre-Qualify and Advance to the next step in the bid process, to subcontract with Black American Female PBCO Certified SBE, Plaintiff Tina M. White, d/b/a Brilliant Minds Strategies, Inc. in the amount of $627,500 to provide contract administrative and SBEs management services, and further to subcontract with Black American Male PBCO Certified SBE, Plaintiff James Littles Jr., d/b/a James Jr. Enterprises, Inc. in the amount of $998,000 to provide vegetation pickup and truck towing services, if awarded service area 4 from October 1, 2013 through September 30, 2018.

11. On January 9, 2013 Defendant SWS was one of four (4) bidders vying for service areas 1, 2, 3, and 4, collectively valued at $205.7 million dollars, who submitted sealed responses to comply with Public BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8, Pre-Qualifying Requirement D, PBCO Certified SBE Minimum 15% Subcontracting Participation, by swearing under penalty of perjury and disqualification to Pre-Qualify and Advance to the next step in the bid process to subcontract with Certified SBEs domiciled in PBCO; if awarded a contract with Defendant Authority Governing Board on February 13, 2013.

12. On January 17, 2013 Defendant Authority Governing Board demonstrated strict Pre-Qualifying compliances for Public BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8, Pre-Qualifying Requirement D, PBCO Certified SBEs, and evidenced in their actions at the recommendations of Defendant Authority Governing Board (staff) Executive Director Mark Hammond, Attorney Jim Mize and Purchasing Services Director Saundra Brady, in finding that Waste Pro of Florida, Inc.'s sealed responses to Pre-Qualify and Advance to the next step in the bid process, did not comply with Mandatory Pre-Qualifying Requirement D, PBCO Certified SBE 15% Minimum Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plans for service areas 1, 2, 3, and 4, and was deemed non-responsive and disqualified; despite being the lowest bidder for all four (4) service areas, and rates saving taxpayers in the unincorporated residential and commercial areas of PBCO $5 million dollars from October 1, 2013 through September 30, 2018.

13. On February 18, 2013 Defendant Authority Governing Board's intended strict compliances were demonstrated again when five (5) years contracts were executed with four (4) bidders: Defendant SWS, Republic Services, Inc., Advanced Disposal Services, Inc. and Waste Management, Inc. assigned to Waste Pro of Florida, Inc. for service areas 1, 2, 3, and 4 from October 1, 2013 through September 30, 2018, delineated in BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8, Pre-Qualifying Requirement D, PBCO Certified SBEs Minimum 15% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plans, incorporated into final contracts-Section 42-Small Business Enterprise and Local Business Participation-Pages41-44.

14. Plaintiff White and Plaintiff Littles were two (2) of Defendant SWS BID 14-201/SLB Mandatory- Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8, Pre-Qualifying Requirement D, PBCO Certified SBEs 15.3 % SBEs Subcontracting Participants from October 1, 2013 through September 30, 2018 for service area 4, and two (2) of the intended third party beneficiaries incorporated into Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages41- 44.

15. On February 18, 2013 Defendant Authority Governing Board delineated clear, plain and strict compliances for Defendant SWS to subcontract with Pre-Qualifying PBCO Certified SBEs executed into Defendants' final contract, which could only be modified by the Authority's Governing Board approving by amendment in a publicly noticed meeting; after Defendant SWS demonstrated to the Authority's Governing Board that Plaintiff White and Plaintiff Littles were unwilling or unable to provide the agreed upon services and rates, in Defendant SWS' seal responses on PBCO Certified 15% SBEs Subcontracting Participation Schedules Numbers 1, 2, 3

Bona Fide Efforts SBE  Plan-Page 4 submitted to Pre-Qualify for Public BID 14-201/SLB on
January 9, 2013, in accordance with Agreement 14-205- Section 28 Notice-Page 37, Section 37-
Modification-Page 40, and Section 42-Small Business Enterprise and Local Business
Participation-Pages 41-44.

## GENERAL ALLEGATIONS

16.     This is an action for declaratory relief to enforce Defendant SWS and Defendant
Authority Governing Board to strictly comply with publicly advertised BID 14-201/SLB
Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8, published in the
Palm Beach Post newspaper on November 13, 2012 for solid waste collections and recoverable
materials services, which required a Mandatory Pre-Qualifying Requirement D specification of a
Minimum 15% Subcontracting Participation with Certified SBEs domiciled in PBCO, in order
for Defendant SWS to Pre-Qualify and Advance to the next step in the bid process, and to
become eligible to be awarded  a conservatively valued $44.7 million dollars five (5) years
contract,  Agreement 14-205 executed on February 18, 2013 for service area 4: unincorporated
Boynton Beach, Delray Beach and Boca Raton, Florida from October 1, 2013 through September
30, 2018. SEE COPY ATTACHED AS EXHIBIT A- Executed Agreement 14-2015 AND COPY
ATTACHED AS EXHIBIT B-Public BID 14-201/SLB

17.   In August 2014 Defendant Authority Governing Board (staff) Executive Director
Mark Hammond, Attorney Jim Mize and Director Purchasing Services Saundra
evidenced modifying Defendant SWS Pre-Qualifying sealed responses for BID 14-
201/SLB, PBCO Certified SBEs 15.3% Subcontracting Participation Schedules
Numbers 1, 2, 3 Bona Fide Efforts SBE  Plan-Page 4, incorporated into Defendants'
final contract, Agreement 14-205 on February 18, 2013; after Defendant SWS Pre-
Qualified on January 9, 2013, and after the letting of the award on February 13, 2013,
and after executing the final contract, Agreement 14-205 on February 18, 2013, in
known violations of Section 28 Notice-Page 37, Section-37-Modification-Page 40, and
Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.
This precedent condition was not complied with by Defendants.

18.   In accordance with Defendants' final contract executed February 18, 2013,
Agreement 14-205-Page 1-Solid Waste and Recycling Collection Franchise Agreement
Service Area 4 is between Solid Waste Authority of Palm Beach County, a special
district created pursuant to Chapter 2001-331, Laws of Florida, (hereinafter referred to
as the "Authority") and Southern Waste Systems LLC (hereinafter referred to as
"Contractor").

19.   In accordance with Defendants' final contract executed February 18, 2013,
Agreement 14-205-Page 1-Term: The term of this Agreement shall be for the period
beginning October 1, 2013 and expiring September 30, 2018.

20.   In accordance with Defendants' final contract executed February 18, 2013, Agreement 14-205-Section Q-Page 6-Contractor Administrator shall mean the person designated by the Authority, who shall act as the Authority's representative during the terms of this Agreement.

21.   On February 14, 2013 under the signature of Defendant Authority Governing Board (staff) Director Purchasing Services Saundra Brady, sent a letter to Defendant SWS Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant for Public BID 14-201/SLB Mandatory- Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8, Pre-Qualification Process Affidavit Participation of SBE, and in pertinent part the letter stated, "The Authority's Governing Board confirmed the Solid Waste and Recycling Collections Services franchise awards at their public meeting February 13, 2013, and authorized the Executive Director to execute said Franchise Agreement on its behalf. Your firm is the awardee for Service Area No. 4, Franchise Agreement No. 14-205."

"To recap, the following items are required": 1. Franchise Agreement Executed. 2. Performance Bond. 3. Certificate of Corporate Authority Executed. 4. Certificate of Insurance in accordance with Section 24 of Franchise Agreement. 5. Section 29, Notice, Page 35 of Franchise Agreement-Contact Person.

"Any questions about Franchise Agreement, please contact John Archambo."

22.   In accordance with Defendants' final contract executed February 18, 2013, Agreement 14-205-Section 28 Noticed-Page 37 states, "Any notice, demand, communication, or request required or permitted hereunder shall be in writing and delivered in person or sent by certified mail, postage prepaid as follows:" Attention: Contract Administrator currently John Archambo, Copy to: Executive Director  currently Mark Hammond.

23.  In accordance with Defendants' final contract, Agreement 14-205, Section 28 Notice-Page 37, Defendant SWS failed to comply with the requirement to provide notice to Defendant Authority Governing Board, via Contract Administrator John Archambo and Copy to Executive Director Mark Hammond, to request the Authority's Governing Board to consider modifying Defendants' final contract, Agreement 14-205, to eliminate Pre-Qualifying PBCO Certified SBEs, Plaintiff White and Littles' services and rates submitted by Defendant to Pre-Qualify on January 9, 2013, and to comply with BID 14-201/SLB-Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8 , Pre-Qualifying Requirement D, PBCO Certified SBEs 15.3% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4, which included Plaintiff White in the amount of $627,500-3%, and further Plaintiff Littles in the amount of $998,000-6%. This precedent condition was not complied with by Defendants.

24.  In October 2013 and August 2014 in known violations of Defendants' final contract, Agreement 14-205, Section 28 Notice-Page 37, Defendant Authority Governing Board (staff) Director of Purchasing Services Saundra Brady, Atty. Mark Hammond and Atty. Jim Mize evidenced failing to enforce the requirement, which dictates that Defendant SWS has to provide notice to Defendant Authority Governing Board, via Contract Administrator John Archambo and Copy to Executive Director Mark Hammond, to request the Authority's Governing Board to consider modifying Defendants' final contract, Agreement 14-205, to eliminate Pre-Qualifying PBCO Certified SBEs, Plaintiff White and Littles' services and rates submitted by Defendant to Pre-Qualify on January 9, 2013, and to comply with BID 14-201/SLB-Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8 , Pre-Qualifying Requirement D, PBCO Certified SBEs 15.3% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4, which included Plaintiff White in the amount of $627,500-3%, and further Plaintiff Littles in the amount of $998,000-6%. This precedent condition was not complied with by Defendants.

25.  In accordance with Defendants' final contract executed February 18, 2013, Agreement 14-205-Section 37-Modification-Page 40 states, Modification: This Agreement constitutes the entire contract and understanding between the parties hereto, and it shall not be considered modified, altered, changed, or amended in any respect unless in writing and signed by the parties hereto. Such modification shall be in the form of an Amendment executed by both parties.

26.  In accordance with Defendants' final contract executed February 18, 2013, Agreement 14-205-Section 37-Modification-Page 40, Defendant SWS failed to comply with the requirement that the Authority's Governing Board is the only entity empowered to consider eliminating Pre-Qualifying PBCO Certified SBEs, Plaintiff White and Littles' services and rates, and approve by amendment in a publicly noticed meeting to modify Defendant SWS' BID 14-201/SLB- Mandatory Pre-Qualifying Requirement D, PBCO Certified SBEs 15.3% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4, submitted on January 9, 2013 to Pre-Qualify and Advance to the next step in the bid process.  This precedent condition was not complied with by Defendants.

27.  In October 1, 2013 and August 2014 in known violations of Defendants' final contract executed February 18, 2013, Agreement 14-205-Section 37-Modification-Page 40, Defendant Authority Governing Board (staff) Director of Purchasing Services Saundra Brady, Atty. Mark Hammond and Atty. Jim Mize evidenced circumventing the Authority's Governing Board, by modifying Defendant SWS' BID 14-201/SLB- Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8 , Mandatory Pre-Qualifying Requirement D, PBCO Certified SBEs 15.3% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4, submitted on January 9, 2013 to Pre-Qualify and Advance to the next step in the bid process; which eliminated Pre-Qualifying PBCO Certified SBEs, Plaintiff White and Littles' services and rates, established in Defendant SWS' BID 14-201/SLB- Mandatory Pre-Qualifying

Requirement D, PBCO Certified SBEs 15.3% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4, submitted on January 9, 2013 to Pre-Qualify and Advance to the next step in the bid process. This precedent condition was not complied with by Defendants.

28. In accordance with Defendants' final contract executed February 18, 2013, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, in pertinent part-"In absence of due cause, must use all of the certified local SBE suppliers and contractors listed by the Contractor in its' response to the Invitation to BID, unless the local SBE Contractor becomes unwilling or unable to perform. Contractor shall not replace a listed, local SBE until the Authority has confirmed that the listed, local SBE is unwilling or unable to perform, the local SBE must be replaced with another certified local SBE supplier or contractor unless otherwise authorized by the Authority."

29. In accordance with Defendants' final contract executed February 18, 2013, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, Section 28 Notice-Page 37 and Section-37-Modification-Page 40, Defendant SWS failed to comply with the requirement to demonstrate to the Authority's Governing Board that Pre-Qualifying PBCO Certified SBEs Plaintiff White and Plaintiff Littles were unwilling or unable to provide services and rates for service area 4 from October 1, 2013 through September 30, 2018. This precedent condition was not complied with by Defendants.

30. In October 2013 and August 2014 in known violations of Defendants' final contract, Agreement 14-205, Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, Defendant Authority Governing Board (staff) Executive Director Mark Hammond, Attorney Jim Mize and Director Purchasing Services Saundra Brady, failed to enforce that Defendant SWS demonstrate to the Authority Governing Board in a publicly noticed meeting that Plaintiff White and Plaintiff Littles were unwilling or unable to provide services and rates as Defendant SWS represented on January 9, 2013 to Pre-Qualify for BID 14-201/SLB. This precedent condition was not complied with by Defendants.

31. In accordance with final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, Defendant SWS were further required to demonstrate to the Authority's Governing Board that they did not falsely represent on January 9, 2013 in order to Pre-Qualify and advance to the next step in BID 14-201/SLB-Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8 , that they would use the services and rates of Pre-Qualifying PBCO Certified SBEs, Plaintiff White and Plaintiff Littles if awarded service area 4 from October 1, 2013 through September 30, 2018. This precedent condition was not complied with by Defendants.

32. In October 2013 and August 2014 in known violations of Defendants' final contract, Agreement 14-205-Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, Defendant Authority Governing Board (staff) Executive Director Mark Hammond, Attorney Jim Mize and Director Purchasing Services Saundra Brady, failed to enforce that Defendant SWS demonstrate to the Authority Governing Board that Defendant did not falsely represent subcontracting on January 9, 2013 with Plaintiff White in the amount of $627,500-3% and Plaintiff Littles in the amount of $998,000-6% to Pre-Qualify for BID 14-201/SLB. This precedent condition was not complied with by Defendants.

33. In accordance with Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, the Authority's Governing Board established contract breach and disbarment as penalties for Defendant SWS' failures to demonstrate bona fide efforts to implement BID 14-201/SLB-Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8 Subcontracting Participation Schedule Number 3 Bona Fide Efforts SBE Plan-Page 4, to subcontract with willing and able Pre-Qualifying PBCO Certified SBEs Plaintiff White and Plaintiff Littles for service area 4 from October 1, 2013 through September 30, 2018, which in pertinent part states, "by falsely representing that it will use the services or purchase commodities from an local SBE firm, and subsequently not doing so without demonstrating reasonable cause, or failure to comply with the local SBE requirements under Section 42 of the contract, shall be considered a breach of contract, and further, shall be cause for debarment, in accordance with the Authority's Purchasing Manual, Section 11- Paragraphs D or E"; which prohibits Defendant SWS from bidding for Defendant Authority Governing Board's next competitive solicitation anticipated November 2017 for a five (5) years contract from October 1, 2018 through September 30, 2023.

34. On October 1, 2013 Defendant SWS evidenced breaching Defendants' final contract, Agreement 14-205, in known violations of Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, by refusing to execute contracts with Pre-Qualifying PBCO Certified SBEs Plaintiff White and Plaintiff Littles, in accordance with Defendant SWS' sealed responses for BID 14-201/SLB-Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8 , Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4, submitted on January 9, 2013 to Pre-Qualify and Advance to the next step in the bid process.

35. In accordance with final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, Defendant SWS were further required to demonstrate to Defendant Authority Governing Board that they did not breach final contract, by engaging in bid shopping, and eliminating the only two (2) Black American Pre-Qualifying PBCO Certified SBEs Plaintiff White and Plaintiff Littles' rates and services on October 1, 2013 without the Authority's Governing Board approval by amendment in a publicly noticed meeting, for Favored Non-Pre-Qualifying, white male firm, John Pata, d/b/a Jet Hauling, Inc., who did not contribute to Defendant Pre-Qualifying and Advancing to the next step in BID 14-201/SLB process on January 9, 2013. This precedent condition was not complied with by Defendants.

36.   On October 1, 2013 Defendant SWS evidenced breaching Defendants' final contract, Agreement 14-205, in known violations of Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, by engaging in  bid shopping, and eliminating the only two (2) designated Black American Pre-Qualifying PBCO Certified SBEs, Plaintiff White and Plaintiff Littles' rates and services without the Authority's Governing Board approval by amendment in a publicly noticed meeting, for Favored Non-Pre-Qualifying, white male firm, John Pata, d/b/a Jet Hauling, Inc., who did not contribute to Defendant SWS Pre-Qualifying for BID 14-201/SLB on January 9, 2013.

37.   On October 1, 2013 Defendant SWS evidenced breaching Defendants' final contract, Agreement 14-205, in known violations of Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, by falsely representing they would use the services and rates of Pre-Qualifying PBCO Certified SBEs Plaintiff White in the amount of $627,500 and Plaintiff Littles in the amount of $998,000.

38.  On October 1, 2013 to Present 2015, Defendant Authority Governing Board (staff) Executive Director Mark Hammond, Atty. Jim Mize and Director Purchasing Services Saundra Brady, as well as the Authority's Governing Board has evidenced turning  blind eyes to Defendant SWS' known contract breaches, and continues to neglect their fiduciary duties to enforce clear and plain compliances for Pre-Qualifying PBCO Certified SBEs Plaintiff White and Plaintiff Littles, which unequivocally states in BID 14-201/SLB-Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8 that if not complied with, shall results in the Authority's Governing Board declaring Agreement 14-205 breached, and applying the penalty of disbarment in accordance  with the Authority's Purchasing Manual-Section 11-Paragraph D or E, delineated in Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

39.   Defendant SWS Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant's promises, sworn oath and representations were false, and known to be false at the times they were made to subcontract with Plaintiff Littles for vegetation pickup and truck towing services in the amount of $998,000,  and further to subcontract with Plaintiff White for contract administrative and SBEs management services in the amount of $627,500, in order to Pre-Qualify and Advance to the next step in BID 14-201/SLB process, and as sworn under penalty of perjury and disqualification on January 9, 2013, if awarded contract for service area 4 as a Mandatory pre-requisite to be awarded subject solid waste collections and recoverable materials services agreement.

40.  Defendant SWS Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant's promises, sworn oath, and representations were made in bad faith for the sole purpose of inducing Plaintiff Littles to contribute six (6%) percent, and further for Plaintiff White to contribute three (3%) percent to Defendant complying with Minimum 15% PBCO Certified SBEs Subcontracting, required for Defendant to Pre-Qualify for BID 14-201/SLB-Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8 on January 9, 2013, to clear the path for Defendant to execute their most lucrative governmental

9

contract to date on February 18, 2013 with Defendant Authority Governing Board from October 1, 2013 through September 30, 2018, conservatively valued at $44.7 million dollars.

41.   In October 2013 and August 2014 Defendant Authority Governing Board (staff) Executive Director Mark Hammond, Attorney Jim Mize, and Director Purchasing Services Saundra Brady, evidenced approving Defendant SWS' requests to eliminate Plaintiff Littles vegetation pick up and truck towing services in the amount of $998,000, and substituting Plaintiff Littles' services and rates for Defendant SWS' Favored Non-Pre-Qualifying, white male firm, John Pata, d/b/a Jet Hauling, Inc. Certified as a PBCO SBE on April 3, 2013; three (3) months after Defendant Pre-Qualified for BID 14-201/SLB on January 9, 2013 with Plaintiff contributing 6% to Defendant's Mandatory PBCO Certified SBE Subcontracting Participation for service area 4 from October 1, 2013 through September 30, 2018, in known violations of Defendants' final contract, Agreement 14-205, Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

42.   On October 1, 2013 and August 2014 Defendant Authority Governing Board (staff) Executive Director Mark Hammond, Attorney Jim Mize, and Director Purchasing Services Saundra Brady, evidenced approving Defendant SWS' requests to eliminate Plaintiff White's contract administrative and SBEs management services in the amount of $627,500, and substituting Plaintiff services and rates for Defendant SWS' Favored Non-Pre-Qualifying, white male firm, John Pata, d/b/a Jet Hauling, Inc. Certified as a PBCO SBE on April 3, 2013; three (3) months after Defendant Pre-Qualified for BID 14-201/SLB on January 9, 2013 with Plaintiff contributing 3% to Defendant's Mandatory PBCO Certified SBE Subcontracting Participation for service area 4 from October 1, 2013 through September 30, 2018, in known violations of Defendants' final contract, Agreement 14-205, in known violations of Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

43.   It is our assertions that Defendant SWS committed public BID 14-201/SLB Fraud on January 9, 2013 to Pre-Qualify and Advance to the next step in the bid process, by falsely representing to subcontract with Plaintiff White and Plaintiff Littles, if awarded service area 4 from October 1, 2013 through September 30, 2018, the only two (2) designated Black American Pre-Qualifying PBCO Certified SBEs participants in Defendant Authority Governing Board collective award of $202.7 million dollars to four (4) contractors, with first time Mandatory PBCO Certified SBEs Minimum 15% Subcontracting Participation Bid Specifications, which had stated disqualification penalties if not strictly complied with by Defendant SWS on January 9, 2013 to Pre-Qualify and become eligible to execute a conservatively valued $44.7 million dollars contract with Defendant Authority Governing Board on February 18, 2013.

44.   On January 9, 2013 Defendant SWS Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant in bad faith swore on BID 14-201/SLB Mandatory Pre-Qualification Process Affidavit of SBE Participation under penalty of perjury and disqualification to subcontract with Plaintiff White, the only Black American Female Pre-Qualifying PBCO Certified SBE, and further, Plaintiff Littles, the only Black American Male Pre-Qualifying PBCO Certified SBE, and used them as "Token Black American Seat Warmers" to Pre-Qualify and Advance to the next step in BID 14-201/SLB process on January 9, 2013; and

then immediately and unilaterally eliminated the Plaintiffs' services and rates after the letting of the award on February 13, 2013, and after executing final contract, Agreement 14-205 conservatively valued at $44.7 million dollars on February 18, 2013; for Favored Non-Pre-Qualifying, white male firm, John Pata, d/b/a Jet Hauling, Inc. Certified as a PBCO SBE on April 3, 2013; three (3) months after Defendant Pre-Qualified on January 9, 2013 with Plaintiff Littles contributing 6% and Plaintiff White contributing 3% to Defendant's15.3% Mandatory PBCO Certified SBE Subcontracting Participation Schedule Number 3 Bona Fide Efforts SBE Plan-Page 4 for service area 4 from October 1, 2013 through September 30, 2018.

45.   In December 2012  in preparations to bid Defendant SWS evidenced strictly complying with BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8, Pre-Qualifying Requirement D, PBCO Certified SBEs Minimum 15% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plans for service areas 1, 2, 3, and 4, by advertising in the Palm Beach Post newspaper from December 13 through 17, 2012, LEGAL NOTICE, AD Name 75555 and AD ID 75555A, for the sole purpose of recruiting and enticing third party beneficiaries, Certified SBEs domiciled in PBCO to contribute to Defendant Pre-Qualifying and Advancing to the next step in the bid process on January 9, 2013.

46.   Defendant SWS submitted on January 9, 2013 to prequalify in a sealed envelope to Defendant Authority Governing Board for BID 14-201/SLB, three (3) PBCO Certified SBEs, which were identified on FORM D SBE Minimum 15% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE  Plans-Page 4 for service areas 1,2, 3, and 4, which included Plaintiff White and Plaintiff Littles to comply with BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8, Pre-Qualifying Requirement D, PBCO Certified SBEs Minimum 15% Subcontracting Participation; the only bid specification that consequentially stated, "Shall result in automatic disqualification from advancing to the next step in the bid process, deeming bidder non-responsive if not complied with" which included Forms A through E. SEE COPY ATTACHED AS EXHIBIT C: Defendant SWS' Pre-Qualifying Sealed Responses Submitted January 9, 2013 to Defendant Authority Governing Board

47.   On January 9, 2013 Defendant Authority Governing Board affirmed that Defendant SWS' sealed responses evidenced strictly complying with BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, 8 to Pre-Qualify and Advance to the next step in the bid process, which included PBCO Certified SBEs Plaintiff White and Plaintiff Littles as two of their intended third party beneficiaries, collectively contributing nine (9%) percent, the majority of the subcontracting participation for Defendant to comply with their Mandatory15.3% Monthly Subcontracting for service area 4.

48.   Defendant SWS in December 2012  evidenced before BID 14-201/SLB submit deadline of January 9, 2013, thoroughly investigating the capabilities of the only Black American Female PBCO Certified SBE, Plaintiff White, d/b/a Brilliant Minds Strategies, Inc., and the only Black American Male PBCO Certified SBE, Plaintiff Littles, d/b/a James Jr. Enterprises, Inc., abilities to timely provide designated services from October 1, 2013 through September 30, 2018; and Defendant determined that the services and rates offered by Plaintiff White and Plaintiff Littles were acceptable, appropriate, and needed for them to fulfill their bona fide obligations with

11

Defendant Authority Governing Board; if awarded a final contract on February 13, 2013 for service areas 1, 2, 3, or 4.

49. On or before January 9, 2013 in preparations for Defendant SWS to Pre-Qualify, Defendant required Plaintiff White and Plaintiff Littles to consent by their signatures, to provide services and rates for five (5) years from October 1, 2013 through September 2018 on Defendant's BID 14-201/SLB Mandatory Minimum 15% PBCO Certified SBE Subcontracting Participation Schedule Number 2 Intent Forms, and promised, represented and swore to Plaintiffs and Defendant Authority Governing Board to contract with Plaintiff White in the amount of $627,500 and Plaintiff Littles in the amount of $998,000 for five (5) years from October 1, 2013 through September 30, 2018, if Defendant was awarded a contract on February 13, 2013 for service area 4.

50. On January 17, 2013 Defendant Authority Governing Board deemed Defendant SWS' competitor Waste Pro of Florida, Inc. non-responsive and disqualified, at the recommendations of Defendant Authority Governing Board (staff) Executive Director Mark Hammond, Attorney Jim Mize, and Director Purchasing Services Saundra Brady, for failing to comply with BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8 Pre-Qualifying Requirement D, Minimum 15% PBCO Certified SBEs Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plans for service areas 1, 2, 3, 4; despite that Waste Pro of Florida, Inc. was the lowest bidder for service areas 1, 2, 3, 4, whose rates would have saved residential and commercial taxpayers in the unincorporated areas of PBCO $5 million dollars from October 1, 2013 through September 30, 2018.

51. On February 13, 2013 Defendant SWS was the second lowest bidder, and awarded a five (5) years contract conservatively valued at $44.7 M for service area 4 from October 1, 2013 through September 30, 2018, and the final contract was executed February 18, 2013 with Defendant Authority Governing Board, which incorporated Defendant SWS' Pre-Qualifying sealed responses for BID 14-201/SLB Mandatory Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8 Pre-Qualifying Requirement D, PBCO Certified SBEs 15.3% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4 for service area 4, mandating contracting with Plaintiff White $627,500-3% and Plaintiff Littles $998,000-6% for five (5) years, in compliance with Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

52. In pertinent part the following provisions were requirements for Defendant SWS to Pre-Qualify, and execute a final contract, Agreement 14-205 on February 18, 2013 with Defendant Authority Governing Board: BID 14-201/SLB Mandatory- Section 25- Small Business Enterprise Participation-Pages 6, 7, and 8: "The Authority Governing Board has set fifteen (15%) percent as the Authority's goal for local Small Business Enterprise Participation in contracts and purchases. For the purposes of this solicitation the percentage of participation shall be calculated by dividing the proposed annual payments to be made to certified, local SBEs providing goods and/or services necessary to support the required services under the agreement by 60% of the grand total annual cost as reflected on the bid form."

53.   Defendant Authority Governing Board documented in plain language strict compliances for BID 14-201/SLB Mandatory- Section 25- Small Business Enterprise Participation-Pages 6, 7, and 8, Pre-Qualifying Requirement D PBCO Certified SBEs Minimum 15% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4, incorporated into Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41- 44.

54.   Defendants' final contract, Agreement 14-205 provides in pertinent part: Section 42-Small Business Enterprise and Local Business Participation-Pages 41- 44-"In response to the invitation to BID, the Contractor provided a list of local businesses that will be used on the Contract. That list is incorporated herein as a part of this contract."

SECTION 42-SMALL BUSINESS ENTERPRISE AND LOCAL BUSINESS PARTICIPATION-Pages 41-44-" In absence of due cause, must use all of the certified local SBE suppliers and contractors listed by the Contractor (SWS) in its response to the Invitation to BID, unless the local SBE Contractor becomes unwilling or unable to perform."

SECTION 42-SMALL BUSINESS ENTERPRISE AND LOCAL BUSINESS PARTICIPATION-Pages 41-44-"Contractor shall not replace a listed local SBE, until the Authority has confirmed that the listed local SBE is unwilling or unable to perform."

Section 42-SMALL BUSINESS ENTERPRISE AND LOCAL BUSINESS PARTICIPATION-Pages 41-44-"DISBARMENT SWA PURCHASING MANUAL-SECTION 11-PARAGRAPH D OR E- "Contractor submitted local SBE Bona Fide Efforts SBE Plan, showing how it will assist the Authority in achieving this goal through local SBE supplier and subcontractor participation or any other method is incorporated into this Agreement."

"The Authority will require documentary proof semi-annually, acceptable to the Authority, of the implementation, progress, and final outcome of the proposed local SBE Bona Fide Efforts SBE Plan. The Contractor is required to make a Bona Fide Effort to implement the Plan to do business with local SBEs, and to achieve the fifteen (15%) percent goal."

"Failure to make a Bona Fide Effort to implement Contractor's Plan, and to solicit, encourage, engage and pay local SBEs to provide goods and services related to the collection of solid waste and recovered materials in an effort to achieve the goal, shall be considered by the Authority as a failure to perform a material provision of the Contract, and further, shall be cause for debarment in- accordance with the Authority's Purchasing Manual, Section 11, Paragraph D or E."

55.   Defendant SWS represented, promised and agreed in Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44 to contract with Plaintiff White and Plaintiff Littles for the sole purpose of complying collectively with nine (9%) of BID 14-201/SLB Mandatory 15.3% Monthly Subcontracting Participation from October 1, 2013 through September 30, 2018 for service area 4.

56.   Defendant SWS firm by and through its representatives and agents Charles Lomangino General Manager and Shareholder, and Charles Gusmano, Co-Founder, President, CEO,

Managing Partner, Shareholder and Affiant swore on January 9, 2013, BID 14-201/SLB Mandatory- Section 25- Small Business Enterprise Participation-Pages 6, 7, and 8, Pre-Qualification Process Affidavit of SBE Participation, under penalty of perjury and disqualification to advance to the next step in the bid process, to contract with PBCO Certified SBE Plaintiff White for contract administrative and SBEs management services in the amount of $627,500, and further to contract with Plaintiff Littles for vegetation pickup and truck towing services in the amount of $998,000 from October 1, 2013 through September 30, 2018, if awarded service area 4.

57.    After Defendant SWS Pre-Qualified on January 9, 2013, and after the letting of the award on February 13, 2013, and after the execution of the final contract, Agreement 14-205, valued conservatively at $44.7 million dollars executed on February 18, 2013,  immediately and unilaterally on the start of their five (5) years contract with Defendant Authority Governing Board on October 1, 2013, eliminated  the only two (2) designated Pre-Qualifying Black American PBCO Certified SBEs, Plaintiff White and Plaintiff Littles.

59.    On October 1, 2013 Defendant SWS breach final contract with Defendant Authority Governing Board by eliminating Pre-Qualifying Black American PBCO Certified SBEs, Plaintiff White and Plaintiff Littles, without Defendant Authority Governing Board's approval by amendment, for Favored Non-Pre-Qualifying, white male firm, John Pata d/b/a Jet Hauling, Inc., in known violation of final contract, Agreement 14-205-Section-42-Small Business Enterprise and Local Business Participation-Pages 41-44, which provides in pertinent part "Contractor shall not replace a listed local SBE, until the Authority has confirmed that the listed local SBE is unwilling or unable to perform."

60.    On January 9, 2013 Defendant SWS' Favored Non-Pre-Qualifying, white male firm, John Pata d/b/a Jet Hauling, Inc. was not Certified as a PBCO SBE,  and could not contribute to Defendant Pre-Qualifying and Complying with BID 14-201/SLB Mandatory- Section 25- Small Business Enterprise Participation-Pages 6, 7, and 8 specifications with consequential disqualification if not strictly adhered to, in order to become eligible to execute with Defendant Authority Governing Board on February 18, 2013 a conservatively valued $44.7 million dollars five (5) years contract, Agreement 14-205 for service area 4 from October 1, 2013 through September 30, 2018.

61.    At all times material and relevant Plaintiff White and Plaintiff Littles have continuously expressed to Defendants' their willingness and abilities to perform the services indicated, and as sworn by Defendant SWS Charles Gusmano on BID 14-201/SLB Mandatory- Section 25- Small Business Enterprise Participation-Pages 6, 7, and 8 Pre-Qualification Process Affidavit of SBE Participation sealed responses to Pre-Qualify on January 9, 2013.

62.    The subjects bid documents and contract for services further provides, BID 14-201/SLB Mandatory Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8-"Bidder's Plan will be incorporated into the final contract," Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44-

14

"Bidders are advised that falsely representing that it will use the services or purchase commodities from a local SBE firm, and subsequently not doing shall be considered a breach of contract, and further, shall be cause for debarment in accordance with the Authority's Purchasing Manual, Section 11- Paragraphs D or E." Disbarment Consequences: Defendant SWS prohibited from competing for Defendant Authority Governing Board's next anticipated November 2017 bid for a five (5) years contract award from October 1, 2018 through September 30, 2023.

63.  In accordance with BID 14-201/SLB-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8 relating to Contract compliance requirements provides in pertinent part as incorporated into final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Participation-Pages 41-44: "Any contractor or firm that falsely represents to the Authority, pursuant to a contract, that it is an SBE, or that it will utilize the services or commodities of an SBE, and subsequently does not do so without the prior written approval of the Authority may be in breach of contract."

64.  In accordance with final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, Defendant SWS were further required to demonstrate to Authority Governing Board that they did not breach final contract by eliminating Plaintiff White and Plaintiff Littles' rates and services on October 1, 2013 and August 2014 without their  approval by amendment, and further that their actions shall not be cause for debarment in accordance with the Authority's Purchasing Manual-Section 11- Paragraphs D or E.  This precedent condition was not complied with by Defendants.

65.  In accordance with final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, Defendant SWS were further required to demonstrate to Authority Governing Board that they did not breach final contract, by refusing to timely execute five (5) years contracts with terms and compensations with Plaintiff White and Plaintiff Littles, and make bona fide efforts to make every effort a similarly situated, prudent business entity operating under similar circumstances would make when acting in a determined manner to obtain the intended result by action or expenditure, which are not unreasonably disproportionate, or burdensome under the circumstances. This precedent condition was not complied with by Defendants.

66.  In accordance with final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, Defendant SWS were further required to demonstrate to Authority Governing Board that they documented  Bona Fide Efforts to utilize the services and rates of Plaintiff White and Plaintiff Littles, and in good faith documented implementing their BID 14-201/SLB Mandatory SBE 15.3% Subcontracting Participation Schedule Number 3 Bona Fide Efforts SBE  Plan-Page 4

with the only two (2) designated Black American Pre-Qualifying PBCO Certified
SBEs. This precedent condition was not complied with by Defendants.

67.   BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-
Pages 6, 7 and 8 Pre-Qualifying Requirement D, Subcontracting Participation Schedule
Number 3  Bona Fide Efforts SBE  Plan for PBCO Certified SBEs, relating to Contract
compliance requirements provides in pertinent part: Local Small Business Enterprise
Participation-Section 25-Page 7 as incorporated into final contract, Agreement 14-205-
Section 42-Small Business Enterprise and Local Participation-Pages 41-44: "Bidder
shall submit a Plan showing how Bidder will assist the Authority in achieving this goal
through SBE subcontractor and/or supplier participation or other method.

"The intent of the Model Plan is to reflect the percentage of local SBE participation
pledged by the Bidder and/or proof of the "Bona Fide Effort" expended attempting to
enlist potential participants. The Model Plan consists of three schedules. Schedule 1 is a
form for listing the local SBE vendors proposed. Schedule 2 is a letter of intent from
the proposed local SBE subcontractors and/or suppliers. Schedule 3 demonstrates a
Bona Fide Effort and required documentary proof as required by Section 25 of this
Invitation to Bid."

Section 25 of this Invitation to Bid defines Bona Fide Effort and the level of effort
required to demonstrate and document said effort. "Bona Fide Effort" the obligation to
make every effort a similarly situated, prudent business entity operating under similar
circumstances would make when acting in a determined manner to obtain the intended
result by action or expenditure, which is not unreasonably disproportionate, or
burdensome under the circumstances."

"The submission of a Plan is required. A response submitted without Plan will be
judged non-responsive by the Selection Committee unless the Bidder is a certified SBE.
If the Bidder is not an SBE, then Schedules 1 and 2, and/or Schedule 3 must be
submitted. If the Bidder is unable to achieve 15% participation, then Schedule 3 is
required."

"The Authority will require documentary proof of the implementation, progress, and
final outcome of the program as specified in Section 42 of the sample Agreement
included with this Invitation to Bid."

68.   In accordance with final contract, Agreement 14-205-Section 42-Small Business
Enterprise and Local Business Participation-Pages 41-44, Defendant SWS were further
required to demonstrate to Defendant Authority Governing Board that they did not
breach final contract, and that they documented demonstrating bona fide efforts to
make every effort a similarly situated, prudent business entity operating under similar
circumstances would make when acting in a determined manner to obtain the intended

result by action or expenditure, which are not unreasonably disproportionate, or burdensome under the circumstances. This precedent condition was not complied with by Defendants.

69.   Plaintiff White and Plaintiff Littles are two (2) of named intended third party beneficiaries for BID 14-201/SLB Mandatory- Section 25- Small Business Enterprise Participation-Pages 6, 7, and 8, Pre-Qualifying PBCO Certified SBEs Subcontracting Participants, incorporated into Defendants' final contract, Agreement 14-205, executed on February 18, 2013, and the intended beneficiaries of Defendant SWS' representations, promises, covenants, sworn oaths and commitments to comply with the contracts provisions, relating to Mandatory bona fide efforts to subcontract with Plaintiffs for service area 4 from October 1, 2013 through September 30, 2018, after the letting of the award on February 13, 2013, and after the execution of conservatively valued $44.7 million dollars, Agreement 14-205 on February 18, 2013. This precedent condition was not complied with by Defendants.

70.   At all times material and relevant, it is further our assertions that Defendant Authority Governing Board (staff) Executive Director Mark Hammond, Attorney Jim Mize, and Director Purchasing Services Saundra Brady are powerless to modify Defendants' final contract without the Authority Governing Board's approval in a publicly noticed meeting, in accordance with Agreement 14-205-Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation Pages 41-44.

71.   The precedent conditions for modifications to Defendants' final contract, Agreement 14-205 by amendment approved by the Authority's Governing Board, in accordance with Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44 were not met. This precedent condition was not complied with by Defendants.

72.   The subject BID 14-201/SLB- Section 12-Anti-Discrimination-Page 3 in plain language expressly prohibits discrimination based on race and sex, incorporated in Defendants' final contract, Agreement 14-205-"The Authority is committed to assuring equal opportunity in the award of contracts, and, therefore complies with all laws prohibiting discrimination. The successful Bidder is prohibited from discriminating against any employee, applicant, or client because of race, color, religion, disability, sex, age, national origin, ancestry, marital status, sexual orientation, or gender identity or expression."

73.   Additionally, Defendant SWS failures to strictly comply with the unequivocally terms of BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8 Pre-Qualifying Requirement D, 15.3% Subcontracting

Participation with Pre-Qualifying PBCO Certified SBEs, Plaintiff White $627,500-3% and Plaintiff Littles $998,600-6% has disbarring consequences; and the resulting immediate and unilateral eliminations of the only two (2) non-white intended third party beneficiaries, without attempting to comply with all procedures delineated in Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Participation-Pages 41-44, demonstrates the Defendant discriminating against Plaintiffs, based upon their race and sex as female and male Black Americans, after they contributed to Defendant Pre-Qualifying on January 9, 2013, after the letting of the award on February 13, 2013, and after executing on February 18, 2013, final contract, Agreement 14-205, which ripen into a lucrative five (5) years contract valued conservatively at $44.7 million dollars for service area 4; the Defendant's largest governmental contract since becoming a registered Florida Corporation in 1999.

74.   Furthermore, Defendant Authority Governing Board's failures to strictly comply, and enforce that Defendant SWS strictly abide by the unequivocally terms of BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8 Pre-Qualifying Requirement D, 15.3% Subcontracting Participation with PBCO Certified SBEs Plaintiff White $627,500-3% and Plaintiff Littles $998,600-6% with all procedures delineated in plain language in the final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Participation-Pages 41-44, which demonstrates Defendant Authority Governing Board discriminating against Plaintiffs, based upon their race and sex as female and male Black Americans, after they contributed to Defendant SWS Pre-Qualifying on January 9, 2013, after the letting of the award on February 13, 2013, and after executing on February 18, 2013, final contract, Agreement 14-205.

75.   Defendants' final contract Agreement 14-205, dictates that SWA (staff) Executive Director Mark Hammond, Atty. Jim Mize and Director Purchasing Services Saundra Brady, and the Authority's Governing Board strictly comply with its own unequivocally terms and conditions-Section 28-Notice-Page 37, Section 37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

76.   Furthermore, public policy dictates that fairness be a central theme throughout the process from requests for bids to expiration of Agreement. Defendant Authority Governing Board (staff) Executive Director Mark Hammond, Atty. Jim Mize, and Director Purchasing Services Saundra Brady are without power to reserve in the Plan or specifications so prepared in advance of the letting the power to make exceptions, and modifications in the contract after it is let, which will afford opportunities for favoritism, whether any favoritism is actually practiced or not.

77.   All conditions precedent to the filing of this lawsuit have occurred, or otherwise performed, waived or excused.

78.   Plaintiffs have been required to obtain counsel to pursue this claim and have agreed to pay him a reasonable fee for services.

## COUNT I- PLAINTIFFS' CLAIMS FOR DECLARATORY RELIEF

79.   The Plaintiffs adopts and re-alleges the contents of paragraphs 1 through 78 herein above.

80.   Defendants' unilaterally and absence of cause eliminated the only two (2) designated Pre-Qualifying Black American PBCO Certified SBEs, Plaintiff White and Plaintiff Littles, required Mandatory Intended Third Party Beneficiaries incorporated into Defendants' final contract on February 18, 2013, in known violations of Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, Section 28-Notice-Page 37, and Section 37-Modification-Page 40.

81.   Defendant SWS failed to contract and pay Plaintiffs as BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8,  Requirement D Pre-Qualifying PBCO Certified SBE Subcontracting Participants for service area 4 from October 1, 2013 through September 30, 2018, and Defendant Authority Governing Board failed to adhere, and enforce Defendant SWS' strict compliances, incorporated into Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, definitely written in plain and consequential language to protect Plaintiffs against false representations and discrimination as "Token Black American Seat Warmers" until favored white male firm, John Pata, d/b/a Jett Hauling, Inc. became a PBCO Certified SBE on April 3, 2013, three (3) months after Plaintiffs contributed collectively nine (9%) to Defendant 15.3% Subcontracting Participation in order to Pre-Qualify on January 9, 2013, and execute conservatively valued $44.7 million dollars contract on February 18, 2013 with Defendant Authority Governing Board.

82.   The Plaintiffs are in doubt as to the validity of their rights and obligations under the subject agreement, and the Plaintiffs rights and entitlements to compensation as represented and incorporated in the final contract, and there is an actual need for a declaration of the respective rights of the parties to Defendants' final contract, Agreement 14-205, executed on February 18, 2013 for the conservative value of $44.7 million dollars from October 1, 2013 through September 18, 2018 for service area 4: unincorporated Boynton Beach, Delray Beach and Boca Raton.

WHEREFORE,  the Plaintiffs respectfully request that this Court find that Defendant SWS are in breach of the subject agreement; and declare the Plaintiffs are entitled to collective compensation in the amount of $1,625,500 plus interest, in accordance with the terms of the agreement; and to require the Defendant SWS to contract with Plaintiffs for service area 4 from October 1, 2013 through September 30, 2018, as their Public BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8, Requirement D,  Pre-

Qualifying PBCO Certified SBEs Subcontracting Participants in the subject solid waste collection and recoverable materials services agreement in accordance with its terms; and to award the Plaintiffs costs and attorney fees pursuant to F.S 57.105, and for such other further relief as the Court deems appropriate.

## COUNT II- PLAINTIFFS' CLAIMS FOR FRAUD AND MISREPRESENTATION

83.   The Plaintiffs adopts and re-alleges the contents of paragraphs 1 through 82 herein above.

84.   In January  2013 Defendant SWS and Plaintiff Littles by their conduct formed a relationship, which was contractual in nature, whereby the Defendant Charles Gusmano, Co-Founder, CEO, President, Managing Partner, Shareholder and Affiant on January 9, 2013 swore under penalty of perjury and disqualification  to Pre-Qualify and Advance to the next step in Public BID 14-201/SLB process, to pay the Plaintiff $998,000 to provide vegetation pickup and truck towing services, as incorporated in Defendants' final five (5) years contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44 for service area 4 from October 1, 2013 through September 30, 2018 executed on February 18, 2013.

85.   At all times relevant and material Plaintiff  Littles have been willing and able to perform, as incorporated into Defendants' final contract for service area 4 from October 1, 2013 through September 30, 2018; in the face of  Defendant refusing in bad faith to execute a five (5) years contract with terms and compensation in the amount of $998,000, as promised, represented and sworn on January 9, 2013 to Pre-Qualify and comply with BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8, PBCO Certified SBEs Minimum 15% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE  Plan-Page 4, incorporated into Defendants' final contract Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

86.   Defendant SWS has demonstrated for two (2) years, intentional bad faith by refusing to execute a contract with terms and compensation with Plaintiff Littles; notwithstanding Defendant SWS Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant swearing under perjury and penalty of disqualification in sealed responses for BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8, Requirement D Pre-Qualification Process Affidavit of SBE Participation on January 9, 2013 to execute five (5) years contract with terms with Plaintiff from October 1, 2013 through September 30, 2018 in the amount of $998,000 for vegetation pickup and truck towing services, if awarded service area 4 on February 18, 2013.

87.   Defendant SWS on January 28, 2014: two (2) months and twenty-seven (27) days after Defendant and its three (3) Pre-Qualifying PBCO Certified SBEs were required to be operational by Defendant Authority Governing Board for service area 4 from October 1, 2013 through September 30, 2018, in accordance with Defendants' final contract, Agreement 14-205, and after many requests from Plaintiff Littles, Defendant issued a mere seven (7) months contract without terms for only $116,333, with full knowledge that Plaintiff Littles' pre-operational expenses were $100,000.

88.   Defendant SWS demonstrated intentional bad faith by issuing to Plaintiff Littles a seven (7) months contract without terms for $116,333 on January 28, 2014 for contract period February 1, 2014  through September 30, 2014; notwithstanding Defendant Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant swearing to Pre-Qualify under penalty of perjury and disqualifications on BID 14-201/SLB Pre-Qualification Process Affidavit of SBE Participation and Schedule Number 3 Bona Fide Efforts SBE Plan-Page 4 on January 9, 2013, to execute with Plaintiff a five (5) years contract with terms from October 1, 2013 through September 30, 2018 in the amount of $998,000 for vegetation pickup and towing services, if awarded service area 4 on February 13, 2013.

89.   Defendant SWS by designed emailed Plaintiff Littles on January 28, 2014 a mere seven (7) months contract to achieve the intended result of Plaintiff refusing to become operational for a contract only valued at $116,333 from February 1, 2014 through September 30, 2014, instead of Defendant SWS Charles Gusmano's promised, represented and sworn $998,000 five (5) years contract under penalty of perjury and disqualification to Pre-Qualify on January 9, 2013, if awarded service area 4 from October 1, 2013 through September 30, 2018.

90.   Defendant SWS falsified Defendant Authority Governing Board Mandatory Bi-Annual SBEs Subcontracting Participation Reports (public records) as required for BID 14-201/SLB incorporated into Defendants' final contract, Agreement 14-205, by stating that Defendant made Mandatory subcontracting payments to Plaintiff Littles for truck towing services for service area 4.

91.   Defendant SWS has not made any bona fide efforts to subcontract with Plaintiff Littles to tow inoperable trucks from October 1, 2013 through Present 2015 for service area 4.

92.   Plaintiff Littles' internal records will validate that Defendant SWS made no subcontracting payments for towing inoperable trucks from October 1, 2013 through Present 2015.

93.   Defendant SWS falsely reported after Pre-Qualifying on January 9, 2013 to Defendant Authority Governing Board (staff) Director Purchasing Services Saundra Brady, without Plaintiff Littles' consent signature that Plaintiff agreed to modify BID 14-201/SLB Mandatory SBE Subcontracting Participation Schedule Number 2 Intent Form, to eliminate providing vegetation pickup and truck towing services in the annual amount of $1996,000, and instead only provide truck towing services in the annual amount of $35,000 for service area 4 from October 1, 2013 through September 30, 2018, in known violations of Defendants' final contract, Agreement 14-205-Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

94.   In August 2014 Defendant Authority Governing Board (staff) Executive Director Mark Hammond, Atty. Jim Mize, and Director Purchasing Services Saundra Brady and Defendant SWS evidenced operating as a team, and modified Defendant SWS' Pre-Qualifying January 9, 2013 sealed responses for BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8 Pre-Qualifying Requirement D, SBE 15.3% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE  Plan-Page 4 for Plaintiff Littles, and eliminated services and rates after the letting of the award on February 13, 2013, and after

the execution of Defendants' final contract on February 18, 2013; without the Plaintiff's consent signature on Schedule Number 2 Intent Form to only provide truck towing services in the annual amount of $35,000, in lieu of the agreed upon vegetation pickup and truck towing services in the annual amount of $199,600 for service area 4 from October 1, 2013 through September 30, 2018, in known violations of Defendants' Agreement 14-205-Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

95.   Defendant SWS on February 10, 2014 in intentional bad faith noticed by email Defendant Authority Governing Board (staff) Director Purchasing Services Saundra Brady, stating Plaintiff Littles was unable and unwilling to provide vegetation pickup and truck towing services in the amount of $998,000 for service area 4 from October 1, 2013 through September 30, 2018, in known violations of Defendants' final contract, Agreement 14-205-Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

96.   Defendant SWS on February 10, 2014 in intentional bad faith, concealed from Defendant Authority Governing Board (staff) Director Purchasing Services Saundra Brady that only twelve (12) business days earlier, the Defendant on January 28, 2014 emailed Plaintiff Littles a mere seven (7) months contract without terms, in the total amount of $116,333 from March 1, 2014 through September 30, 2014, which demonstrated Defendant's intentions to not implement BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8, Pre-Qualifying  Requirement D, PBCO Certified 15.3% SBE Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE  Plan-Page 4 with Plaintiff for vegetation pickup and truck towing services in the amount of $998,000 from October 1, 2013 through September 30, 2018 for service area 4, as Defendant represented to Pre-Qualify on January 9, 2013.

97.   Defendant SWS on February 10, 2014 in intentional bad faith, concealed from Defendant Authority Governing Board (staff) Director Purchasing Services Saundra Brady that Plaintiff Littles rejected Defendant's  mere seven (7) months contract without terms in the total amount of $116,333 from March 1, 2014 through September 30, 2014, because the contract did not represent the promised five (5) years contract with terms; and did not demonstrate Defendant exercising a good faith bona fide effort to implement BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8, Pre-Qualifying Requirement D, PBCO Certified SBEs 15.3% Subcontracting Participation Schedule Number 3 Bona Fide Efforts SBE Plan-Page 4 with Plaintiff for vegetation pickup and truck towing services in the amount of $998,000 from October 1, 2013 through September 30, 2018 for service area 4 as Defendant Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant swore on Pre-Qualification Process Affidavit of SBE Participation, under penalty of perjury and disqualification to Pre-Qualify on January 9, 2013.

98.   Defendant SWS on February 10, 2014 falsely reported in intentional bad faith to Defendant Authority Governing Board (staff) Director Purchasing Services Saundra Brady that Plaintiff Littles could not afford to purchase trucks needed to perform vegetation pickup services, when in-fact Defendant Anthony Badala, District Manager and Shareholder had first-hand knowledge

since February 18, 2013 that Plaintiff was willing and able to purchase trucks once Defendant executed in bona fide good faith a five (5) years contract with terms in the amount of $998,000 for service area 4 from October 1, 2013 through September 30, 2018.

99.   Defendant SWS has failed to demonstrate any bona fide efforts in accordance with BID 14-201/SLB-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8, as incorporated into Defendants' final contract on February 18, 2013, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44 to contract with Plaintiff Littles in the amount of $998,000 for service area 4 from October 1, 2013 through September 30, 2018.

100.   Defendant SWS Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant's promises, representations and sworn oath were false, and known to be false at the times they were made to Defendant Authority Governing Board and Plaintiff Littles to subcontract for vegetation pickup and truck towing services in the amount of $998,000, in order to Pre-Qualify and Advance to the next step in BID 14-201/SLB process, sworn under penalty of perjury and disqualification on January 9, 2013, if awarded contract for service area 4 as a Mandatory pre-requisite to be awarded subject solid waste collections and recoverable materials services agreement.

101.   Defendant SWS Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant's promises, representations, and sworn oath were made in bad faith to Defendant Authority Governing Board and Plaintiff Littles for the sole purpose of inducing Plaintiff to contribute six (6%) percent to Defendant Pre-Qualifying on January 9, 2013, to clear the path for Defendant to execute their most lucrative governmental contract to date on February 18, 2013 with Defendant Authority Governing Board from October 1, 2013 through September 30, 2018, conservatively valued at $44.7 million dollars.

102.   Defendant SWS has been unjustly enriched by refusing to execute in bona fide good faith five (5) years contracts with terms with Plaintiff Littles for the collection of vegetation pickup and truck towing in the amount of $998,000 from October 1, 2013 through September 30, 2018 for service area 4.

103.   On January 9, 2013 Defendant SWS knew that Plaintiff Littles expected to  execute five (5) years contract in the amount of $998,000 if awarded service area 4 on February 13, 2013, as a condition to Plaintiff agreeing to contribute six (6%) percent to Defendant Pre-Qualifying and Complying with BID 14-201/SLB-Section 25-Small Business Enterprise Participation-Pages 6, 7, 8, 15% Subcontracting Participation Schedules Number 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4 to guarantee Defendant Pre-Qualified on January 9, 2013. Defendant's refusal to compensate and contract with Plaintiff demonstrates that Defendant made false representations to Defendant Authority Governing Board and Plaintiff to Pre-Qualify.

104.   In January 2013 Defendant SWS and Plaintiff White by their conduct formed a relationship, which was contractual in nature, whereby the Defendant Charles Gusmano, Co-Founder, CEO, President, Managing Partner, Shareholder and Affiant swore on January 9, 2013 to Pre-Qualify for BID 14-201/SLB-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8, under penalty of perjury and disqualification to pay the Plaintiff $627,500 to provide

contract administrative and SBEs management services, as incorporated into Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44 for service area 4 from October 1, 2013 through September 30, 2018 executed on February 18, 2013.

105.   At all times relevant and material Plaintiff White have been willing and able to perform, and  have performed the services as incorporated into Defendants' final contract; in the face of Defendant refusing to execute a five (5) years contract with terms, and compensate in the annual amount of $125,500 from October 1, 2013 through September 30, 2018, as incorporated into Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

106.   Defendant SWS Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant's promises, sworn oath and representations were false, and known to be false at the times they were made to Defendant Authority Governing Board and to Plaintiff White to subcontract for contract administrative and SBEs management services in the amount of $627,500, in order to Pre-Qualify and Advance to the next step in BID 14-201/SLB process, on January 9, 2013, if awarded contract for service area 4 as a Mandatory pre-requisite to be awarded subject solid waste collections and recoverable materials services agreement.

107.   Defendant SWS Charles Gusmano, CEO, President, Managing Partner, Shareholder and Affiant's promises, sworn oath and representations to Defendant Authority Governing Board and to Plaintiff White to subcontract for contract administrative and SBEs management services in the amount of $627,500 from October 1, 2013 through September 30, 2018 in order to Pre-Qualify on January 9, 2013, if awarded contract service area 4, were made in bad faith for the sole purpose of inducing Plaintiff to contribute 3% to Defendant's Mandatory Pre-Qualifying Requirement D, PBCO Certified SBEs Minimum 15% Subcontracting Participation, to clear the path to insure Defendant could execute their most lucrative governmental contract to date on February 18, 2013 with Defendant Authority Governing Board from October 1, 2013 through September 30, 2018 conservatively valued at $44.7 million dollars.

108.   Defendant SWS has demonstrated for two (2) years from October 2013 through Present 2015, intentional bad faith by refusing to execute a contract with terms and to compensate Plaintiff White in the annual amount of $125,500; notwithstanding Defendant Charles Gusmano, Co-Founder, President, CEO, Managing Partner and Shareholder swearing under penalty of perjury and disqualification in sealed responses for BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8, Pre-Qualification Process Affidavit of SBE Participation on January 9, 2013 to Pre-Qualify, to execute five (5) years contract with terms from October 1, 2013 through September 30, 2018 in the amount of $627,500 for contract administrative and SBEs management services, if awarded service area 4.

109.   Defendant SWS falsely reported on Defendant Authority Governing Board Mandatory Bi-Annual SBEs Subcontracting Participation  Reports as required in Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, subcontracting payments to Plaintiff White from October 1, 2013 through July 2, 2014 for contract administrative and SBEs management services for service area 4.

24

110.   Defendant SWS payments to Plaintiff White from October 1, 2013 through July 2, 2014, were generated from a pre-existing contract executed between Plaintiff and Defendant from July 3, 2012 through July 2, 2014; which demanded monthly payments in the increments of $6,250, unrelated to contract administrative and SBEs management services under the subject Agreement 14-205 for service area 4 from October 1, 2013 through September 2018.

111.   Defendant SWS made no contract payments from October 1, 2013 through July 2, 2014 to Plaintiff White for contract administrative and SBEs management services in the monthly increments of $12,550 for service area 4.

112.   Defendant SWS only subcontracting payments to Plaintiff White that partially complied with Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44 were in the monthly increments of $6,250 from July 3, 2014 to February 28, 2015; seven (7) months in the total amount of $43,750 for contract administrative and SBEs management services for service area 4.

113.   On January 9, 2013 Defendant SWS falsified BID 14-201/SLB Mandatory Pre-Qualifying PBCO Certified SBE Minimum 15% Subcontracting Schedule 1 Form, and reported that Plaintiff White would provide contract purchases, if awarded contract for service area 4.

114.   Defendant SWS has not demonstrated any bona fide efforts to purchase any commodities from Plaintiff White from October 1, 2013 through Present 2015 for the operations of service area 4.

115.   On January 9, 2013 Defendant SWS had first-hand knowledge that Plaintiff did not sell any commodities, and made no commitment by consent signature on Defendant's BID 14-201/SLB Mandatory PBCO Certified SBE Subcontracting Participation Schedule Number 2 Intent Form, stating Plaintiff would provide contract purchases, to sell any products needed for Defendant's operations to Pre-Qualify, if awarded contract for service area 4 from October 1, 2013 through September 30, 2018.

116.   Plaintiff White on January 8, 2013 only by consent signature agreed to provide contract administrative and SBEs management services in the annual amount of $125,500 on Defendant's BID 14-201/SLB Mandatory PBCO Certified SBE Subcontracting Schedule Number 2 Intent Form to Pre-Qualify, if awarded contract for service area 4 from October 1, 2013 through September 30, 2018.

117.   Defendant SWS' sealed responses submitted on January 9, 2013 to Pre-Qualify for BID 14-201/SLB Mandatory PBCO Certified SBE Subcontracting Participation Schedule Number 3 Bona Fide Efforts SBE  Plan-Page 4 only documents Plaintiff White providing contract administrative and SBEs management services in the annual amount of $125,500 for service area 4 from October 1, 2013 through September 30, 2018, if Defendant was awarded service area 4.

118.   Defendant SWS' false representation that Plaintiff White would provide contract purchases made on BID 14-201/SLB Mandatory 15% PBCO Certified SBE Subcontracting

Participation Schedule Number 1 Form on January 9, 2013 to Pre-Qualify, is considered a breach of contract, and further shall be cause for debarment in accordance with the Authority's Purchasing Manual, Section 11- Paragraphs D or E, as executed in Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

119.   In August 2014 Defendant SWS falsely reported after Pre-Qualifying on January 9, 2013 to Defendant Authority Governing Board (staff) Director Purchasing Services Saundra Brady, that Plaintiff White by consent signature agreed to modify BID 14-201/SLB Mandatory SBE Subcontracting Participation Schedule Number 2 Intent Form, to provide contract purchases and contract administrative services for service area 4; in lieu of contract administrative and SBEs management services from October 1, 2013 through September 30, 2018 in the amount of $627,500, as Plaintiff consented by signature for Defendant to Pre-Qualify on January 9, 2013, in known violations of Defendants' final contract, Agreement 14-205- Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

120.   In August 2014 Defendant Authority Governing Board (staff) Executive Director Mark Hammond, Atty. Jim Mize and Director Purchasing Services Saundra Brady evidenced modifying Defendant SWS' sealed responses on January 9, 2013 for BID 14-201/SLB Mandatory Pre-Qualifying PBCO Certified SBE Subcontracting Schedule Number 1 Form, after the letting of the award on February 13, 2013, and after final contract, Agreement 14-205 executed on February 18, 2013, by falsely representing that Plaintiff White would provide contract purchases and contract administrative services, in lieu of agreed upon contract administrative and SBEs management services in the amount of $627,500 for service area 4 from October 1, 2013 through September 30, 2018, in known violations of Defendants' final contract, Agreement 14-205-Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

121.   Defendant SWS have refused, and continues to refuse to execute contract with terms and compensations with Plaintiff White in bona fide good faith as their BID 14-201/SLB Mandatory Pre-Qualifying Requirement D, PBCO Certified SBEs Subcontracting Participants, and to compensate Plaintiff for contract administrative and SBEs management services, as provided in the subject agreement for service area 4 from October 1, 2013 through September 30, 2018.

122.   Defendant SWS have not complied from October 1, 2013 to Present 2015 with Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41- 44, and have not made any good faith bona fide efforts to implement their Mandatory PBCO Certified SBEs 15.3% Subcontracting Participation Schedule Number 3 Bona Fide Efforts SBE  Plan-Page 4 for service area 4 with Plaintiff White and Plaintiff Littles.

123.   Defendant SWS' competitors: Waste Management, Inc. assigned to Waste Pro of Florida, Inc. for service area 1, Advanced Disposal Services, Inc. for service area 2,  and Republic

Services, Inc. for service area 3, all with final contracts collectively totaling $158 million dollars with Defendant Authority Governing Board from October 1, 2013 through September 30, 2018, have demonstrated good faith bona fide efforts to comply and implement their BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8, PBCO Certified SBE Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plans, as sworn under penalty of perjury and disqualification to Pre-Qualify on January 9, 2013 with all of their Pre-Qualifying PBCO Certified SBEs, incorporated into final contracts-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

124. Defendant SWS' competitors have also not requested to make any modifications to their final contracts to eliminate any of their Pre-Qualifying PBCO Certified SBEs' services and rates, or evidenced bid shopping for services and rates from Favored Non-Pre-Qualifying SBEs after Pre-Qualifying on January 9, 2013, and after the letting of the awards on February 13, 2013, and after executing final contracts on February 18, 2013 with Defendant Authority Governing Board collectively totaling $158 million dollars.

125. Defendant SWS refusal to execute in good faith five (5) years contracts with Plaintiff White in the amount of $627,500 and further, Plaintiff Littles in the amount of $998,000 for service area 4, demonstrates deliberate intentions to breach bona fide efforts obligations, mandated in BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8, incorporated into Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44- Section 25 of this Invitation to Bid defines Bona Fide Effort and the level of effort required to demonstrate and document said effort.

"Bona Fide Effort"-the obligation to make every effort a similarly situated, prudent business entity operating under similar circumstances would make when acting in a determined manner to obtain the intended result by action or expenditure, which is not unreasonably disproportionate, or burdensome under the circumstances."

126. Plaintiff White and Plaintiff Littles' expectations that Defendant SWS would timely demonstrate implementing Schedule Number 3 Bona Fide Efforts SBEs Plan-Page 4, by executing five (5) years contracts with terms and compensation from October 1, 2013 through September 30, 2018 for service area 4, and make every effort a similarly situated, prudent business entity operating under similar circumstances would make, when acting in a determined manner to obtain the intended result by action or expenditure; identical in the timely manner in which Defendant Authority Governing Board executed with Defendant SWS a final contract, Agreement 14-205 on February 18, 2013; seven (7) months before the operational date of October 1, 2013; to guarantee Defendant was operational by October 1, 2013 through September 30, 2018 for service area 4, was not unreasonable, disproportionate, or burdensome under the circumstances; and was in-fact a Mandatory requirement of Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

127. Plaintiff White and Plaintiff Littles' expectations that Defendant SWS would timely demonstrate implementing Schedule Number 3 Bona Fide Efforts SBEs for service area 4, and

make every effort a similarly situated, prudent business entity operating under similar circumstances would make, when acting in a determined manner to obtain the intended result by action or expenditure; identical in the timely manner in which Defendant's competitors: Waste Pro of Florida, Inc., Republic Services, Inc. and Advanced Disposal Services, Inc., implemented their Mandatory Schedules Numbers 1, 2, 3 Bona Fide Efforts SBEs Plans, by executing five (5) years contracts with terms with Pre-Qualifying PBCO Certified SBE Steven Vitello, d/b/a Aquarius; to guarantee Plaintiffs were operational by October 1, 2013, was not unreasonable, disproportionate, or burdensome under the circumstances; and was in-fact a Mandatory requirement of Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, executed February 18, 2013 in the conservative value of $44.7 million dollars.

128.   Defendant SWS evidenced engaging in bid shopping after Pre-Qualifying on January 9, 2013, and after the letting of the award on February 13, 2013, and after executing final contract Agreement 14-205 on February 18, 2013, and executed a contract on or before October 1, 2013 for lower rates with Favored Non-Pre-Qualifying, white male firm, John Pata, d/b/a Jet Hauling, Inc., by eliminating the only two (2) designated Black American Pre-Qualifying PBCO Certified SBEs, Plaintiff White and Littles' services and rates on October 1, 2013, in known violations of Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

129.   Defendant SWS Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant's promises, sworn oaths, and representations were false and known to be false made to Defendant Authority Governing Board, Plaintiff White and Plaintiff Littles in order to Pre-Qualify on January 9, 2013, and to execute final contract, Agreement 14-205 with Defendant Authority Governing Board, and further were made in bad faith to induce Plaintiffs to serve as temporary "Token Black American Seat Warmers," and to assist Defendant in their goal to increase their stock shares value by $44.7 million dollars, in their current negotiations to sell their companies: SWS, Sun Recycling, All Star Toilets. and Sun and Bergeron to the largest publicly traded solid waste and recoverable materials company in the United States of America; Waste Management, Inc. their formidable competitor.

130.   It is our assertions that Defendant SWS committed public BID 14-201/SLB Fraud on January 9, 2013 to Pre-Qualify, by falsely representing to subcontract with Plaintiff White and Plaintiff Littles, if awarded service area 4 from October 1, 2013 through September 30, 2018, the only two (2) designated Black American Pre-Qualifying PBCO Certified SBEs participating in Defendant Authority Governing Board collectively award of $ 202.7 million dollars to four (4) contractors, with first time Mandatory PBCO Certified SBE Minimum 15% Subcontracting Participation bid specification, with stated unambiguous disqualification consequences if not strictly complied, in order to become eligible to execute a conservatively valued $44.7 million dollars contract with Defendant Authority Governing Board on February 18, 2013.

131.   On January 9, 2013 Defendant SWS knew that Plaintiff White expected to execute five (5) years contract in the amount of $627,500 if awarded service area 4 on February 13, 2013, as a condition to Plaintiff agreeing to contribute three (3%) percent to Defendant Pre-Qualifying and Complying with BID 14-201/SLB-Section 25-Small Business Enterprise Participation-Pages 6, 7, 8, 15%

Subcontracting Participation Schedules Number 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4 to guarantee Defendant Pre-Qualified on January 9, 2013. Defendant's refusal to compensate and contract with Plaintiff demonstrates that made false representations to Defendant Authority Governing Board and Plaintiff to Pre-Qualify.

132.   As a direct result of the actions of Defendant SWS, Plaintiff White and Plaintiff Littles have suffered damages.

WHEREFORE the Plaintiffs demands judgment against the Defendant SWS for damages, prejudgment interest, reasonable attorney's fees the costs of bringing this action and for such further relief as the court deems appropriate in the premises.

## COUNT II- PLAINTIFFS' CLAIMS FOR IMPLIED CONTRACT

The Plaintiffs adopts and re-alleges the contents of paragraphs 1 through 132 herein above.

133.   The Defendant SWS and Plaintiff White on January 9, 2013 by their conduct formed a relationship which was contractual in nature, whereby the Defendant Charles Gusmano, Co-Founder, CEO, President, Managing Partner, Shareholder and Affiant swore under penalty of perjury and disqualification to pay the Plaintiff $627,500 for contract administrative and SBEs management services if awarded service area 4 on February 13, 2013 from October 1, 2013 through September 30, 2018, incorporated into Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation on Pages 41- 44.

134.   On February 13, 2013 Defendant SWS was awarded service area 4, and on February 18, 2013 Defendant Charles Lomangino, General Manager and Shareholder executed final contract, Agreement 14-205, conservatively valued at $44.7 million dollars a five (5) years contract from October 1, 2013 through September 30, 2018 to provide solid waste collections and recoverable materials services for service area 4 with Defendant Authority's Governing Board.

135.   On February 18, 2013 Defendant SWS Charles Lomangino, General Manager and Shareholder executed an implied five (5) years contract with Plaintiff White to provide contract administrative and SBEs management services in the amount of $627,500 from October 1, 2013 through September 30, 2018 for service area 4, as Defendant Charles Gusmano, Co-Founder, CEO, President, Managing Partner, Shareholder and Affiant swore under penalty of perjury and disqualification on Mandatory Pre-Qualification Process Affidavit of SBE Participation, PBCO Certified 15 % SBE Subcontracting Participation Schedule Numbers 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4, to Pre-Qualify and Advance to the next step in the BID 14-201/SLB process on January 9, 2013.

136.   At all times relevant and material Plaintiff White has been willing and able, and has in fact represented Defendant SWS to Defendant Authority Governing Board, and performed the services as contract administrator and SBEs manager from October 1, 2013 through Present

2015, as incorporated into Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation on Pages 41- 44 executed on February 18, 2013.

137.   Defendant SWS for two (2) years has refused to execute final five (5) years contract, and to compensate Plaintiff White in the amount of $627,500, as required by Public BID 14-201/SLB Mandatory-Section 25-Small Business Participation-Pages 6, 7 and 8, PBCO Certified SBE 15% Subcontracting Participation Schedule Number 3 Bona Fide Efforts SBE Plan-Page 4, incorporated into Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, for service area 4 from October 1, 2013 through September 30, 2018.

138.   Defendant SWS has been unjustly enriched by refusing to compensate Plaintiff White in the amount of $627,500  for service area 4 from October 1, 2013 through September 30, 2018, as one of Defendant's intended third party beneficiary, incorporated in Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44 executed on February 18, 2013.

139.   Defendant SWS acquiesced in the provision of services by Plaintiff White, and was aware that Plaintiff expected to be paid for contract administration and SBEs management services in the amount of $627,500 with terms executed in five (5) years contract from October 1, 2013 through September 30, 2018,  if Defendant was awarded service area 4 on February 13, 2013, and Defendant has been unjustly enriched by the materials and services to the Plaintiff's properties provided by the Defendant.

140.   Plaintiff White has performed all of the conditions precedent to be performed to bring this action or the same have been waived.

141.   The Defendant SWS and Plaintiff Littles on January 9, 2013 by their conduct formed a relationship which was contractual in nature, whereby the Defendant Charles Gusmano, Co-Founder, CEO, President, Managing Partner, Shareholder and Affiant swore under penalty of perjury and disqualification to pay the Plaintiff $998,000  for vegetation pickup and truck towing services, if awarded service area 4 on February 13, 2013 from October 1, 2013 through September 30, 2018,  incorporated into  Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation on Pages 41- 44.

142.   On February 13, 2013 Defendant SWS was awarded service area 4, and on February 18, 2013 Defendant Charles Lomangino, General Manager and Shareholder executed final contract, Agreement 14-205, conservatively valued at $44.7 million dollars a five (5) years contract from October 1, 2013 through September 30, 2018 to provide solid waste collections and recoverable materials services for service area 4 with Defendant Authority's Governing Board.

143.   On February 18, 2013 Defendant SWS Charles Lomangino, General Manager and Shareholder executed an implied five (5) years contract with Plaintiff Littles to provide vegetation pickup and truck towing services in the amount of $998,000 from October 1, 2013 through September 30, 2018 for service area 4, as Defendant promised, represented and swore under penalty of perjury and disqualification on Mandatory Pre-Qualification Process Affidavit of SBE Participation, PBCO Certified 15 % SBE Subcontracting Participation Schedule Numbers 1, 2, 3 Bona Fide Efforts SBE  Plan-Page 4, to Pre-Qualify and Advance to the next step in BID 14-201/SLB process on January 9, 2013.

144.   At all times relevant and material Plaintiff  Littles has been able, and has for two (2) years represented to Defendant SWS and Defendant Authority Governing Board a willingness to provide vegetation pickup and truck towing services from October 1, 2013 through September 30, 2018 for service area 4, in accordance with Public BID 14-201/SLB Mandatory-Section 25-Local Small Business Enterprise Participation-Pages 6, 7, and 8, Pre-Qualifying Requirement D, PBCO Certified SBE Subcontracting Participation Schedules Numbers 1, 2, and 3 Bona Fide Efforts SBE  Plan-Page 4, incorporated into Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation on Pages 41- 44 executed on February 18, 2013.

145.   Defendant SWS for two (2) years has refused to execute final five (5) years contract, and to compensate Plaintiff  Littles as required by Public BID 14-201/SLB Mandatory Pre-Qualifying Requirement D, PBCO Certified SBE Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE  Plan-Page 4, incorporated into Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44 to provide vegetation pickup and truck towing services in the amount of $998,000 for service area 4 from October 1, 2013 through September 30, 2018.

146.   Defendant SWS has been unjustly enriched by refusing to compensate Plaintiff Littles in the amount of $998,000 for service area 4 from October 1, 2013 through September 30, 2018,  as one of Defendant's intended third party beneficiary, incorporated in Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44 executed on February 18, 2013.

147.   Defendant SWS acquiesced in the provision of services by Plaintiff Littles, and was aware that Plaintiff expected to be paid for vegetation pickup and truck towing services in the amount of $998,000 with terms executed in five (5) years contract from October 1, 2013 through September 30, 2018, if Defendant was awarded contract for service area 4 on February 13, 2013, and the Defendant has been unjustly enriched by the materials and services to the Plaintiff's properties provided by the Defendant.

148.   Plaintiff Littles has performed all of the conditions precedent to be performed to bring this action or the same have been waived.

WHEREFORE, Plaintiff White and Defendant Littles demands judgment against the Defendant for reasonable compensation for the benefits provided, prejudgment interest, reasonable attorney's fees the costs of bringing this action and for such further relief as the court deems appropriate in the premises.

## COUNT III- 42 USC 1981 CLAIM FOR IMPAIRMENT OF CONTRACT RIGHTS BASED UPON RACE

149.   This is an action for declaratory, injunctive and other equitable relief, and compensatory and punitive damages against Defendants based on the Defendants' discrimination against the Plaintiffs, in violation of 42 U.S.C. § 1981 which provides in pertinent part:

(a) "Statement of equal rights"
All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined
For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) "Protection against impairment"
The rights protected by this section are protected against impairment by non-governmental discrimination and impairment under color of State law.

150.   The Plaintiffs adopts and re-alleges the contents of paragraphs 1 through 149 herein above.

### VENUE AND JURISDICTION

151.   This Court has jurisdiction over the subject matter herein pursuant to 28 U.S.C. § 1343(4), which confers original jurisdiction upon this Court in a civil action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, and pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court in a civil action under the Constitution or laws of the United States.

152.   Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) and § 1391(c), because Defendant SWS has its headquarters, can be found and conducts business in the

Southern District of Florida, and because the cause of action has arisen and occurred in the Southern District of Florida.

153.   Venue is proper in this Court because Defendant SWS and all of the parties reside and have offices located within Palm Beach County, Florida, and all the acts described herein occurred within Palm Beach County, Florida.

154.   Venue is proper in this Court because Defendant Authority Governing Board and all of the parties reside and have offices located within Palm Beach County, Florida, and all the acts described herein occurred within Palm Beach County, Florida.

155.   The Defendants has business offices located in Palm Beach County, Florida and the Plaintiffs are located in Palm Beach County and the occurrence of all acts complained against occurred within Palm Beach County, Florida.

156.   The Plaintiffs are Black Americans, one (1) female, one (1) male, and members of a protected class under the operation of 42U.S.C. 1981.

157.   The Plaintiffs' race and sex one  (1) female and one (1) male Black Americans are motivating factors in Defendant SWS' decision not to contract with Plaintiffs as their Public BID 14-201/SLB Mandatory-Section 25-Small Business Participation-Pages 6, 7 and 8, Pre-Qualifying Requirement D, PBCO Certified SBEs Subcontracting Participants, incorporated into Defendants' final contract, Agreement 14-205, and to compensate the Plaintiffs for the services as provided in the subject agreement in accordance with Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

158.   The Plaintiffs' race and sex one (1) female and one  (1) male Black Americans are motivating factors in Defendant Authority Governing Board's decision to not strictly adhere, and compel Defendant SWS to comply with Public BID 14-201/SLB Mandatory-Section 25-Small Business Participation-Pages 6, 7 and 8,  Pre-Qualifying Requirement D, PBCO Certified SBEs Subcontracting Participants, incorporated into Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44; and to enforce Defendant SWS to compensate the Plaintiffs for the services as provided in the subject agreement from October 1, 2013 through September 30, 2018 for service area 4.

WHEREFORE, Plaintiffs respectfully requests that this Court grant the following relief:

    a.   Enter a judgment that Defendants' acts and practices as set forth herein are in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 the laws of the United States.

    b.    Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Defendants' discriminatory practices and prevent

33

current and future harm to Plaintiffs and others;

    c.   Award Plaintiffs compensatory damages for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of the quality of life; and consequential loses; lost wages any lost benefits that resulted from the Defendants' discrimination;

    d.   Award Plaintiffs exemplary and/or punitive damages;

    e.   Award Plaintiffs with the costs of this action, including the fees and costs of experts, together with reasonable attorneys' fees;

    f.  Grant Plaintiffs such other and further relief as this Court deems necessary and proper.

## COUNT IV - PETITION FOR WRIT OF MANDAMUS

159.   The Plaintiffs adopts and re-alleges the contents of paragraphs 1 through 158 herein above.

160.   The Plaintiffs/Petitioners seek a writ of mandamus directing Defendant Authority Governing Board to strictly adhere and enforce compliance by Defendant SWS with its promises sworn oaths and representations, relating to the Plaintiffs/Petitioners participation as their designated Public BID 14-201/SLB Mandatory-Section 25-Small Business Participation-Pages 6, 7 and 8, Pre-Qualifying PBCO Certified SBEs, in compliance with the terms and conditions of Defendant SWS' sealed responses on January 9, 2013, which included SBE Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4, and the subsequent agreement for the provision of solid waste collections and recoverable materials services with respect to Public BID 14-201/SLB, and the resulting final contract, Agreement 14-205, executed February 18, 2013 in the conservatively value of $44.7 million dollars, five (5) years contract from October 1, 2013 through September 30, 2018 for service area 4 with Defendant Authority Governing Board.

161.  The Plaintiffs/Petitioners have clear legal rights to the performance of clear legal duties by Defendants' to strictly adhere and comply with the terms and conditions of Public BID 14-201/SLB Mandatory-Section 25-Small Business Participation-Pages 6, 7 and 8, Pre-Qualifying Requirement D, PBCO Certified PBCO 15% Subcontracting Participation bid specifications, and the incorporation of those terms and conditions into the subject final contract, Agreement 14-205, which included Plaintiff White and Plaintiff Littles' services and rates, and the Plaintiffs/Petitioners have no other available legal remedies.

    WHEREFORE, the Plaintiffs/Petitioners respectfully submit request to this Court to issue a writ of mandamus directing Defendant Authority Governing Board to immediately enforce compliance by Defendant SWS with Plaintiff White and Plaintiff Littles in accordance with final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation- Pages 41- 44, executed on February 18, 2013 between Defendants' and to immediately disbar Defendant SWS in-accordance with the Authority's Purchasing Manual-Section 11-Debarment-Pargraph D or E; prohibiting Defendant SWS from participating in Defendant Authority Governing Board's next competitive bid anticipated November 2017, for a five (5) years award for solid waste and recoverable materials collections services for contract

period October 1, 2018 through September 30, 2023, and to award the Plaintiffs costs and attorney's fees, and for such other further relief as the court deems appropriate.

## JURY DEMAND

The Plaintiffs demands a trial by jury on all issues of fact and damages in this action.

_____
Andrew DeGraffenreidt III
Attorney for the Plaintiffs
319 Clematis Street, Suite 602
West Palm Beach, FL 33401
(561) 596-6420
Florida Bar No. 0218121
adegraffenreidt@gmail.com

Filing # 32013262 E-Filed 09/14/2015 02:23:32 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

I.     **CASE STYLE**

IN THE CIRCUIT COURT OF THE FIFTEENTH   JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH   COUNTY, FLORIDA

Case No. 50 20 15 CA 010358 XXXX m B
Judge: ___ AFS ___

TINA WHITE, James Littles Jr
Plaintiff

vs.

Defendant

II.     **TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 – $50,000
  - ☐ Commercial foreclosure $50,001 – $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 – $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 – $50,000
  - ☐ Non-homestead residential foreclosure $50,001 – $249,999
  - ☐ Non-homestead residential foreclosure $250,00 or more
  - ☐ Other real property actions $0 – $50,000

- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

EXHIBIT

2

tabbies

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**III.**   **REMEDIES SOUGHT** (check all that apply):
   ☒   Monetary;
   ☐   Non-monetary
   ☒   Non-monetary declaratory or injunctive relief;
   ☐   Punitive

**IV.**   **NUMBER OF CAUSES OF ACTION:** (     )
   (Specify)

   <u>4</u>

**V.**   **IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐   Yes
   ☒   No

**VI.**   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒   No
   ☐   Yes – If "yes" list all related cases by name, case number and court:

**VII.**   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒   Yes
   ☐   No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature <u>s/ Andrew Degraffenreidt III</u>       FL Bar No.: <u>0218121</u>
        Attorney or party                              (Bar number, if attorney)

<u>Andrew Degraffenreidt III</u>       <u>09/14/2015</u>
     (Type or print name)                         Date

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH
COUNTY FLORIDA

CIVIL CASE NUMBER: 2015CA010358XXXXMB AJ

TINA M. WHITE D/B/A BRILLIANT
MINDS STRATEGIES, INC. and
JAMES LITTLES, JR. D/B/A
JAMES JR. ENTERPRISE, INC.

        Plaintiffs,

VS.

SOUTHERN WASTE SYSTEMS, LLC and
SOLID WASTE AUTHORITY OF
PALM BEACH COUNTY,

        Defendants.

_____/

## AMENDED COMPLAINT

    Plaintiffs TINA M. WHITE and JAMES LITTLES, JR. sues the Defendants
SOUTHERN WASTE SYSTEMS, LLC, et al and SOLID WASTE AUTHORITY OF PALM
BEACH COUNTY and allege:

## JURISDICTION AND VENUE

1.    Tina M. White is a Black American Female Palm Beach County Certified Small Business
Enterprise (hereinafter "PBCO SBE or PBCO SBEs"), doing business as Brilliant Minds
Strategies, Inc. with its principal place of business in Palm Beach County, Florida.

2.    James Littles is a Black American Male Palm Beach County Certified Small Business
Enterprise (hereinafter "PBCO Certified SBE or PBCO Certified SBEs"), doing business as
James Jr. Enterprise, Inc. with its principal place of business in Palm Beach County, Florida.

3.  Southern Waste Systems, LLC (hereinafter "SWS") is a Florida corporation with it principal
place of business in Palm Beach County.  SWS operates, conducts, engages in and carries on a
business or business venture in Florida. As a result, personal jurisdiction is appropriate.

4.  (hereinafter "Authority Governing Board " or "Authority") is a Florida governmental
corporation with its principal place of business in Palm Beach County.

1

5.   Venue is proper in this Court because Defendant SWS and all of the parties reside and have offices located within Palm Beach County, Florida, and all the acts described herein occurred within Palm Beach County, Florida.

6.   Venue is proper in this Court because Defendant Authority Governing Board and all of the parties reside and have offices located within Palm Beach County, Florida, and all the acts described herein occurred within Palm Beach County, Florida.

## PRELIMINARY STATEMENT

7.   In October 2012 Palm Beach County of Commissioners in their capacity as Defendant Solid Waste Authority Governing Board of Palm Beach County (hereinafter "Authority Governing Board " or "Authority"), voted to approve Public BID 14-201/SLB for solid waste collections and recoverable material services, to be awarded as a final contract on February 13, 2013 for five (5) years from October 1, 2013 through September 1, 2018 for service areas 1, 2, 3, and 4 collectively valued at $205.7 million dollars for the unincorporated residential and commercially zoned areas of Palm Beach County (hereinafter "PBCO").

8.   In October 2012 Defendant Authority Governing Board voted to approve for the first time, reducing the minimum qualifying experiences for Public BID 14-201/SLB, which permitted SWS its first opportunity to bid since becoming a corporation in the State of Florida in 1999, for the largest solid waste and recoverable material collections services contract issued by a governmental agency in PBCO for four (4) service unincorporated residential and commercial areas.

9.   In October 2012 Defendant Authority Governing Board also voted to approve for the first time to include a Mandatory Pre-Qualifying Requirement for Certified Small Business Enterprises domiciled in PBCO (herein after ("SBEs" or "SBE"), which required all bidders submitting sealed responses to document subcontracting participation in the minimum amount of 15% in order to Pre-Qualify and Advance to the next step in Public BID 14-201/SLB process, sworn.

10.   On January 9, 2013 Defendant SWS Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant, swore under penalty of perjury and disqualification in sealed responses to comply with Public BID 14-201/SLB Mandatory-Public BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8, Pre-Qualification Process Affidavit of SBE Participation, in order to Pre-Qualify and Advance to the next step in the bid process, to subcontract with Black American Female PBCO Certified SBE, Plaintiff Tina M. White, d/b/a Brilliant Minds Strategies, Inc. in the amount of $627,500 to provide contract administrative and SBEs management services, and further to subcontract with Black American Male PBCO Certified SBE, Plaintiff James Littles Jr., d/b/a James Jr. Enterprises, Inc. in the amount of $998,000 to provide vegetation pickup and truck towing services, if awarded service area 4 from October 1, 2013 through September 30, 2018.

11.  On January 9, 2013 Defendant SWS was one of four (4) bidders vying for service areas 1, 2, 3, and 4, collectively valued at $205.7 million dollars, who submitted sealed responses to comply with Public BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8, Pre-Qualifying Requirement D, PBCO Certified SBE Minimum 15% Subcontracting Participation, by swearing under penalty of perjury and disqualification to Pre-Qualify and Advance to the next step in the bid process to subcontract with Certified SBEs domiciled in PBCO; if awarded a contract with Defendant Authority Governing Board on February 13, 2013.

12.  On January 17, 2013 Defendant Authority Governing Board  demonstrated strict Pre-Qualifying compliances for Public BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8, Pre-Qualifying Requirement D, PBCO Certified SBEs, and evidenced in their actions at the recommendations of Defendant Authority Governing Board (staff) Executive Director Mark Hammond, Attorney Jim Mize and Purchasing Services Director Saundra Brady, in finding that Waste Pro of Florida, Inc.'s sealed responses to Pre-Qualify and Advance to the next step in the bid process, did not  comply with Mandatory Pre-Qualifying Requirement D, PBCO Certified SBE 15%  Minimum Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plans for service areas 1, 2, 3, and 4, and was deemed non-responsive and disqualified; despite being the lowest bidder for all four (4) service areas, and rates saving taxpayers in the unincorporated residential and commercial areas of PBCO $5 million dollars from October 1, 2013 through September 30, 2018.

13.  On February 18, 2013 Defendant Authority Governing Board 's intended strict compliances were demonstrated again when final five (5) years contracts were executed with four (4) bidders: Defendant SWS, Republic Services, Inc., Advanced Disposal Services, Inc. and Waste Management, Inc. assigned to Waste Pro of Florida, Inc. for service areas 1, 2, 3, and 4 from October 1, 2013 through September 30, 2018, delineated in BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8, Pre-Qualifying Requirement D, PBCO Certified SBEs Minimum 15% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE  Plans, incorporated into final contracts-Section 42-Small Business Enterprise and Local Business Participation-Pages41-44.

14.  Plaintiff White and Plaintiff Littles were two (2) of Defendant SWS BID 14-201/SLB Mandatory- Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8,  Pre-Qualifying Requirement D, PBCO Certified SBEs 15.3 % SBEs Subcontracting Participants from October 1, 2013 through September 30, 2018 for service area 4, and two (2) of the intended third party beneficiaries incorporated into Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages41- 44.

15.  On February 18, 2013 Defendant Authority Governing Board  delineated clear, plain and  strict compliances for Defendant SWS to subcontract with Pre-Qualifying PBCO Certified SBEs executed into Defendants' final contract, which could only be modified by the Authority's Governing  approving by amendment in a publicly noticed meeting; after Defendant SWS demonstrated to the Authority's Governing that Plaintiff White and Plaintiff Littles were unwilling or unable to provide the agreed upon services and rates, in Defendant SWS' seal responses on PBCO Certified 15% SBEs Subcontracting Participation Schedules Numbers 1, 2, 3

3

Bona Fide Efforts SBE Plan-Page 4 submitted to Pre-Qualify for Public BID 14-201/SLB on January 9, 2013, in accordance with Agreement 14-205- Section 28 Notice-Page 37, Section 37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

## GENERAL ALLEGATIONS

16.     This is an action for declaratory relief to enforce Defendant SWS and Defendant Authority Governing Board to strictly comply with publicly advertised BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8, published in the Palm Beach Post newspaper on November 13, 2012 for solid waste collections and recoverable materials services, which required a Mandatory Pre-Qualifying Requirement D specification of a Minimum 15% Subcontracting Participation with Certified SBEs domiciled in PBCO, in order for Defendant SWS to Pre-Qualify and Advance to the next step in the bid process, and to become eligible to be awarded a conservatively valued $44.7 million dollars five (5) years contract, Agreement 14-205 executed on February 18, 2013 for service area 4: unincorporated Boynton Beach, Delray Beach and Boca Raton, Florida from October 1, 2013 through September 30, 2018. SEE COPY ATTACHED AS EXHIBIT A- Executed Agreement 14-2015 AND COPY ATTACHED AS EXHIBIT B-Public BID 14-201/SLB

17.  In August 2014 Defendant Authority Governing Board (staff) Executive Director Mark Hammond, Attorney Jim Mize and Director Purchasing Services Saundra evidenced modifying Defendant SWS Pre-Qualifying sealed responses for BID 14-201/SLB, PBCO Certified SBEs 15.3% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4, incorporated into Defendants' final contract, Agreement 14-205 on February 18, 2013; after Defendant SWS Pre-Qualified on January 9, 2013, and after the letting of the award on February 13, 2013, and after executing the final contract, Agreement 14-205 on February 18, 2013, in known violations of Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44. This precedent condition was not complied with by Defendants.

18.  In accordance with Defendants' final contract executed February 18, 2013, Agreement 14-205-Page 1-Solid Waste and Recycling Collection Franchise Agreement Service Area 4 is between , a special district created pursuant to Chapter 2001-331, Laws of Florida, (hereinafter referred to as the "Authority") and Southern Waste Systems LLC (hereinafter referred to as "Contractor").

19.  In accordance with Defendants' final contract executed February 18, 2013, Agreement 14-205-Page 1-Term: The term of this Agreement shall be for the period beginning October 1, 2013 and expiring September 30, 2018.

4

20.   In accordance with Defendants' final contract executed February 18, 2013, Agreement 14-205-Section Q-Page 6-Contractor Administrator shall mean the person designated by the Authority, who shall act as the Authority's representative during the terms of this Agreement.

21.   On February 14, 2013 under the signature of Defendant Authority Governing Board  (staff) Director Purchasing Services Saundra Brady, sent a letter to Defendant SWS Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant for Public BID 14-201/SLB Mandatory- Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8, Pre-Qualification Process Affidavit Participation of SBE, and in pertinent part the letter stated, "The Authority's Governing confirmed the Solid Waste and Recycling Collections Services franchise awards at their public meeting February 13, 2013, and authorized the Executive Director to execute said Franchise Agreement on its behalf. Your firm is the awardee for Service Area No. 4, Franchise Agreement No. 14-205."

"To recap, the following items are required": 1. Franchise Agreement Executed. 2. Performance Bond. 3. Certificate of Corporate Authority Executed. 4. Certificate of Insurance in accordance with Section 24 of Franchise Agreement. 5. Section 29, Notice, Page 35 of Franchise Agreement-Contact Person.

"Any questions about Franchise Agreement, please contact John Archambo."

22.   In accordance with Defendants' final contract executed February 18, 2013, Agreement 14-205-Section 28 Noticed-Page 37 states, "Any notice, demand, communication, or request required or permitted hereunder shall be in writing and delivered in person or sent by certified mail, postage prepaid as follows:" Attention: Contract Administrator currently John Archambo, Copy to: Executive Director  currently Mark Hammond.

23. In accordance with Defendants' final contract, Agreement 14-205, Section 28 Notice-Page 37, Defendant SWS failed to comply with the requirement to provide notice to Defendant Authority Governing Board , via Contract Administrator John Archambo and Copy to Executive Director Mark Hammond, to request the Authority's Governing  to consider modifying Defendants' final contract, Agreement 14-205, to eliminate Pre-Qualifying PBCO Certified SBEs, Plaintiff White and Littles' services and rates submitted by Defendant to Pre-Qualify on January 9, 2013, and to comply with BID 14-201/SLB-Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8 , Pre-Qualifying Requirement D, PBCO Certified SBEs 15.3% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4, which included Plaintiff White in the amount of $627,500-3%, and further Plaintiff Littles in the amount of $998,000-6%. This precedent condition was not complied with by Defendants.

24.  In October 2013 and August 2014 in known violations of Defendants' final contract, Agreement 14-205, Section 28 Notice-Page 37, Defendant Authority Governing Board (staff) Director of Purchasing Services Saundra Brady, Atty. Mark Hammond and Atty. Jim Mize evidenced failing to enforce the requirement, which dictates that Defendant SWS has to provide notice to Defendant Authority Governing Board, via Contract Administrator John Archambo and Copy to Executive Director Mark Hammond, to request the Authority's Governing to consider modifying Defendants' final contract, Agreement 14-205, to eliminate Pre-Qualifying PBCO Certified SBEs, Plaintiff White and Littles' services and rates submitted by Defendant to Pre-Qualify on January 9, 2013, and to comply with BID 14-201/SLB-Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8 , Pre-Qualifying Requirement D, PBCO Certified SBEs 15.3% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4, which included Plaintiff White in the amount of $627,500-3%, and further Plaintiff Littles in the amount of $998,000-6%. This precedent condition was not complied with by Defendants.

25.  In accordance with Defendants' final contract executed February 18, 2013, Agreement 14-205-Section 37-Modification-Page 40 states, Modification: This Agreement constitutes the entire contract and understanding between the parties hereto, and it shall not be considered modified, altered, changed, or amended in any respect unless in writing and signed by the parties hereto. Such modification shall be in the form of an Amendment executed by both parties.

26.  In accordance with Defendants' final contract executed February 18, 2013, Agreement 14-205-Section 37-Modification-Page 40, Defendant SWS failed to comply with the requirement that the Authority's Governing is the only entity empowered to consider eliminating Pre-Qualifying PBCO Certified SBEs, Plaintiff White and Littles' services and rates, and approve by amendment in a publicly noticed meeting to modify Defendant SWS' BID 14-201/SLB- Mandatory Pre-Qualifying Requirement D, PBCO Certified SBEs 15.3% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4, submitted on January 9, 2013 to Pre-Qualify and Advance to the next step in the bid process. This precedent condition was not complied with by Defendants.

27. In October 1, 2013 and August 2014 in known violations of Defendants' final contract executed February 18, 2013, Agreement 14-205-Section 37-Modification-Page 40, Defendant Authority Governing Board (staff) Director of Purchasing Services Saundra Brady, Atty. Mark Hammond and Atty. Jim Mize evidenced circumventing the Authority's Governing , by modifying Defendant SWS' BID 14-201/SLB- Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8 , Mandatory Pre-Qualifying Requirement D, PBCO Certified SBEs 15.3% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4, submitted on January 9, 2013 to Pre-Qualify and Advance to the next step in the bid process; which eliminated Pre-Qualifying PBCO Certified SBEs, Plaintiff White and Littles' services and rates, established in Defendant SWS' BID 14-201/SLB- Mandatory Pre-Qualifying

6

Requirement D, PBCO Certified SBEs 15.3% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4, submitted on January 9, 2013 to Pre-Qualify and Advance to the next step in the bid process. This precedent condition was not complied with by Defendants.

28.  In accordance with Defendants' final contract executed February 18, 2013, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, in pertinent part-"In absence of due cause, must use all of the certified local SBE suppliers and contractors listed by the Contractor in its' response to the Invitation to BID, unless the local SBE Contractor becomes unwilling or unable to perform. Contractor shall not replace a listed, local SBE until the Authority has confirmed that the listed, local SBE is unwilling or unable to perform, the local SBE must be replaced with another certified local SBE supplier or contractor unless otherwise authorized by the Authority."


29.  In accordance with Defendants' final contract executed February 18, 2013, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, Section 28 Notice-Page 37 and Section-37-Modification-Page 40, Defendant SWS failed to comply with the requirement to demonstrate to the Authority's Governing  that Pre-Qualifying PBCO Certified SBEs Plaintiff White and Plaintiff Littles were unwilling or unable to provide services and rates for service area 4 from October 1, 2013 through September 30, 2018.  This precedent condition was not complied with by Defendants.

30.  In October 2013 and August 2014 in known violations of Defendants' final contract, Agreement 14-205, Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, Defendant Authority Governing Board  (staff) Executive Director Mark Hammond, Attorney Jim Mize and Director Purchasing Services Saundra Brady, failed to enforce that Defendant SWS demonstrate to the Authority Governing Board in a publicly noticed meeting that Plaintiff White and Plaintiff Littles were unwilling or unable to provide services and rates as Defendant SWS represented on January 9, 2013 to Pre-Qualify for BID 14-201/SLB. This precedent condition  was not complied with by Defendants.

31.  In accordance with final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, Defendant SWS were further required to demonstrate to the Authority's Governing  that they did not falsely represent on January 9, 2013 in order to Pre-Qualify and advance to the next step in BID 14-201/SLB-Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8 , that they would use the services and rates of Pre-Qualifying PBCO Certified SBEs, Plaintiff White and Plaintiff Littles if awarded service area 4 from October 1, 2013 through September 30, 2018. This precedent condition was not complied with by Defendants.

7

32. In October 2013 and August 2014 in known violations of Defendants' final contract, Agreement 14-205-Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, Defendant Authority Governing Board  (staff) Executive Director Mark Hammond, Attorney Jim Mize and Director Purchasing Services Saundra Brady, failed to enforce that Defendant SWS demonstrate to the Authority Governing Board that Defendant did not falsely represent subcontracting  on January 9, 2013 with Plaintiff White in the amount of $627,500-3% and Plaintiff Littles in the amount of $998,000-6% to Pre-Qualify for BID 14-201/SLB. This precedent condition was not complied with by Defendants.

33.  In accordance with Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, the Authority's Governing established contract breach  and disbarment as penalties for Defendant SWS' failures to demonstrate bona fide efforts to implement BID 14-201/SLB-Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8 Bona Fide Efforts SBE Plan-Page Number 3 Bona Fide Efforts SBE Plan-Page 4, to subcontract with willing and able Pre-Qualifying PBCO Certified SBEs Plaintiff White and Plaintiff Littles for service area 4 from October 1, 2013 through September 30, 2018, which in pertinent part states, "by falsely representing that it will use the services or purchase commodities from an local SBE firm, and subsequently not doing so without demonstrating reasonable cause, or failure to comply with the local SBE requirements under Section 42 of the contract, shall be considered a breach of contract, and further, shall be cause for debarment, in accordance with the Authority's Purchasing Manual, Section 11- Paragraphs D or E"; which prohibits Defendant SWS from bidding for Defendant Authority Governing Board 's next competitive solicitation anticipated November 2017 for a five (5) years contract from October 1, 2018 through September 30, 2023.

34.  On October 1, 2013 Defendant SWS evidenced breaching Defendants' final contract, Agreement 14-205, in known violations of Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, by refusing to execute contracts with Pre-Qualifying PBCO Certified SBEs Plaintiff White and Plaintiff Littles, in accordance with Defendant SWS' sealed responses for BID 14-201/SLB-Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8 , Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4, submitted on January 9, 2013 to Pre-Qualify and Advance to the next step in the bid process.

35. In accordance with final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, Defendant SWS were further required to demonstrate to Defendant Authority Governing Board  that they did not breach final contract, by engaging in bid shopping, and eliminating the only two (2) Black American Pre-Qualifying PBCO Certified SBEs Plaintiff White and Plaintiff Littles' rates and services on October 1, 2013 without the Authority's Governing  approval by amendment in a publicly noticed meeting, for Favored Non-Pre-Qualifying, white male firm, John Pata, d/b/a Jet Hauling, Inc., who did not contribute to Defendant Pre-Qualifying and Advancing to the next step in BID 14-201/SLB process on January 9, 2013. This precedent condition was not complied with by Defendants.

36. On October 1, 2013 Defendant SWS evidenced breaching Defendants' final contract, Agreement 14-205, in known violations of Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, by engaging in bid shopping, and eliminating the only two (2) designated Black American Pre-Qualifying PBCO Certified SBEs, Plaintiff White and Plaintiff Littles' rates and services without the Authority's Governing approval by amendment in a publicly noticed meeting, for Favored Non-Pre-Qualifying, white male firm, John Pata, d/b/a Jet Hauling, Inc., who did not contribute to Defendant SWS Pre-Qualifying for BID 14-201/SLB on January 9, 2013.

37. On October 1, 2013 Defendant SWS evidenced breaching Defendants' final contract, Agreement 14-205, in known violations of Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, by falsely representing they would use the services and rates of Pre-Qualifying PBCO Certified SBEs Plaintiff White in the amount of $627,500 and Plaintiff Littles in the amount of $998,000.

38. On October 1, 2013 to Present 2015, Defendant Authority Governing Board (staff) Executive Director Mark Hammond, Atty. Jim Mize and Director Purchasing Services Saundra Brady, as well as the Authority's Governing has evidenced turning blind eyes to Defendant SWS' known contract breaches, and continues to neglect their fiduciary duties to enforce clear and plain compliances for Pre-Qualifying PBCO Certified SBEs Plaintiff White and Plaintiff Littles, which unequivocally states in BID 14-201/SLB-Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8 that if not complied with, shall results in the Authority's Governing declaring Agreement 14-205 breached, and applying the penalty of disbarment in accordance with the Authority's Purchasing Manual-Section 11-Paragraph D or E, delineated in Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

39. Defendant SWS Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant's promises, sworn oath and representations were false, and known to be false at the times they were made to subcontract with Plaintiff Littles for vegetation pickup and truck towing services in the amount of $998,000, and further to subcontract with Plaintiff White for contract administrative and SBEs management services in the amount of $627,500, in order to Pre-Qualify and Advance to the next step in BID 14-201/SLB process, and as sworn under penalty of perjury and disqualification on January 9, 2013, if awarded contract for service area 4 as a Mandatory pre-requisite to be awarded subject solid waste collections and recoverable materials services agreement.

40. Defendant SWS Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant's promises, sworn oath, and representations were made in bad faith for the sole purpose of inducing Plaintiff Littles to contribute six (6%) percent, and further for Plaintiff White to contribute three (3%) percent to Defendant complying with Minimum 15% PBCO Certified SBEs Subcontracting, required for Defendant to Pre-Qualify for BID 14-201/SLB-Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8 on January 9, 2013, to clear the path for Defendant to execute their most lucrative governmental

contract to date on February 18, 2013 with Defendant Authority Governing Board from October 1, 2013 through September 30, 2018, conservatively valued at $44.7 million dollars.

41. In October 2013 and August 2014 Defendant Authority Governing Board (staff) Executive Director Mark Hammond, Attorney Jim Mize, and Director Purchasing Services Saundra Brady, evidenced approving Defendant SWS' requests to eliminate Plaintiff Littles vegetation pick up and truck towing services in the amount of $998,000, and substituting Plaintiff Littles' services and rates for Defendant SWS' Favored Non-Pre-Qualifying, white male firm, John Pata, d/b/a Jet Hauling, Inc. Certified as a PBCO SBE on April 3, 2013; three (3) months after Defendant Pre-Qualified for BID 14-201/SLB on January 9, 2013 with Plaintiff contributing 6% to Defendant's Mandatory PBCO Certified SBE Subcontracting Participation for service area 4 from October 1, 2013 through September 30, 2018, in known violations of Defendants' final contract, Agreement 14-205, Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

42. On October 1, 2013 and August 2014 Defendant Authority Governing Board (staff) Executive Director Mark Hammond, Attorney Jim Mize, and Director Purchasing Services Saundra Brady, evidenced approving Defendant SWS' requests to eliminate Plaintiff White's contract administrative and SBEs management services in the amount of $627,500, and substituting Plaintiff services and rates for Defendant SWS' Favored Non-Pre-Qualifying, white male firm, John Pata, d/b/a Jet Hauling, Inc. Certified as a PBCO SBE on April 3, 2013; three (3) months after Defendant Pre-Qualified for BID 14-201/SLB on January 9, 2013 with Plaintiff contributing 3% to Defendant's Mandatory PBCO Certified SBE Subcontracting Participation for service area 4 from October 1, 2013 through September 30, 2018, in known violations of Defendants' final contract, Agreement 14-205, in known violations of Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

43. It is our assertions that Defendant SWS committed public BID 14-201/SLB Fraud on January 9, 2013 to Pre-Qualify and Advance to the next step in the bid process, by falsely representing to subcontract with Plaintiff White and Plaintiff Littles, if awarded service area 4 from October 1, 2013 through September 30, 2018, the only two (2) designated Black American Pre-Qualifying PBCO Certified SBEs participants in Defendant Authority Governing Board collective award of $202.7 million dollars to four (4) contractors, with first time Mandatory PBCO Certified SBEs Minimum 15% Subcontracting Participation Bid Specifications, which had stated disqualification penalties if not strictly complied with by Defendant SWS on January 9, 2013 to Pre-Qualify and become eligible to execute a conservatively valued $44.7 million dollars contract with Defendant Authority Governing Board on February 18, 2013.

44. On January 9, 2013 Defendant SWS Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant in bad faith swore on BID 14-201/SLB Mandatory Pre-Qualification Process Affidavit of SBE Participation under penalty of perjury and disqualification to subcontract with Plaintiff White, the only Black American Female Pre-Qualifying PBCO Certified SBE, and further, Plaintiff Littles, the only Black American Male Pre-Qualifying PBCO Certified SBE, and used them as "Token Black American Seat Warmers" to Pre-Qualify and Advance to the next step in BID 14-201/SLB process on January 9, 2013; and

then immediately and unilaterally eliminated the Plaintiffs' services and rates after the letting of the award on February 13, 2013, and after executing final contract, Agreement 14-205 conservatively valued at $44.7 million dollars on February 18, 2013; for Favored Non-Pre-Qualifying, white male firm, John Pata, d/b/a Jet Hauling, Inc. Certified as a PBCO SBE on April 3, 2013; three (3) months after Defendant Pre-Qualified on January 9, 2013 with Plaintiff Littles contributing 6% and Plaintiff White contributing 3% to Defendant's15.3% Mandatory PBCO Certified SBE Subcontracting Participation Schedule Number 3 Bona Fide Efforts SBE Plan-Page 4 for service area 4 from October 1, 2013 through September 30, 2018.

45.  In December 2012  in preparations to bid Defendant SWS evidenced strictly complying with BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8, Pre-Qualifying Requirement D, PBCO Certified SBEs Minimum 15% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plans for service areas 1, 2, 3, and 4, by advertising in the Palm Beach Post newspaper from December 13 through 17, 2012, LEGAL NOTICE, AD Name 75555 and AD ID 75555A, for the sole purpose of recruiting and enticing third party beneficiaries, Certified SBEs domiciled in PBCO to contribute to Defendant Pre-Qualifying and Advancing to the next step in the bid process on January 9, 2013.

46.  Defendant SWS submitted on January 9, 2013 to prequalify in a sealed envelope to Defendant Authority Governing Board  for BID 14-201/SLB, three (3) PBCO Certified SBEs, which were identified on FORM D SBE Minimum 15% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE  Plans-Page 4 for service areas 1,2, 3, and 4, which included Plaintiff White and Plaintiff Littles to comply with BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8, Pre-Qualifying Requirement D, PBCO Certified SBEs Minimum 15% Subcontracting Participation; the only bid specification that consequentially stated, "Shall result in automatic disqualification from advancing to the next step in the bid process, deeming bidder non-responsive if not complied with" which included Forms A through E. SEE COPY ATTACHED AS EXHIBIT C: Defendant SWS' Pre-Qualifying Sealed Responses Submitted January 9, 2013 to Defendant Authority Governing Board

47.  On January 9, 2013 Defendant Authority Governing Board  affirmed that Defendant SWS' sealed responses evidenced strictly complying with BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, 8 to Pre-Qualify and Advance to the next step in the bid process, which included PBCO Certified SBEs Plaintiff White and Plaintiff Littles as two of their intended third party beneficiaries, collectively contributing nine (9%) percent, the majority of the subcontracting participation for Defendant to comply with their Mandatory15.3% Monthly Subcontracting for service area 4.

48.  Defendant SWS in December 2012  evidenced before BID 14-201/SLB submit deadline of January 9, 2013, thoroughly investigating the capabilities of the only Black American Female PBCO Certified SBE, Plaintiff White, d/b/a Brilliant Minds Strategies, Inc., and the only Black American Male PBCO Certified SBE, Plaintiff Littles, d/b/a James Jr. Enterprises, Inc., abilities to timely provide designated services from October 1, 2013 through September 30, 2018; and Defendant determined that the services and rates offered by Plaintiff White and Plaintiff Littles were acceptable, appropriate, and needed for them to fulfill their bona fide obligations with

11

Defendant Authority Governing Board ; if awarded a final contract on February 13, 2013 for service areas 1, 2, 3, or 4.

49.  On or before January 9, 2013 in preparations for Defendant SWS to Pre-Qualify, Defendant required Plaintiff White and Plaintiff Littles to consent by their signatures, to provide services and rates for five (5) years from October 1, 2013 through September 2018 on Defendant's BID 14-201/SLB Mandatory Minimum 15% PBCO Certified SBE Subcontracting Participation Schedule Number 2 Intent Forms, and promised, represented and swore to Plaintiffs and Defendant Authority Governing Board  to contract with Plaintiff White in the amount of $627,500 and Plaintiff Littles in the amount of $998,000 for five (5) years from October 1, 2013 through September 30, 2018, if Defendant was awarded a contract on February 13, 2013 for service area 4.

50.  On January 17, 2013 Defendant Authority Governing Board  deemed Defendant SWS' competitor Waste Pro of Florida, Inc. non-responsive and disqualified, at the recommendations of Defendant Authority Governing Board  (staff) Executive Director Mark Hammond, Attorney Jim Mize, and Director Purchasing Services Saundra Brady, for failing to comply with BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8 Pre-Qualifying Requirement D, Minimum 15% PBCO Certified SBEs Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE  Plans for service areas 1, 2, 3, 4; despite that Waste Pro of Florida, Inc. was the lowest bidder for service areas 1, 2, 3, 4, whose rates would have saved  residential and commercial taxpayers in the unincorporated areas of PBCO $5 million dollars from October 1, 2013 through September 30, 2018.

51.  On February 13, 2013 Defendant SWS was the second lowest bidder, and awarded a five (5) years contract conservatively valued at $44.7 M for service area 4 from October 1, 2013 through September 30, 2018, and the final contract was executed February 18, 2013 with Defendant Authority Governing Board , which incorporated Defendant SWS' Pre-Qualifying sealed responses for BID 14-201/SLB Mandatory Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8 Pre-Qualifying Requirement D, PBCO Certified SBEs 15.3% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE  Plan-Page 4 for service area 4, mandating contracting with Plaintiff White $627,500-3% and Plaintiff Littles $998,000-6% for five (5) years, in compliance with Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and  Local Business Participation-Pages 41-44.

52.  In pertinent part the following provisions were requirements for Defendant SWS to Pre-Qualify, and execute a final contract, Agreement 14-205 on February 18, 2013 with Defendant Authority Governing Board : BID 14-201/SLB Mandatory- Section 25- Small Business Enterprise Participation-Pages 6, 7, and 8: "The Authority Governing Board  has set fifteen (15%) percent as the Authority's goal for local Small Business Enterprise Participation in contracts and purchases. For the purposes of this solicitation the percentage of participation shall be calculated by dividing the proposed annual payments to be made to certified, local SBEs providing goods and/or services necessary to support the required services under the agreement by 60% of the grand total annual cost as reflected on the bid form."

53.  Defendant Authority Governing Board  documented in plain language strict compliances for BID 14-201/SLB Mandatory- Section 25- Small Business Enterprise Participation-Pages 6, 7, and 8, Pre-Qualifying Requirement D PBCO Certified SBEs Minimum 15% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4, incorporated into Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41- 44.

54.  Defendants' final contract, Agreement 14-205 provides in pertinent part: Section 42-Small Business Enterprise and Local Business Participation-Pages 41- 44-"In response to the invitation to BID, the Contractor provided a list of local businesses that will be used on the Contract. That list is incorporated herein as a part of this contract."

SECTION 42-SMALL BUSINESS ENTERPRISE AND LOCAL BUSINESS PARTICIPATION-Pages 41-44-" In absence of due cause, must use all of the certified local SBE suppliers and contractors listed by the Contractor (SWS) in its response to the Invitation to BID, unless the local SBE Contractor becomes unwilling or unable to perform."

SECTION 42-SMALL BUSINESS ENTERPRISE AND LOCAL BUSINESS PARTICIPATION-Pages 41-44-"Contractor shall not replace a listed local SBE, until the Authority has confirmed that the listed local SBE is unwilling or unable to perform."

Section 42-SMALL BUSINESS ENTERPRISE AND LOCAL BUSINESS PARTICIPATION-Pages 41-44-"DISBARMENT SWA PURCHASING MANUAL-SECTION 11-PARAGRAPH D OR E- "Contractor submitted local SBE Bona Fide Efforts SBE Plan, showing how it will assist the Authority in achieving this goal through local SBE supplier and subcontractor participation or any other method is incorporated into this Agreement."

"The Authority will require documentary proof semi-annually, acceptable to the Authority, of the implementation, progress, and final outcome of the proposed local SBE Bona Fide Efforts SBE Plan. The Contractor is required to make a Bona Fide Effort to implement the Plan to do business with local SBEs, and to achieve the fifteen (15%) percent goal."

"Failure to make a Bona Fide Effort to implement Contractor's Plan, and to solicit, encourage, engage and pay local SBEs to provide goods and services related to the collection of solid waste and recovered materials in an effort to achieve the goal, shall be considered by the Authority as a failure to perform a material provision of the Contract, and further, shall be cause for debarment in- accordance with the Authority's Purchasing Manual, Section 11, Paragraph D or E."

55.  Defendant SWS represented, promised and agreed in Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44 to contract with Plaintiff White and Plaintiff Littles for the sole purpose of complying collectively with nine (9%) of BID 14-201/SLB Mandatory 15.3% Monthly Subcontracting Participation from October 1, 2013 through September 30, 2018 for service area 4.

56.  Defendant SWS firm by and through its representatives and agents Charles Lomangino General Manager and Shareholder, and Charles Gusmano, Co-Founder, President, CEO,

13

Managing Partner, Shareholder and Affiant swore on January 9, 2013, BID 14-201/SLB Mandatory- Section 25- Small Business Enterprise Participation-Pages 6, 7, and 8, Pre-Qualification Process Affidavit of SBE Participation, under penalty of perjury and disqualification to advance to the next step in the bid process, to contract with PBCO Certified SBE Plaintiff White for contract administrative and SBEs management services in the amount of $627,500, and further to contract with Plaintiff Littles for vegetation pickup and truck towing services in the amount of $998,000 from October 1, 2013 through September 30, 2018, if awarded service area 4.

57. After Defendant SWS Pre-Qualified on January 9, 2013, and after the letting of the award on February 13, 2013, and after the execution of the final contract, Agreement 14-205, valued conservatively at $44.7 million dollars executed on February 18, 2013, immediately and unilaterally on the start of their five (5) years contract with Defendant Authority Governing Board on October 1, 2013, eliminated the only two (2) designated Pre-Qualifying Black American PBCO Certified SBEs, Plaintiff White and Plaintiff Littles.

59. On October 1, 2013 Defendant SWS breach final contract with Defendant Authority Governing Board by eliminating Pre-Qualifying Black American PBCO Certified SBEs, Plaintiff White and Plaintiff Littles, without Defendant Authority Governing Board 's approval by amendment, for Favored Non-Pre-Qualifying, white male firm, John Pata d/b/a Jet Hauling, Inc., in known violation of final contract, Agreement 14-205-Section-42-Small Business Enterprise and Local Business Participation-Pages 41-44, which provides in pertinent part "Contractor shall not replace a listed local SBE, until the Authority has confirmed that the listed local SBE is unwilling or unable to perform."

60. On January 9, 2013 Defendant SWS' Favored Non-Pre-Qualifying, white male firm, John Pata d/b/a Jet Hauling, Inc. was not Certified as a PBCO SBE, and could not contribute to Defendant Pre-Qualifying and Complying with BID 14-201/SLB Mandatory- Section 25- Small Business Enterprise Participation-Pages 6, 7, and 8 specifications with consequential disqualification if not strictly adhered to, in order to become eligible to execute with Defendant Authority Governing Board on February 18, 2013 a conservatively valued $44.7 million dollars five (5) years contract, Agreement 14-205 for service area 4 from October 1, 2013 through September 30, 2018.

61. At all times material and relevant Plaintiff White and Plaintiff Littles have continuously expressed to Defendants' their willingness and abilities to perform the services indicated, and as sworn by Defendant SWS Charles Gusmano on BID 14-201/SLB Mandatory- Section 25- Small Business Enterprise Participation-Pages 6, 7, and 8 Pre-Qualification Process Affidavit of SBE Participation sealed responses to Pre-Qualify on January 9, 2013.

62. The subjects bid documents and contract for services further provides, BID 14-201/SLB Mandatory Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8-"Bidder's Plan will be incorporated into the final contract," Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44-

14

"Bidders are advised that falsely representing that it will use the services or purchase commodities from a local SBE firm, and subsequently not doing shall be considered a breach of contract, and further, shall be cause for debarment in accordance with the Authority's Purchasing Manual, Section 11- Paragraphs D or E." Disbarment Consequences: Defendant SWS prohibited from competing for Defendant Authority Governing Board 's next anticipated November 2017 bid for a five (5) years contract award from October 1, 2018 through September 30, 2023.

63. In accordance with BID 14-201/SLB-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8 relating to Contract compliance requirements provides in pertinent part as incorporated into final contract, Agreement 14-205- Section 42- Small Business Enterprise and Local Participation-Pages 41-44: "Any contractor or firm that falsely represents to the Authority, pursuant to a contract, that it is an SBE, or that it will utilize the services or commodities of an SBE, and subsequently does not do so without the prior written approval of the Authority may be in breach of contract."

64. In accordance with final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, Defendant SWS were further required to demonstrate to Authority Governing Board  that they did not breach final contract by eliminating Plaintiff White and Plaintiff Littles' rates and services on October 1, 2013 and August 2014 without their  approval by amendment, and further that their actions shall not be cause for debarment in accordance with the Authority's Purchasing Manual-Section 11- Paragraphs D or E. This precedent condition was not complied with by Defendants.

65. In accordance with final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, Defendant SWS were further required to demonstrate to Authority Governing Board  that they did not breach final contract, by refusing to timely execute five (5) years contracts with terms and compensations with Plaintiff White and Plaintiff Littles, and make bona fide efforts to make every effort a similarly situated, prudent business entity operating under similar circumstances would make when acting in a determined manner to obtain the intended result by action or expenditure, which are not unreasonably disproportionate, or burdensome under the circumstances. This precedent condition was not complied with by Defendants.

66. In accordance with final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, Defendant SWS were further required to demonstrate to Authority Governing Board  that they documented  Bona Fide Efforts to utilize the services and rates of Plaintiff White and Plaintiff Littles, and in good faith documented implementing their Bid 14-201/SLB Mandatory SBE 15.3% Subcontracting Participation Schedule Number 3 Bona Fide Efforts SBE  Plan-Page 4

with the only two (2) designated Black American Pre-Qualifying PBCO Certified SBEs. This precedent condition was not complied with by Defendants.

67.  BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8 Pre-Qualifying Requirement D, Subcontracting Participation Schedule Number 3  Bona Fide Efforts SBE  Plan for PBCO Certified SBEs, relating to Contract compliance requirements provides in pertinent part: Local Small Business Enterprise Participation-Section 25-Page 7 as incorporated into final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Participation-Pages 41-44: "Bidder shall submit a Plan showing how Bidder will assist the Authority in achieving this goal through SBE subcontractor and/or supplier participation or other method.

"The intent of the Model Plan is to reflect the percentage of local SBE participation pledged by the Bidder and/or proof of the "Bona Fide Effort" expended attempting to enlist potential participants. The Model Plan consists of three schedules. Schedule 1 is a form for listing the local SBE vendors proposed. Schedule 2 is a letter of intent from the proposed local SBE subcontractors and/or suppliers. Schedule 3 demonstrates a Bona Fide Effort and required documentary proof as required by Section 25 of this Invitation to Bid."

Section 25 of this Invitation to Bid defines Bona Fide Effort and the level of effort required to demonstrate and document said effort. "Bona Fide Effort" the obligation to make every effort a similarly situated, prudent business entity operating under similar circumstances would make when acting in a determined manner to obtain the intended result by action or expenditure, which is not unreasonably disproportionate, or burdensome under the circumstances."

"The submission of a Plan is required. A response submitted without Plan will be judged non-responsive by the Selection Committee unless the Bidder is a certified SBE. If the Bidder is not an SBE, then Schedules 1 and 2, and/or Schedule 3 must be submitted. If the Bidder is unable to achieve 15% participation, then Schedule 3 is required."

"The Authority will require documentary proof of the implementation, progress, and final outcome of the program as specified in Section 42 of the sample Agreement included with this Invitation to Bid."

68.  In accordance with final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, Defendant SWS were further required to demonstrate to Defendant Authority Governing Board  that they did not breach final contract, and that they documented demonstrating bona fide efforts to make every effort a similarly situated, prudent business entity operating under similar circumstances would make when acting in a determined manner to obtain the intended

result by action or expenditure, which are not unreasonably disproportionate, or burdensome under the circumstances. This precedent condition was not complied with by Defendants.

69. Plaintiff White and Plaintiff Littles are two (2) of named intended third party beneficiaries for BID 14-201/SLB Mandatory- Section 25- Small Business Enterprise Participation-Pages 6, 7, and 8, Pre-Qualifying PBCO Certified SBEs Subcontracting Participants, incorporated into Defendants' final contract, Agreement 14-205, executed on February 18, 2013, and the intended beneficiaries of Defendant SWS' representations, promises, covenants, sworn oaths and commitments to comply with the contracts provisions, relating to Mandatory bona fide efforts to subcontract with Plaintiffs for service area 4 from October 1, 2013 through September 30, 2018, after the letting of the award on February 13, 2013, and after the execution of conservatively valued $44.7 million dollars, Agreement 14-205 on February 18, 2013. This precedent condition was not complied with by Defendants.

70. At all times material and relevant, it is further our assertions that Defendant Authority Governing Board (staff) Executive Director Mark Hammond, Attorney Jim Mize, and Director Purchasing Services Saundra Brady are powerless to modify Defendants' final contract without the Authority Governing Board 's approval in a publicly noticed meeting, in accordance with Agreement 14-205-Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation Pages 41-44.

71. The precedent conditions for modifications to Defendants' final contract, Agreement 14-205 by amendment approved by the Authority's Governing , in accordance with Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44 were not met. This precedent condition was not complied with by Defendants.

72. The subject BID 14-201/SLB- Section 12-Anti-Discrimination-Page 3 in plain language expressly prohibits discrimination based on race and sex, incorporated in Defendants' final contract, Agreement 14-205-"The Authority is committed to assuring equal opportunity in the award of contracts, and, therefore complies with all laws prohibiting discrimination. The successful Bidder is prohibited from discriminating against any employee, applicant, or client because of race, color, religion, disability, sex, age, national origin, ancestry, marital status, sexual orientation, or gender identity or expression."

73. Additionally, Defendant SWS failures to strictly comply with the unequivocally terms of BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8 Pre-Qualifying Requirement D, 15.3% Subcontracting

Participation with Pre-Qualifying PBCO Certified SBEs, Plaintiff White $627,500-3% and Plaintiff Littles $998,600-6% has disbarring consequences; and the resulting immediate and unilateral eliminations of the only two (2) non-white intended third party beneficiaries, without attempting to comply with all procedures delineated in Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Participation-Pages 41-44, demonstrates the Defendant discriminating against Plaintiffs, based upon their race and sex as female and male Black Americans, after they contributed to Defendant Pre-Qualifying on January 9, 2013, after the letting of the award on February 13, 2013, and after executing on February 18, 2013, final contract, Agreement 14-205, which ripen into a lucrative five (5) years contract valued conservatively at $44.7 million dollars for service area 4; the Defendant's largest governmental contract since becoming a registered Florida Corporation in 1999.

74. Furthermore, Defendant Authority Governing Board 's failures to strictly comply, and enforce that Defendant SWS strictly abide by the unequivocally terms of BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8 Pre-Qualifying Requirement D, 15.3% Subcontracting Participation with PBCO Certified SBEs Plaintiff White $627,500-3% and Plaintiff Littles $998,600-6% with all procedures delineated in plain language in the final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Participation-Pages 41-44, which demonstrates Defendant Authority Governing Board  discriminating against Plaintiffs, based upon their race and sex as female and male Black Americans, after they contributed to Defendant SWS Pre-Qualifying on January 9, 2013, after the letting of the award on February 13, 2013, and after executing on February 18, 2013, final contract, Agreement 14-205.

75. Defendants' final contract Agreement 14-205, dictates that SWA (staff) Executive Director Mark Hammond, Atty. Jim Mize and Director Purchasing Services Saundra Brady, and the Authority's Governing  strictly comply with its own unequivocally terms and conditions-Section 28-Notice-Page 37, Section 37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

76. Furthermore, public policy dictates that fairness be a central theme throughout the process from requests for bids to expiration of Agreement. Defendant Authority Governing Board  (staff) Executive Director Mark Hammond, Atty. Jim Mize, and Director Purchasing Services Saundra Brady are without power to reserve in the Plan or specifications so prepared in advance of the letting the power to make exceptions, and modifications in the contract after it is let, which will afford opportunities for favoritism, whether any favoritism is actually practiced or not.

77. All conditions precedent to the filing of this lawsuit have occurred, or otherwise performed, waived or excused.

18

78. Plaintiffs have been required to obtain counsel to pursue this claim and have agreed to pay him a reasonable fee for services.

## COUNT I- PLAINTIFFS' CLAIMS FOR DECLARATORY RELIEF

79. The Plaintiffs adopts and re-alleges the contents of paragraphs 1 through 78 herein above.

80. Defendants' unilaterally and absence of cause eliminated the only two (2) designated Pre-Qualifying Black American PBCO Certified SBEs, Plaintiff White and Plaintiff Littles, required Mandatory Intended Third Party Beneficiaries incorporated into Defendants' final contract on February 18, 2013, in known violations of Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, Section 28-Notice-Page 37, and Section 37-Modification-Page 40.

81. Defendant SWS failed to contract and pay Plaintiffs as BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8, Requirement D Pre-Qualifying PBCO Certified SBE Subcontracting Participants for service area 4 from October 1, 2013 through September 30, 2018, and Defendant Authority Governing Board failed to adhere, and enforce Defendant SWS' strict compliances, incorporated into Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, definitely written in plain and consequential language to protect Plaintiffs against false representations and discrimination as "Token Black American Seat Warmers" until favored white male firm, John Pata, d/b/a Jett Hauling, Inc. became a PBCO Certified SBE on April 3, 2013, three (3) months after Plaintiffs contributed collectively nine (9%) to Defendant 15.3% Subcontracting Participation in order to Pre-Qualify on January 9, 2013, and execute conservatively valued $44.7 million dollars contract on February 18, 2013 with Defendant Authority Governing Board .

82. The Plaintiffs are in doubt as to the validity of their rights and obligations under the subject agreement, and the Plaintiffs rights and entitlements to compensation as represented and incorporated in the final contract, and there is an actual need for a declaration of the respective rights of the parties to Defendants' final contract, Agreement 14-205, executed on February 18, 2013 for the conservative value of $44.7 million dollars from October 1, 2013 through September 18, 2018 for service area 4: unincorporated Boynton Beach, Delray Beach and Boca Raton.

WHEREFORE, the Plaintiffs respectfully request that this Court find that Defendant SWS are in breach of the subject agreement; and declare the Plaintiffs are entitled to collective compensation in the amount of $1,625,500 plus interest, in accordance with the terms of the agreement; and to require the Defendant SWS to contract with Plaintiffs for service area 4 from October 1, 2013 through September 30, 2018, as their Public BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8, Requirement D, Pre-Qualifying PBCO Certified SBEs Subcontracting Participants in the subject solid waste collection and recoverable materials services agreement in accordance with its terms; and to

award the Plaintiffs costs and attorney fees pursuant to F.S 57.105, and for such other further relief as the Court deems appropriate.

## COUNT II- PLAINTIFFS' CLAIMS FOR FRAUD AND MISREPRESENTATION

83.  The Plaintiffs adopts and re-alleges the contents of paragraphs 1 through 82 herein above.

84.  In January 2013 Defendant SWS and Plaintiff Littles by their conduct formed a relationship, which was contractual in nature, whereby the Defendant Charles Gusmano, Co-Founder, CEO, President, Managing Partner, Shareholder and Affiant on January 9, 2013 swore under penalty of perjury and disqualification to Pre-Qualify and Advance to the next step in Public BID 14-201/SLB process, to pay the Plaintiff $998,000 to provide vegetation pickup and truck towing services, as incorporated in Defendants' final five (5) years contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44 for service area 4 from October 1, 2013 through September 30, 2018 executed on February 18, 2013.

85.  At all times relevant and material Plaintiff Littles has been willing and able to perform, as incorporated into Defendants' final contract for service area 4 from October 1, 2013 through September 30, 2018; in the face of Defendant refusing in bad faith to execute a five (5) years contract with terms and compensation in the amount of $998,000, as promised, represented and sworn on January 9, 2013 to Pre-Qualify and comply with BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8, PBCO Certified SBEs Minimum 15% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4, incorporated into Defendants' final contract Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

86.  Defendant SWS has demonstrated for two (2) years, intentional bad faith by refusing to execute a contract with terms and compensation with Plaintiff Littles; notwithstanding Defendant SWS Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant swearing under perjury and penalty of disqualification in sealed responses for BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8, Requirement D Pre-Qualification Process Affidavit of SBE Participation on January 9, 2013 to execute five (5) years contract with terms with Plaintiff from October 1, 2013 through September 30, 2018 in the amount of $998,000 for vegetation pickup and truck towing services, if awarded service area 4 on February 18, 2013.

87.  Defendant SWS on January 28, 2014: two (2) months and twenty-seven (27) days after Defendant and its three (3) Pre-Qualifying PBCO Certified SBEs were required to be operational by Defendant Authority Governing Board for service area 4 from October 1, 2013 through September 30, 2018, in accordance with Defendants' final contract, Agreement 14-205, and after many requests from Plaintiff Littles, Defendant issued a mere seven (7) months contract without terms for only $116,333, with full knowledge that Plaintiff Littles' pre-operational expenses were $100,000.

88.  Defendant SWS demonstrated intentional bad faith by issuing to Plaintiff Littles a seven (7) months contract without terms for $116,333 on January 28, 2014 for contract period February 1,

2014 through September 30, 2014; notwithstanding Defendant Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant swearing to Pre-Qualify under penalty of perjury and disqualifications on BID 14-201/SLB Pre-Qualification Process Affidavit of SBE Participation and Schedule Number 3 Bona Fide Efforts SBE Plan-Page 4 on January 9, 2013, to execute with Plaintiff a five (5) years contract with terms from October 1, 2013 through September 30, 2018 in the amount of $998,000 for vegetation pickup and towing services, if awarded service area 4 on February 13, 2013.

89.   Defendant SWS by designed emailed Plaintiff Littles on January 28, 2014 a mere seven (7) months contract to achieve the intended result of Plaintiff refusing to become operational for a contract only valued at $116,333 from February 1, 2014 through September 30, 2014, instead of Defendant SWS Charles Gusmano's promised, represented and sworn $998,000 five (5) years contract under penalty of perjury and disqualification to Pre-Qualify on January 9, 2013, if awarded service area 4 from October 1, 2013 through September 30, 2018.

90.   Defendant SWS falsified Defendant Authority Governing Board  Mandatory Bi-Annual SBEs Subcontracting Participation Reports (public records) as required for BID 14-201/SLB incorporated into Defendants' final contract, Agreement 14-205, by stating that Defendant made Mandatory subcontracting payments to Plaintiff Littles for truck towing services for service area 4.

91.   Defendant SWS has not made any bona fide efforts to subcontract with Plaintiff Littles to tow inoperable trucks from October 1, 2013 through Present 2015 for service area 4.

92.   Plaintiff Littles' internal records will validate that Defendant SWS made no subcontracting payments for towing inoperable trucks from October 1, 2013 through Present 2015.

93.   Defendant SWS falsely reported after Pre-Qualifying on January 9, 2013 to Defendant Authority Governing Board (Staff) Director Purchasing Services Saundra Brady, without Plaintiff Littles' consent signature that Plaintiff agreed to modify BID 14-201/SLB Mandatory SBE Subcontracting Participation Schedule Number 2 Intent Form, to eliminate providing vegetation pickup and truck towing services in the annual amount of $1996,000, and instead only provide truck towing services in the annual amount of $35,000 for service area 4 from October 1, 2013 through September 30, 2018, in known violations of Defendants' final contract, Agreement 14-205-Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

94.   In August 2014 Defendant Authority Governing Board  (staff) Executive Director Mark Hammond, Atty. Jim Mize, and Director Purchasing Services Saundra Brady and Defendant SWS evidenced operating as a team, and modified Defendant SWS' Pre-Qualifying January 9, 2013 sealed responses for BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8 Pre-Qualifying Requirement D, SBE 15.3% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE  Plan-Page 4 for Plaintiff Littles, and eliminated services and rates after the letting of the award on February 13, 2013, and after the execution of Defendants' final contract on February 18, 2013; without the Plaintiff's consent signature on Schedule Number 2 Intent Form to only provide truck towing services in the annual

amount of $35,000, in lieu of the agreed upon vegetation pickup and truck towing services in the annual amount of $199,600 for service area 4 from October 1, 2013 through September 30, 2018, in known violations of Defendants' Agreement 14-205-Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

95. Defendant SWS on February 10, 2014 in intentional bad faith noticed by email Defendant Authority Governing Board (staff) Director Purchasing Services Saundra Brady, stating Plaintiff Littles was unable and unwilling to provide vegetation pickup and truck towing services in the amount of $998,000 for service area 4 from October 1, 2013 through September 30, 2018, in known violations of Defendants' final contract, Agreement 14-205-Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

96. Defendant SWS on February 10, 2014 in intentional bad faith, concealed from Defendant Authority Governing Board (staff) Director Purchasing Services Saundra Brady that only twelve (12) business days earlier, the Defendant on January 28, 2014 emailed Plaintiff Littles a mere seven (7) months contract without terms, in the total amount of $116,333 from March 1, 2014 through September 30, 2014, which demonstrated Defendant's intentions to not implement BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8, Pre-Qualifying Requirement D, PBCO Certified 15.3% SBE Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4 with Plaintiff for vegetation pickup and truck towing services in the amount of $998,000 from October 1, 2013 through September 30, 2018 for service area 4, as Defendant represented to Pre-Qualify on January 9, 2013.

97. Defendant SWS on February 10, 2014 in intentional bad faith, concealed from Defendant Authority Governing Board (staff) Director Purchasing Services Saundra Brady that Plaintiff Littles rejected Defendant's mere seven (7) months contract without terms in the total amount of $116,333 from March 1, 2014 through September 30, 2014, because the contract did not represent the promised five (5) years contract with terms; and did not demonstrate Defendant exercising a good faith bona fide effort to implement BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8, Pre-Qualifying Requirement D, PBCO Certified SBEs 15.3% Subcontracting Participation Schedule Number 3 Bona Fide Efforts SBE Plan-Page 4 with Plaintiff for vegetation pickup and truck towing services in the amount of $998,000 from October 1, 2013 through September 30, 2018 for service area 4 as Defendant Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant swore on Pre-Qualification Process Affidavit of SBE Participation, under penalty of perjury and disqualification to Pre-Qualify on January 9, 2013.

98. Defendant SWS on February 10, 2014 falsely reported in intentional bad faith to Defendant Authority Governing Board (staff) Director Purchasing Services Saundra Brady that Plaintiff Littles could not afford to purchase trucks needed to perform vegetation pickup services, when in-fact Defendant Anthony Badala, District Manager and Shareholder had first-hand knowledge since February 18, 2013 that Plaintiff was willing and able to purchase trucks once Defendant executed in bona fide good faith a five (5) years contract with terms in the amount of $998,000

22

for service area 4 from October 1, 2013 through September 30, 2018.

99.  Defendant SWS has failed to demonstrate any bona fide efforts in accordance with BID 14-201/SLB-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8, as incorporated into Defendants' final contract on February 18, 2013, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44 to contract with Plaintiff Littles in the amount of $998,000 for service area 4 from October 1, 2013 through September 30, 2018.

100.  Defendant SWS Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant's promises, representations and sworn oath were false, and known to be false at the times they were made to Defendant Authority Governing Board  and Plaintiff Littles to subcontract for vegetation pickup and truck towing services in the amount of $998,000, in order to Pre-Qualify and Advance to the next step in BID 14-201/SLB process, sworn under penalty of perjury and disqualification on January 9, 2013, if awarded contract for service area 4 as a Mandatory pre-requisite to be awarded subject solid waste collections and recoverable materials services agreement.

101.  Defendant SWS Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant's promises, representations, and sworn oath were made in bad faith to Defendant Authority Governing Board  and Plaintiff Littles for the sole purpose of inducing Plaintiff to contribute six (6%) percent to Defendant Pre-Qualifying on January 9, 2013, to clear the path for Defendant to execute their most lucrative governmental contract to date on February 18, 2013 with Defendant Authority Governing Board  from October 1, 2013 through September 30, 2018, conservatively valued at $44.7 million dollars.

102.  Defendant SWS has been unjustly enriched by refusing to execute in bona fide good faith five (5) years contracts with terms with Plaintiff Littles for the collection of vegetation pickup and truck towing in the amount of $998,000 from October 1, 2013 through September 30, 2018 for service area 4.

103.  On January 9, 2013 Defendant SWS knew that Plaintiff Littles expected to  execute five (5) years contract in the amount of $998,000 if awarded service area 4 on February 13, 2013, as a condition to Plaintiff agreeing to contribute six (6%) percent to Defendant Pre-Qualifying and Complying with BID 14-201/SLB-Section 25-Small Business Enterprise Participation-Pages 6, 7, 8, 15% Subcontracting Participation Schedules Number 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4 to guarantee Defendant Pre-Qualified on January 9, 2013. Defendant's refusal to compensate and contract with Plaintiff demonstrates that Defendant made false representations to Defendant Authority Governing Board and Plaintiff to Pre-Qualify.

104.  In January 2013 Defendant SWS and Plaintiff White by their conduct formed a relationship, which was contractual in nature, whereby the Defendant Charles Gusmano, Co-Founder, CEO, President, Managing Partner, Shareholder and Affiant swore on January 9, 2013 to Pre-Qualify for BID 14-201/SLB-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8, under penalty of perjury and disqualification to pay the Plaintiff $627,500 to provide contract administrative and SBEs management services, as incorporated into Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business

23

Participation-Pages 41-44 for service area 4 from October 1, 2013 through September 30, 2018 executed on February 18, 2013.

105.  At all times relevant and material Plaintiff White have been willing and able to perform, and  have performed the services as incorporated into Defendants' final contract; in the face of Defendant refusing to execute a five (5) years contract with terms, and compensate in the annual amount of $125,500 from October 1, 2013 through September 30, 2018, as incorporated into Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

106.  Defendant SWS Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant's promises, sworn oath and representations were false, and known to be false at the times they were made to Defendant Authority Governing Board  and to Plaintiff White to subcontract for contract administrative and SBEs management services in the amount of $627,500, in order to Pre-Qualify and Advance to the next step in BID 14-201/SLB process, on January 9, 2013, if awarded contract for service area 4 as a Mandatory pre-requisite to be awarded subject solid waste collections and recoverable materials services agreement.

107.  Defendant SWS Charles Gusmano, CEO, President, Managing Partner, Shareholder and Affiant's promises, sworn oath and representations to Defendant Authority Governing Board and to Plaintiff White to subcontract for contract administrative and SBEs management services in the amount of $627,500 from October 1, 2013 through September 30, 2018 in order to Pre-Qualify on January 9, 2013, if awarded contract service area 4, were made in bad faith for the sole purpose of inducing Plaintiff to contribute 3% to Defendant's Mandatory Pre-Qualifying Requirement D, PBCO Certified SBEs Minimum 15% Subcontracting Participation, to clear the path to insure Defendant could execute their most lucrative governmental contract to date on February 18, 2013 with Defendant Authority Governing Board  from October 1, 2013 through September 30, 2018 conservatively valued at $44.7 million dollars.

108.  Defendant SWS has demonstrated for two (2) years from October 2013 through Present 2015, intentional bad faith by refusing to execute a contract with terms and to compensate Plaintiff White in the annual amount of $125,500; notwithstanding Defendant Charles Gusmano, Co-Founder, President, CEO, Managing Partner and Shareholder swearing under penalty of perjury and disqualification in sealed responses for BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8, Pre-Qualification Process Affidavit of SBE Participation on January 9, 2013 to Pre-Qualify, to execute five (5) years contract with terms from October 1, 2013 through September 30, 2018 in the amount of $627,500 for contract administrative and SBEs management services, if awarded service area 4.

109.  Defendant SWS falsely reported on Defendant Authority Governing Board  Mandatory Bi-Annual SBEs Subcontracting Participation  Reports as required in Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, subcontracting payments to Plaintiff White from October 1, 2013 through July 2, 2014 for contract administrative and SBEs management services for service area 4.

110.  Defendant SWS payments to Plaintiff White from October 1, 2013 through July 2, 2014,

were generated from a pre-existing contract executed between Plaintiff and Defendant from July 3, 2012 through July 2, 2014; which demanded monthly payments in the increments of $6,250, unrelated to contract administrative and SBEs management services under the subject Agreement 14-205 for service area 4 from October 1, 2013 through September 2018.

111.  Defendant SWS made no contract payments from October 1, 2013 through July 2, 2014 to Plaintiff White for contract administrative and SBEs management services in the monthly increments of $12,550 for service area 4.

112.  Defendant SWS only subcontracting payments to Plaintiff White that partially complied with Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44 were in the monthly increments of $6,250 from July 3, 2014 to February 28, 2015; seven (7) months in the total amount of $43,750 for contract administrative and SBEs management services for service area 4.

113.  On January 9, 2013 Defendant SWS falsified BID 14-201/SLB Mandatory Pre-Qualifying PBCO Certified SBE Minimum 15% Subcontracting Schedule 1 Form, and reported that Plaintiff White would provide contract purchases, if awarded contract for service area 4.

114.  Defendant SWS has not demonstrated any bona fide efforts to purchase any commodities from Plaintiff White from October 1 2013 to present 2015 for the operations of service area 4

115.  On January 9, 2013 Defendant SWS had first-hand knowledge that Plaintiff did not sell any commodities, and made no commitment by consent signature on Defendant's BID 14-201/SLB Mandatory PBCO Certified SBE Subcontracting Participation Schedule Number 2 Intent Form, stating Plaintiff would provide contract purchases, to sell any products needed for Defendant's operations to Pre-Qualify, if awarded contract for service area 4 from October 1, 2013 through September 30, 2018.

116.  Plaintiff White on January 8, 2013 only by consent signature agreed to provide contract administrative and SBEs management services in the annual amount of $125,500 on Defendant's BID 14-201/SLB Mandatory PBCO Certified SBE Subcontracting Schedule Number 2 Intent Form to Pre-Qualify, if awarded contract for service area 4 from October 1, 2013 through September 30, 2018.

117.  Defendant SWS' sealed responses submitted on January 9, 2013 to Pre-Qualify for BID 14-201/SLB Mandatory PBCO Certified SBE Subcontracting Participation Schedule Number 3 Bona Fide Efforts SBE  Plan-Page 4 only documents Plaintiff White providing contract administrative and SBEs management services in the annual amount of $125,500 for service area 4 from October 1, 2013 through September 30, 2018, if Defendant was awarded service area 4.

118.  Defendant SWS' false representation that Plaintiff White would provide contract purchases made on BID 14-201/SLB Mandatory 15% PBCO Certified SBE Subcontracting Participation Schedule Number 1  Form on January 9, 2013 to Pre-Qualify, is considered a breach of contract, and further shall be cause for debarment in accordance with the Authority's Purchasing Manual, Section 11- Paragraphs D or E, as executed in Defendants' final contract,

Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

119.  In August 2014 Defendant SWS falsely reported after Pre-Qualifying on January 9, 2013 to Defendant Authority Governing Board  (staff) Director Purchasing Services Saundra Brady, that Plaintiff White by consent signature agreed to modify BID 14-201/SLB Mandatory SBE Subcontracting Participation Schedule Number 2 Intent Form, to provide contract purchases and contract administrative services for service area 4; in lieu of contract administrative and SBEs management services from October 1, 2013 through September 30, 2018 in the amount of $627,500, as Plaintiff consented by signature for Defendant to Pre-Qualify on January 9, 2013, in known violations of Defendants' final contract, Agreement 14-205- Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

120.  In August 2014 Defendant Authority Governing Board  (staff) Executive Director Mark Hammond, Atty. Jim Mize and Director Purchasing Services Saundra Brady evidenced modifying Defendant SWS' sealed responses on January 9, 2013 for BID 14-201/SLB Mandatory Pre-Qualifying PBCO Certified SBE Subcontracting Schedule Number 1 Form, after the letting of the award on February 13, 2013, and after final contract, Agreement 14-205 executed on February 18, 2013, by falsely representing that Plaintiff White would provide contract purchases and contract administrative services, in lieu of agreed upon contract administrative and SBEs management services in the amount of $627,500 for service area 4 from October 1, 2013 through September 30, 2018, in known violations of Defendants' final contract, Agreement 14-205-Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

121.  Defendant SWS have refused, and continues to refuse to execute contract with terms and compensations with Plaintiff White in bona fide good faith as their BID 14-201/SLB Mandatory Pre-Qualifying Requirement D, PBCO Certified SBEs Subcontracting Participants, and to compensate Plaintiff for contract administrative and SBEs management services, as provided in the subject agreement for service area 4 from October 1, 2013 through September 30, 2018.

122.  Defendant SWS have not complied from October 1, 2013 to Present 2015 with Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41- 44, and have not made any good faith bona fide efforts to implement their Mandatory PBCO Certified SBEs 15.3% Subcontracting Participation Schedule Number 3 Bona Fide Efforts SBE  Plan-Page 4 for service area 4 with Plaintiff White and Plaintiff Littles.

123.  Defendant SWS' competitors: Waste Management, Inc. assigned to Waste Pro of Florida, Inc. for service area 1, Advanced Disposal Services, Inc. for service area 2,  and Republic Services, Inc. for service area 3, all with final contracts collectively totaling $158 million dollars with Defendant Authority Governing Board from October 1, 2013 through September 30, 2018, have demonstrated good faith bona fide efforts to comply and implement their Bid 14-201/SLB

Mandatory- Section 25-Small Business Enterprise participation-Pages 6,7 and 8, PBCO Certified SBE Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plans, as sworn under penalty of perjury and disqualification to Pre-Qualify on January 9, 2013 with all of their Pre-Qualifying PBCO Certified SBEs, incorporated into final contracts-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

124. Defendant SWS' competitors have also not requested to make any modifications to their final contracts to eliminate any of their Pre-Qualifying PBCO Certified SBEs' services and rates, or evidenced bid shopping for services and rates from Favored Non-Pre-Qualifying SBEs after Pre-Qualifying on January 9, 2013, and after the letting of the awards on February 13, 2013, and after executing final contracts on February 18, 2013 with Defendant Authority Governing Board collectively totaling $158 million dollars.

125. Defendant SWS refusal to execute in good faith five (5) years contracts with Plaintiff White in the amount of $627,500 and further, Plaintiff Littles in the amount of $998,000 for service area 4, demonstrates deliberate intentions to breach bona fide efforts obligations, mandated in BID 14-201/SLB-Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8, incorporated into Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44- Section 25 of this Invitation to Bid defines Bona Fide Effort and the level of effort required to demonstrate and document said effort.

"Bona Fide Effort"-the obligation to make every effort a similarly situated, prudent business entity operating under similar circumstances would make when acting in a determined manner to obtain the intended result by action or expenditure, which is not unreasonably disproportionate, or burdensome under the circumstances."

126. Plaintiff White and Plaintiff Littles' expectations that Defendant SWS would timely demonstrate implementing Schedule Number 3 Bona Fide Efforts SBEs Plan-Page 4, by executing five (5) years contracts with terms and compensation from October 1, 2013 through September 30, 2018 for service area 4, and make every effort a similarly situated, prudent business entity operating under similar circumstances would make, when acting in a determined manner to obtain the intended result by action or expenditure; identical in the timely manner in which Defendant Authority Governing Board executed with Defendant SWS a final contract, Agreement 14-205 on February 18, 2013; seven (7) months before the operational date of October 1, 2013; to guarantee Defendant was operational by October 1, 2013 through September 30, 2018 for service area 4, was not unreasonable, disproportionate, or burdensome under the circumstances; and was in-fact a Mandatory requirement of Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

127. Plaintiff White and Plaintiff Littles' expectations that Defendant SWS would timely demonstrate implementing Schedule Number 3 Bona Fide Efforts SBEs for service area 4, and make every effort a similarly situated, prudent business entity operating under similar circumstances would make, when acting in a determined manner to obtain the intended result by action or expenditure; identical in the timely manner in which Defendant's competitors: Waste

27

Pro of Florida, Inc., Republic Services, Inc. and Advanced Disposal Services, Inc., implemented their Mandatory Schedules Numbers 1, 2, 3 Bona Fide Efforts SBEs Plans, by executing five (5) years contracts with terms with Pre-Qualifying PBCO Certified SBE Steven Vitello, d/b/a Aquarius; to guarantee Plaintiffs were operational by October 1, 2013, was not unreasonable, disproportionate, or burdensome under the circumstances; and was in-fact a Mandatory requirement of Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, executed February 18, 2013 in the conservative value of $44.7 million dollars.

128.  Defendant SWS evidenced engaging in bid shopping after Pre-Qualifying on January 9, 2013, and after the letting of the award on February 13, 2013, and after executing final contract Agreement 14-205 on February 18, 2013, and executed a contract on or before October 1, 2013 for lower rates with Favored Non-Pre-Qualifying, white male firm, John Pata, d/b/a Jet Hauling, Inc., by eliminating the only two (2) designated Black American Pre-Qualifying PBCO Certified SBEs, Plaintiff White and Littles' services and rates on October 1, 2013, in known violations of Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

129.  Defendant SWS Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant's promises, sworn oaths, and representations were false and known to be false made to Defendant Authority Governing Board , Plaintiff White and Plaintiff Littles in order to Pre-Qualify on January 9, 2013, and to execute final contract, Agreement 14-205 with Defendant Authority Governing Board , and further were made in bad faith to induce Plaintiffs to serve as temporary "Token Black American Seat Warmers," and to assist Defendant in their goal to  increase their stock shares value by $44.7 million dollars, in their current negotiations to sell their companies: SWS, Sun Recycling, All Star Toilets, and Sun and Bergeron to the largest publicly traded solid waste and recoverable materials company in the United States of America; Waste Management, Inc. their formidable competitor.

130.  It is our assertions that Defendant SWS committed public BID 14-201/SLB Fraud on January 9, 2013 to Pre-Qualify, by falsely representing to subcontract with Plaintiff White and Plaintiff Littles, if awarded service area 4 from October 1, 2013 through September 30, 2018, the only two (2) designated Black American Pre-Qualifying PBCO Certified SBEs participating in Defendant Authority Governing Board  collectively award of $ 202.7 million dollars to four (4) contractors, with first time Mandatory PBCO Certified SBE Minimum 15% Subcontracting Participation bid specification, with stated unambiguous disqualification consequences if not strictly complied, in order to become eligible to execute a conservatively valued $44.7 million dollars contract with Defendant Authority Governing Board  on February 18, 2013.

131.  On January 9, 2013 Defendant SWS knew that Plaintiff White expected to  execute five (5) years contract in the amount of $627,500 if awarded service area 4 on February 13, 2013, as a condition to Plaintiff agreeing to contribute three (3%) percent to Defendant Pre-Qualifying and Complying with BID 14-201/SLB-Section 25-Small Business Enterprise Participation-Pages 6, 7, 8, 15% Subcontracting Participation Schedules Number 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4 to guarantee Defendant Pre-Qualified on January 9, 2013. Defendant's refusal to compensate and contract with Plaintiff demonstrates that made false representations to Defendant Authority Governing Board and

28

Plaintiff to Pre-Qualify.

132.  As a direct result of the actions of Defendant SWS, Plaintiff White and Plaintiff Littles have suffered damages.

WHEREFORE the Plaintiffs demands judgment against the Defendant SWS for damages, prejudgment interest, reasonable attorney's fees the costs of bringing this action and for such further relief as the court deems appropriate in the premises.

## COUNT II- PLAINTIFFS' CLAIMS FOR IMPLIED CONTRACT

The Plaintiffs adopts and re-alleges the contents of paragraphs 1 through 132 herein above.

133.  The Defendant SWS and Plaintiff White on January 9, 2013 by their conduct formed a relationship which was contractual in nature, whereby the Defendant Charles Gusmano, Co-Founder, CEO, President, Managing Partner, Shareholder and Affiant swore under penalty of perjury and disqualification to pay the Plaintiff $627,500 for contract administrative and SBEs management services if awarded service area 4 on February 13, 2013 from October 1, 2013 through September 30, 2018, incorporated into  Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation on Pages 41- 44.

134.  On February 13, 2013 Defendant SWS was awarded service area 4, and on February 18, 2013 Defendant Charles Lomangino, General Manager and Shareholder executed final contract, Agreement 14-205, conservatively valued at $44.7 million dollars a five (5) years contract from October 1, 2013 through September 30, 2018 to provide solid waste collections and recoverable materials services for service area 4 with Defendant Authority's Governing .

135.  On February 18, 2013 Defendant SWS Charles Lomangino, General Manager and Shareholder executed an implied  five (5) years contract with Plaintiff White to provide contract administrative and SBEs management services in the amount of $627,500 from October 1, 2013 through September 30, 2018 for service area 4, as Defendant Charles Gusmano, Co-Founder, CEO, President, Managing Partner, Shareholder and Affiant swore under penalty of perjury and disqualification on Mandatory Pre-Qualification Process Affidavit of SBE Participation, PBCO Certified 15 % SBE Subcontracting Participation Schedule Numbers 1, 2,  3 Bona Fide Efforts SBE  Plan-Page 4, to Pre-Qualify and Advance to the next step in the BID 14-201/SLB process on January 9, 2013.

136.  At all times relevant and material Plaintiff White has been willing and able, and has in fact represented Defendant SWS to Defendant Authority Governing Board , and performed the services as contract administrator and SBEs manager from October 1, 2013 through Present 2015, as incorporated into Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation on Pages 41- 44 executed on February 18, 2013.

29

137.  Defendant SWS for two (2) years has refused to execute final five (5) years contract, and to compensate Plaintiff White in the amount of $627,500, as required by Public BID 14-201/SLB Mandatory-Section 25-Small Business Participation-Pages 6, 7 and 8, PBCO Certified SBE 15% Subcontracting Participation Schedule Number 3 Bona Fide Efforts SBE  Plan-Page 4, incorporated into Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, for service area 4 from October 1, 2013 through September 30, 2018.

138.  Defendant SWS has been unjustly enriched by refusing to compensate Plaintiff White in the amount of $627,500  for service area 4 from October 1, 2013 through September 30, 2018, as one of Defendant's intended third party beneficiary, incorporated in Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44 executed on February 18, 2013.

139.  Defendant SWS acquiesced in the provision of services by Plaintiff White, and was aware that Plaintiff expected to be paid for contract administration and SBEs management services in the amount of $627,500 with terms executed in five (5) years contract from October 1, 2013 through September 30, 2018,  if Defendant was awarded service area 4 on February 13, 2013, and Defendant has been unjustly enriched by the materials and services to the Plaintiff's properties provided by the Defendant.

140.  Plaintiff White has performed all of the conditions precedent to be performed to bring this action or the same have been waived.

141.  The Defendant SWS and Plaintiff Littles on January 9, 2013 by their conduct formed a relationship which was contractual in nature, whereby the Defendant Charles Gusmano, Co-Founder, CEO, President, Managing Partner, Shareholder and Affiant swore under penalty of perjury and disqualification to pay the Plaintiff $998,000  for vegetation pickup and truck towing services, if awarded service area 4 on February 13, 2013 from October 1, 2013 through September 30, 2018,  incorporated into  Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation on Pages 41- 44.

142.  On February 13, 2013 Defendant SWS was awarded service area 4, and on February 18, 2013 Defendant Charles Lomangino, General Manager and Shareholder executed final contract, Agreement 14-205, conservatively valued at $44.7 million dollars a five (5) years contract from October 1, 2013 through September 30, 2018 to provide solid waste collections and recoverable materials services for service area 4 with Defendant Authority's Governing .

143.  On February 18, 2013 Defendant SWS Charles Lomangino, General Manager and Shareholder executed an implied five (5) years contract with Plaintiff Littles to provide vegetation pickup and truck towing services in the amount of $998,000 from October 1, 2013 through September 30, 2018 for service area 4, as Defendant promised, represented and swore under penalty of perjury and disqualification on Mandatory Pre-Qualification Process Affidavit

30

of SBE Participation, PBCO Certified 15 % SBE Subcontracting Participation Schedule Numbers 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4, to Pre-Qualify and Advance to the next step in BID 14-201/SLB process on January 9, 2013.

144.   At all times relevant and material Plaintiff Littles has been able, and has for two (2) years represented to Defendant SWS and Defendant Authority Governing Board a willingness to provide vegetation pickup and truck towing services from October 1, 2013 through September 30, 2018 for service area 4, in accordance with Public BID 14-201/SLB Mandatory-Section 25-Local Small Business Enterprise Participation-Pages 6, 7, and 8, Pre-Qualifying Requirement D, PBCO Certified SBE Subcontracting Participation Schedules Numbers 1, 2, and 3 Bona Fide Efforts SBE Plan-Page 4, incorporated into Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation on Pages 41- 44 executed on February 18, 2013.

145.   Defendant SWS for two (2) years has refused to execute final five (5) years contract, and to compensate Plaintiff Littles as required by Public BID 14-201/SLB Mandatory Pre-Qualifying Requirement D, PBCO Certified SBE Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4, incorporated into Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44 to provide vegetation pickup and truck towing services in the amount of $998,000 for service area 4 from October 1, 2013 through September 30, 2018.

146.   Defendant SWS has been unjustly enriched by refusing to compensate Plaintiff Littles in the amount of $998,000 for service area 4 from October 1, 2013 through September 30, 2018, as one of Defendant's intended third party beneficiary, incorporated in Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44 executed on February 18, 2013.

147.   Defendant SWS acquiesced in the provision of services by Plaintiff Littles, and was aware that Plaintiff expected to be paid for vegetation pickup and truck towing services in the amount of $998,000 with terms executed in five (5) years contract from October 1, 2013 through September 30, 2018, if Defendant was awarded contract for service area 4 on February 13, 2013, and the Defendant has been unjustly enriched by the materials and services to the Plaintiff's properties provided by the Defendant.

148.   Plaintiff Littles has performed all of the conditions precedent to be performed to bring this action or the same have been waived.

WHEREFORE, Plaintiff White and Defendant Littles demands judgment against the Defendant for reasonable compensation for the benefits provided, prejudgment interest, reasonable attorney's fees the costs of bringing this action and for such further relief as the court deems appropriate in the premises.

31

# COUNT III- 42 USC 1981 CLAIM FOR IMPAIRMENT OF CONTRACT RIGHTS BASED UPON RACE

149.  This is an action for declaratory, injunctive and other equitable relief, and compensatory and punitive damages against Defendants based on the Defendants' discrimination against the Plaintiffs, in violation of 42 U.S.C. § 1981 which provides in pertinent part:

(a) "Statement of equal rights"
All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined
For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) "Protection against impairment"
The rights protected by this section are protected against impairment by non-governmental discrimination and impairment under color of State law.

150.  The Plaintiffs adopts and re-alleges the contents of paragraphs 1 through 149 herein above.

## VENUE AND JURISDICTION

151.  This Court has jurisdiction over the subject matter herein pursuant to 28 U.S.C. § 1343(4), which confers original jurisdiction upon this Court in a civil action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, and pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court in a civil action under the Constitution or laws of the United States.

152.   Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) and § 1391(c), because Defendant SWS has its headquarters, can be found and conducts business in the Southern District of Florida, and because the cause of action has arisen and occurred in the Southern District of Florida.

32

153.  Venue is proper in this Court because Defendant SWS and all of the parties reside and have offices located within Palm Beach County, Florida, and all the acts described herein occurred within Palm Beach County, Florida.

154.  Venue is proper in this Court because Defendant Authority Governing Board  and all of the parties reside and have offices located within Palm Beach County, Florida, and all the acts described herein occurred within Palm Beach County, Florida.

155.  The Defendants has business offices located in Palm Beach County, Florida and the Plaintiffs are located in Palm Beach County and the occurrence of all acts complained against occurred within Palm Beach County, Florida.

156.  The Plaintiffs are Black Americans one, (1) female, one (1) male, and members of a protected class under the operation of 42 U.S.C. 1981.

157.  The Plaintiffs' race and sex one  (1) female and one (1) male Black Americans are motivating factors in Defendant SWS' decision not to contract with Plaintiffs as their Public BID 14-201/SLB Mandatory-Section 25-Small Business Participation-Pages 6, 7 and 8, Pre-Qualifying Requirement D, PBCO Certified SBEs Subcontracting Participants, incorporated into Defendants' final contract, Agreement 14-205, and to compensate the Plaintiffs for the services as provided in the subject agreement in accordance with Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

158.  The Plaintiffs' race and sex a one (1) female and one (1) male Black Americans are motivating factors in Defendant Authority Governing Board 's decision to not strictly adhere, and compel Defendant SWS to comply with Public BID 14-201/SLB Mandatory-Section 25-Small Business Participation-Pages 6, 7 and 8,  Pre-Qualifying Requirement D, PBCO Certified SBEs Subcontracting Participants, incorporated into Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44; and to enforce Defendant SWS to compensate the Plaintiffs for the services as provided in the subject agreement from October 1, 2013 through September 30, 2018 for service area 4.

WHEREFORE, Plaintiffs respectfully requests that this Court grant the following relief:

    a.   Enter a judgment that Defendants' acts and practices as set forth herein are in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 the laws of the United States.

    b.   Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Defendants' discriminatory practices and prevent current and future harm to Plaintiffs and others;

    c.   Award Plaintiffs compensatory damages for past and future economic and non-economic losses, including extreme emotional distress and mental anguish,

impairment of the quality of life; and consequential loses; lost wages any lost benefits that resulted from the Defendants' discrimination;

     d.   Award Plaintiffs exemplary and/or punitive damages;

     e.   Award Plaintiffs with the costs of this action, including the fees and costs of experts, together with reasonable attorneys' fees;

     f.   Grant Plaintiffs such other and further relief as this Court deems necessary and proper.

## COUNT IV - PETITION FOR WRIT OF MANDAMUS

159.  The Plaintiffs adopts and re-alleges the contents of paragraphs 1 through 158 herein above.

160.   The Plaintiffs/Petitioners seek a writ of mandamus directing Defendant Authority Governing Board  to strictly adhere and enforce compliance by Defendant SWS with its promises sworn oaths and representations, relating to the Plaintiffs/Petitioners participation as their designated Public BID 14-201/SLB Mandatory-Section 25-Small Business Participation-Pages 6, 7 and 8,  Pre-Qualifying PBCO Certified SBEs, in compliance with the terms and conditions of Defendant SWS' sealed responses on January 9, 2013, which included SBE Subcontracting Participation Schedules Numbers 1, 2,  3 Bona Fide Efforts SBE  Plan-Page 4, and the subsequent agreement for the provision of solid waste collections and recoverable materials services with respect to Public BID 14-201/SLB, and the resulting final contract, Agreement 14-205, executed February 18, 2013 in the conservatively value of $44.7 million dollars, five (5) years contract from October 1, 2013 through September 30, 2018 for service area 4 with Defendant Authority Governing Board .

161. The Plaintiffs/Petitioners have clear legal rights to the performance of clear legal duties by Defendants' to strictly adhere and comply with the terms and conditions of Public BID 14-201/SLB Mandatory-Section 25-Small Business Participation-Pages 6, 7 and 8, Pre-Qualifying Requirement D, PBCO Certified PBCO 15% Subcontracting Participation bid specifications, and the incorporation of those terms and conditions into the subject final contract, Agreement 14-205, which included Plaintiff White and Plaintiff Littles' services and rates, and the Plaintiffs/Petitioners have no other available legal remedies.

     WHEREFORE, the Plaintiffs/Petitioners respectfully submit request to this Court to issue a writ of mandamus directing Defendant Authority Governing Board to immediately enforce compliance by Defendant SWS with Plaintiff White and Plaintiff Littles in accordance with final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation- Pages 41- 44, executed on February 18, 2013 between Defendants' and to immediately disbar Defendant SWS in-accordance with the Authority's Purchasing Manual-Section 11-Debarment-Pargraph D or E; prohibiting Defendant SWS from participating in Defendant Authority Governing Board 's next competitive bid anticipated November 2017, for a five (5) years award for solid waste and recoverable materials collections services for contract period October 1, 2018 through September 30, 2023, and to award the Plaintiffs costs and attorney's fees, and for such other further relief as the court deems appropriate.

## JURY DEMAND

The Plaintiffs demands a trial by jury on all issues of fact and damages in this action.

Andrew DeGraffenreidt III
Attorney for the Plaintiffs
319 Clematis Street, Suite 602
West Palm Beach, FL 33401
(561) 596-6420
Florida Bar No. 0218121
adegraffenreidt@gmail.com

35

## Report Selection Criteria

**Case ID:**              502015CA010358XXXXMB
**Docket Start Date:**
**Docket Ending Date:**

## Case Description

**Case ID:**        502015CA010358XXXXMB
**Case Caption:**   TINA M WHITE V SOUTHERN WASTE SYSTEMS LLC
**Division:**       AJ - GOODMAN
**Filing Date:**    Monday , September 14th, 2015
**Court:**          CA - CIRCUIT CIVIL
**Location:**       MB - MAIN BRANCH
**Jury:**           Y-Jury
**Type:**           YF - DISCRIMINATION EMPLOYMNT/OTHER
**Status:**         PE - PENDING

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | ID | Name | Aliases: | |
|-------|-------|-----------|------|------|------|---------|------|
| 1 |   |   | PLAINTIFF | @3729809 | **WHITE, TINA M** | Aliases: | *none* |
| 2 | 1 |   | ATTORNEY | 0218121 | **DEGRAFFENREIDT III , ESQ, ANDREW** | Aliases: | *none* |
| 3 |   |   | PLAINTIFF | @3729810 | **LITTLES JR, JAMES** | Aliases: | *none* |
| 4 | 3 |   | ATTORNEY | 0218121 | **DEGRAFFENREIDT III , ESQ, ANDREW** | Aliases: | *none* |

EXHIBIT

3

| 5 | | | DEFENDANT | @3729811 | SOUTHERN WASTE SYSTEMS LLC | Aliases: | *none* |
| | | | | | | | |
| 6 | | | DEFENDANT | @3729812 | SOLID WASTE AUTHORITY OF PALM BEACH COUNTY | Aliases: | *none* |
| | | | | | | | |
| 7 | | | JUDGE | AJ | GOODMAN, JUDGE JAIMIE | Aliases: | *none* |
| | | | | | | | |

## Docket Entries

| Docket Number | Docket Type | Book and Page No. | Attached To: |
|---|---|---|---|
| | 00000 - ADDITIONAL COMMENTS | | |
| **Filing Date:** | 14-SEP-2015 | | |
| **Filing Party:** | | | |
| **Disposition Amount:** | | | |
| **Docket Text:** | *none.* | | |
| | PE - PENDING | | |
| **Filing Date:** | 14-SEP-2015 | | |
| **Filing Party:** | | | |
| **Disposition Amount:** | | | |
| **Docket Text:** | *none.* | | |
| | 800FF - CAFF | | |
| **Filing Date:** | 14-SEP-2015 | | |
| **Filing Party:** | WHITE, TINA M | | |
| **Disposition Amount:** | | | |
| **Docket Text:** | *none.* | | |
| 1 | CCS - CIVIL COVER SHEET | | |
| **Filing Date:** | 14-SEP-2015 | | |
| **Filing Party:** | LITTLES JR, JAMES | | |
| **Disposition Amount:** | | | |
| **Docket Text:** | F/B PLTS | | |

| 2 | CMP - COMPLAINT | |
|---|---|---|
| **Filing Date:** | 14-SEP-2015 | |
| **Filing Party:** | LITTLES JR, JAMES | |
| **Disposition Amount:** | | |
| **Docket Text:** | F/B PLTS | |
| 3 | EXHB - EXHIBIT | |
| **Filing Date:** | 14-SEP-2015 | |
| **Filing Party:** | LITTLES JR, JAMES | |
| **Disposition Amount:** | | |
| **Docket Text:** | NOT ATTACHED TO COMPLAINT F/B PLTS | |
| 4 | EXHB - EXHIBIT | |
| **Filing Date:** | 14-SEP-2015 | |
| **Filing Party:** | LITTLES JR, JAMES | |
| **Disposition Amount:** | | |
| **Docket Text:** | NOT ATTACHED TO COMPLAINT F/B PLTS | |
| | RCPT - RECEIPT FOR PAYMENT | |
| **Filing Date:** | 21-SEP-2015 | |
| **Filing Party:** | WHITE, TINA M | |
| **Disposition Amount:** | | |
| **Docket Text:** | A Payment of -$401.00 was made on receipt CAMB1024540. | |
| 5 | CMP - COMPLAINT | |
| **Filing Date:** | 28-SEP-2015 | |
| **Filing Party:** | LITTLES JR, JAMES | |
| **Disposition Amount:** | | |
| **Docket Text:** | AMENDED COMPLAINT F/B PLTF | |
| | RCPT - RECEIPT FOR PAYMENT | |
| **Filing Date:** | 07-OCT-2015 | |
| **Filing Party:** | WHITE, TINA M | |
| **Disposition Amount:** | | |
| **Docket Text:** | A Payment of -$20.00 was made on receipt CAMB1028578. | |
| 6 | SMIS - SUMMONS ISSUED | |
| **Filing Date:** | 07-OCT-2015 | |
| **Filing Party:** | SOLID WASTE AUTHORITY OF PALM BEACH COUNTY, | |

Not an Official Document

| Disposition Amount: | |
|---|---|
| Docket Text: | AS TO DFT SOLID WASTE AUTHORITY OF PALM BEACH COUNTY. COUNTER SM-15-066374 |

| 7 | SMIS - SUMMONS ISSUED | |
|---|---|---|
| Filing Date: | 07-OCT-2015 | |
| Filing Party: | SOUTHERN WASTE SYSTEMS LLC, | |
| Disposition Amount: | | |
| Docket Text: | AS TO DFT SOUTHERN WASTE SYSTEMS LLC. COUNTER SM-15-066375 | |

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY FLORIDA
CIVIL CASE NUMBER: 50201SCA010358 xyxx mB
AJ

TINA WHITE D/B/A BRILLANT MINDS
AND JAMES JR. ENTERPRISES INC.

       Plaintiff,

Vs                       SUMMONS UPON A CORPORATION

SOUTHERN WASTE SYSTEMS  LLC. and
Anthony Lomangino,  Anthony Badala,
Charles Gusmano and Charles Lomangino and
Palm Beach County Solid Waste Authority

        Defendant.

_____/

Date 10/7/15
Time 2:12 PM

Certified LRR 816
Process Server

**STATE OF FLORIDA:**

**To Each Sheriff of the State:**

     **YOU ARE COMMANDED** to serve this Summons and a copy of the
Complaint or Petitioner in this lawsuit on the above named defendant:

**Solid Waste Authority of Palm Beach County**
c/o Chairperson Mary Lou Berger or in her absence
Vice Chairperson Hal R. Valaeche or in his absence
Any of the following Commissioners
Melisa McKinlay, Shelly Vana, Paulette Burdick Steven L. Abrams
Or  Priscilla A. Taylor
**SWA Auditorium in the Administration Building**
7501 N. Jog Road
**West Palm Beach, FL 33412**

**IMPORTANT**

     A law suit has been filed against you. You have 20 calendar days after this summons is
served on you to file a written response to the attached complaint with the Clerk of this Court. A
phone call will not protect you.  Your written reasons, including the case number given above
and the names of the parties, must be filed if you want the court to hear your side of the case.  If

**EXHIBIT**

**4**

you don not file your response on time, you may lose your case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you chose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your write response to the "Plaintiff/Plaintiff's Attorney" named below.

OCI - 7 2015

*Andrew DeGraffenreidt*
Attorney for the Plaintiff
319 Clematis Street, Suite 602
West Palm Beach, FL 33401
(561) 596-6420
Florida Bar No. 0218121
adegraffenreidt@gmail.com

Clerk of the Court
**BELVA HAMILTON**

By:_____
    As Deputy Clerk

SHARON R. BOCK
Clerk & Comptroller
P.O. Box 4667
West Palm Beach, Florida
33402-4667

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY FLORIDA
CIVIL CASE NUMBER: *502015CA010358XXXX MB AJ*

TINA WHITE D/B/A BRILLIANT MINDS
AND JAMES JR. ENTERPRISES INC.

        Plaintiff,

Vs                      SUMMONS UPON A CORPORATION

SOUTHERN WASTE SYSTEMS  LLC. and
Anthony Lomangino,  Anthony Badala,
Charles Gusmano and Charles Lomangino and
Palm Beach County Solid Waste Authority

        Defendant.

_Time = 10:30 AM_
_Date = 10/8/2015_
_Certified Process Server 816_

_____/

**STATE OF FLORIDA:**

**To Each Sheriff of the State:**

      **YOU ARE COMMANDED** to serve this Summons and a copy of the
Complaint or Petitioner in this lawsuit on the above named defendant:

              SOUTHERN WASTE SYSTEMS LLC.
          C/O GUSMANO, CHARLES, Registered Agent
                 2380 College Ave
                Davie, FL 33317-7190

                    **IMPORTANT**
      A law suit has been filed against you. You have 20 calendar days after this summons is
served on you to file a written response to the attached complaint with the Clerk of this Court. A
phone call will not protect you. Your written reasons, including the case number given above
and the names of the parties, must be filed if you want the court to hear your side of the case. If
you do not file your response on time, you may lose your case, and your wages, money, and
property may thereafter be taken without further warning from the court. There are other legal
requirements. You may want to call an attorney right away. If you do not know an attorney, you
may call an attorney referral service or a legal aid office (listed in the phone book



EXHIBIT
4

If you chose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your write response to the "Plaintiff/Plaintiff's Attorney" named below.

OCT - 7 2015

*Andrew DeGraffenreidt*

Attorney for the Plaintiff
319 Clematis Street, Suite 602
West Palm Beach, FL 33401
(561) 596-6420
Florida Bar No. 0218121
adegraffenreidt@gmail.com

Clerk of the Court
**BELVA HAMILTON**

By:_____
    As Deputy Clerk

SHARON R. BOCK
Clerk & Comptroller
P.O. Box 4667
West Palm Beach, Florida
33402-4667

Filing # 32562395 E-Filed 09/28/2015 02:31:21 PM

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH
COUNTY FLORIDA

CIVIL CASE NUMBER: 2015CA010358XXXXMB AJ

TINA M. WHITE D/B/A BRILLIANT
MINDS STRATEGIES, INC. and
JAMES LITTLES, JR. D/B/A
JAMES JR. ENTERPRISE, INC.

        Plaintiffs,

VS.

SOUTHERN WASTE SYSTEMS, LLC and
SOLID WASTE AUTHORITY OF
PALM BEACH COUNTY,

        Defendants.

_____/

### AMENDED COMPLAINT

Plaintiffs TINA M. WHITE and JAMES LITTLES, JR. sues the Defendants
SOUTHERN WASTE SYSTEMS, LLC, et al and SOLID WASTE AUTHORITY OF PALM
BEACH COUNTY and allege:

### JURISDICTION AND VENUE

1.   Tina M. White is a Black American Female Palm Beach County Certified Small Business
Enterprise (hereinafter "PBCO SBE or PBCO SBEs"), doing business as Brilliant Minds
Strategies, Inc. with its principal place of business in Palm Beach County, Florida.

2.   James Littles is a Black American Male Palm Beach County Certified Small Business
Enterprise (hereinafter "PBCO Certified SBE or PBCO Certified SBEs"), doing business as
James Jr. Enterprise, Inc. with its principal place of business in Palm Beach County, Florida.

3.  Southern Waste Systems, LLC (hereinafter "SWS") is a Florida corporation with it principal
place of business in Palm Beach County.  SWS operates, conducts, engages in and carries on a
business or business venture in Florida. As a result, personal jurisdiction is appropriate.

4.  (hereinafter "Authority Governing Board " or "Authority") is a Florida governmental
corporation with its principal place of business in Palm Beach County.

1

5.  Venue is proper in this Court because Defendant SWS and all of the parties reside and have offices located within Palm Beach County, Florida, and all the acts described herein occurred within Palm Beach County, Florida.

6.  Venue is proper in this Court because Defendant Authority Governing Board and all of the parties reside and have offices located within Palm Beach County, Florida, and all the acts described herein occurred within Palm Beach County, Florida.

## PRELIMINARY STATEMENT

7.  In October 2012 Palm Beach County of Commissioners in their capacity as Defendant Solid Waste Authority Governing Board of Palm Beach County (hereinafter "Authority Governing Board" or "Authority"), voted to approve Public BID 14-201/SLB for solid waste collections and recoverable material services, to be awarded as a final contract on February 13, 2013 for five (5) years from October 1, 2013 through September 1, 2018 for service areas 1, 2, 3, and 4 collectively valued at $205.7 million dollars for the unincorporated residential and commercially zoned areas of Palm Beach County (hereinafter "PBCO").

8.  In October 2012 Defendant Authority Governing Board voted to approve for the first time, reducing the minimum qualifying experiences for Public BID 14-201/SLB, which permitted SWS its first opportunity to bid since becoming a corporation in the State of Florida in 1999, for the largest solid waste and recoverable material collections services contract issued by a governmental agency in PBCO for four (4) service unincorporated residential and commercial areas.

9.  In October 2012 Defendant Authority Governing Board also voted to approve for the first time to include a Mandatory Pre-Qualifying Requirement for Certified Small Business Enterprises domiciled in PBCO (herein after ("SBEs" or "SBE"), which required all bidders submitting sealed responses to document subcontracting participation in the minimum amount of 15% in order to Pre-Qualify and Advance to the next step in Public BID 14-201/SLB process, sworn.

10.  On January 9, 2013 Defendant SWS Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant, swore under penalty of perjury and disqualification in sealed responses to comply with Public BID 14-201/SLB Mandatory-Public BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8,  Pre-Qualification Process Affidavit of SBE Participation, in order to Pre-Qualify and Advance to the next step in the bid process, to subcontract with Black American Female PBCO Certified SBE, Plaintiff Tina M. White, d/b/a Brilliant Minds Strategies, Inc. in the amount of $627,500 to provide contract administrative and SBEs management services, and further to subcontract with Black American Male PBCO Certified SBE, Plaintiff James Littles Jr., d/b/a James Jr. Enterprises, Inc. in the amount of $998,000 to provide vegetation pickup and truck towing services, if awarded service area 4 from October 1, 2013 through September 30, 2018.

2

11.  On January 9, 2013 Defendant SWS was one of four (4) bidders vying for service areas 1, 2, 3, and 4, collectively valued at $205.7 million dollars, who submitted sealed responses to comply with Public BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8, Pre-Qualifying Requirement D, PBCO Certified SBE Minimum 15% Subcontracting Participation, by swearing under penalty of perjury and disqualification to Pre-Qualify and Advance to the next step in the bid process to subcontract with Certified SBEs domiciled in PBCO; if awarded a contract with Defendant Authority Governing Board  on February 13, 2013.

12.  On January 17, 2013 Defendant Authority Governing Board  demonstrated strict Pre-Qualifying compliances for Public BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8, Pre-Qualifying Requirement D, PBCO Certified SBEs, and evidenced in their actions at the recommendations of Defendant Authority Governing Board (staff) Executive Director Mark Hammond, Attorney Jim Mize and Purchasing Services Director Saundra Brady, in finding that Waste Pro of Florida, Inc.'s sealed responses to Pre-Qualify and Advance to the next step in the bid process, did not  comply with Mandatory Pre-Qualifying Requirement D, PBCO Certified SBE 15%  Minimum Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plans for service areas 1, 2, 3, and 4, and was deemed non-responsive and disqualified; despite being the lowest bidder for all four (4) service areas, and rates saving taxpayers in the unincorporated residential and commercial areas of PBCO $5 million dollars from October 1, 2013 through September 30, 2018.

13.  On February 18, 2013 Defendant Authority Governing Board 's intended strict compliances were demonstrated again when final five (5) years contracts were executed with four (4) bidders: Defendant SWS, Republic Services, Inc., Advanced Disposal Services, Inc. and Waste Management, Inc. assigned to Waste Pro of Florida, Inc. for service areas 1, 2, 3, and 4 from October 1, 2013 through September 30, 2018, delineated in BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8, Pre-Qualifying Requirement D, PBCO Certified SBEs Minimum 15% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE  Plans, incorporated into final contracts-Section 42-Small Business Enterprise and Local Business Participation-Pages41-44.

14.  Plaintiff White and Plaintiff Littles were two (2) of Defendant SWS BID 14-201/SLB Mandatory- Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8,  Pre-Qualifying Requirement D, PBCO Certified SBEs 15.3 % SBEs Subcontracting Participants from October 1, 2013 through September 30, 2018 for service area 4, and two (2) of the intended third party beneficiaries incorporated into Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages41- 44.

15.  On February 18, 2013 Defendant Authority Governing Board  delineated clear, plain and strict compliances for Defendant SWS to subcontract with Pre-Qualifying PBCO Certified SBEs executed into Defendants' final contract, which could only be modified by the Authority's Governing approving by amendment in a publicly noticed meeting; after Defendant SWS demonstrated to the Authority's Governing  that Plaintiff White and Plaintiff Littles were unwilling or unable to provide the agreed upon services and rates, in Defendant SWS' seal responses on PBCO Certified 15% SBEs Subcontracting Participation Schedules Numbers 1, 2, 3

3

Bona Fide Efforts SBE  Plan-Page 4 submitted to Pre-Qualify for Public BID 14-201/SLB on January 9, 2013, in accordance with Agreement 14-205- Section 28 Notice-Page 37, Section 37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

## GENERAL ALLEGATIONS

16.  ·  This is an action for declaratory relief to enforce Defendant SWS and Defendant Authority Governing Board  to strictly comply with publicly advertised BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8, published in the Palm Beach Post newspaper on November 13, 2012 for solid waste collections and recoverable materials services, which required a Mandatory Pre-Qualifying Requirement D specification of a Minimum 15% Subcontracting Participation with Certified SBEs domiciled in PBCO, in order for Defendant SWS to Pre-Qualify and Advance to the next step in the bid process, and to become eligible to be awarded  a conservatively valued $44.7 million dollars five (5) years contract, Agreement 14-205 executed on February 18, 2013 for service area 4: unincorporated Boynton Beach, Delray Beach  to strictly Boca Raton, Florida from October 1, 2013 through September 30, 2018. SEE COPY ATTACHED AS EXHIBIT A- Executed Agreement 14-2015 AND COPY ATTACHED AS EXHIBIT B-Public BID 14-201/SLB

17.  In August 2014 Defendant Authority Governing Board  (staff) Executive Director Mark Hammond, Attorney Jim Mize and Director Purchasing Services Saundra evidenced modifying Defendant SWS Pre-Qualifying sealed responses for BID 14-201/SLB, PBCO Certified SBEs 15.3% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE  Plan-Page 4, incorporated into Defendants' final contract, Agreement 14-205 on February 18, 2013; after Defendant SWS Pre-Qualified on January 9, 2013, and after the letting of the award on February 13, 2013, and after executing the final contract, Agreement 14-205 on February 18, 2013, in known violations of Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44. This precedent condition was not complied with by Defendants.

18.  In accordance with Defendants' final contract executed February 18, 2013, Agreement 14-205-Page 1-Solid Waste and Recycling Collection Franchise Agreement Service Area 4 is between , a special district created pursuant to Chapter 2001-331, Laws of Florida, (hereinafter referred to as the "Authority") and Southern Waste Systems LLC (hereinafter referred to as "Contractor").

19.  In accordance with Defendants' final contract executed February 18, 2013, Agreement 14-205-Page 1-Term: The term of this Agreement shall be for the period beginning October 1, 2013 and expiring September 30, 2018.

4

20.   In accordance with Defendants' final contract executed February 18, 2013, Agreement 14-205-Section Q-Page 6-Contractor Administrator shall mean the person designated by the Authority, who shall act as the Authority's representative during the terms of this Agreement.

21.   On February 14, 2013 under the signature of Defendant Authority Governing Board  (staff) Director Purchasing Services Saundra Brady, sent a letter to Defendant SWS Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant for Public BID 14-201/SLB Mandatory- Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8, Pre-Qualification Process Affidavit Participation of SBE, and in pertinent part the letter stated, "The Authority's Governing confirmed the Solid Waste and Recycling Collections Services franchise awards at their public meeting February 13, 2013, and authorized the Executive Director to execute said Franchise Agreement on its behalf. Your firm is the awardee for Service Area No. 4, Franchise Agreement No. 14-205."

"To recap, the following items are required": 1. Franchise Agreement Executed. 2. Performance Bond. 3. Certificate of Corporate Authority Executed. 4. Certificate of Insurance in accordance with Section 24 of Franchise Agreement. 5. Section 29, Notice, Page 35 of Franchise Agreement-Contact Person.

"Any questions about Franchise Agreement, please contact John Archambo."

22.   In accordance with Defendants' final contract executed February 18, 2013, Agreement 14-205-Section 28 Noticed-Page 37 states, "Any notice, demand, communication, or request required or permitted hereunder shall be in writing and delivered in person or sent by certified mail, postage prepaid as follows:" Attention: Contract Administrator currently John Archambo, Copy to: Executive Director  currently Mark Hammond.

23.   In accordance with Defendants' final contract, Agreement 14-205, Section 28 Notice-Page 37, Defendant SWS failed to comply with the requirement to provide notice to Defendant Authority Governing Board , via Contract Administrator John Archambo and Copy to Executive Director Mark Hammond, to request the Authority's Governing  to consider modifying Defendants' final contract, Agreement 14-205, to eliminate Pre-Qualifying PBCO Certified SBEs, Plaintiff White and Littles' services and rates submitted by Defendant to Pre-Qualify on January 9, 2013, and to comply with BID 14-201/SLB-Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8 , Pre-Qualifying Requirement D, PBCO Certified SBEs 15.3% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4, which included Plaintiff White in the amount of $627,500-3%, and further Plaintiff Littles in the amount of $998,000-6%. This precedent condition was not complied with by Defendants.

5

24.  In October 2013 and August 2014 in known violations of Defendants' final contract, Agreement 14-205, Section 28 Notice-Page 37, Defendant Authority Governing Board (staff) Director of Purchasing Services Saundra Brady, Atty. Mark Hammond and Atty. Jim Mize evidenced failing to enforce the requirement, which dictates that Defendant SWS has to provide notice to Defendant Authority Governing Board , via Contract Administrator John Archambo and Copy to Executive Director Mark Hammond, to request the Authority's Governing  to consider modifying Defendants' final contract, Agreement 14-205, to eliminate Pre-Qualifying PBCO Certified SBEs, Plaintiff White and Littles' services and rates submitted by Defendant to Pre-Qualify on January 9, 2013, and to comply with BID 14-201/SLB-Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8 , Pre-Qualifying Requirement D, PBCO Certified SBEs 15.3% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4, which included Plaintiff White in the amount of $627,500-3%, and further Plaintiff Littles in the amount of $998,000-6%. This precedent condition was not complied with by Defendants.

25.  In accordance with Defendants' final contract executed February 18, 2013, Agreement 14-205-Section 37-Modification-Page 40 states, Modification: This Agreement constitutes the entire contract and understanding between the parties hereto, and it shall not be considered modified, altered, changed, or amended in any respect unless in writing and signed by the parties hereto. Such modification shall be in the form of an Amendment executed by both parties.

26.  In accordance with Defendants' final contract executed February 18, 2013, Agreement 14-205-Section 37-Modification-Page 40, Defendant SWS failed to comply with the requirement that the Authority's Governing  is the only entity empowered to consider eliminating Pre-Qualifying PBCO Certified SBEs, Plaintiff White and Littles' services and rates, and approve by amendment in a publicly noticed meeting to modify Defendant SWS' BID 14-201/SLB- Mandatory Pre-Qualifying Requirement D, PBCO Certified SBEs 15.3% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4, submitted on January 9, 2013 to Pre-Qualify and Advance to the next step in the bid process.  This precedent condition was not complied with by Defendants.

27.  In October 1, 2013 and August 2014 in known violations of Defendants' final contract executed February 18, 2013, Agreement 14-205-Section 37-Modification-Page 40, Defendant Authority Governing Board (staff) Director of Purchasing Services Saundra Brady, Atty. Mark Hammond and Atty. Jim Mize evidenced circumventing the Authority's Governing , by modifying Defendant SWS' BID 14-201/SLB- Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8 , Mandatory Pre-Qualifying Requirement D, PBCO Certified SBEs 15.3% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4, submitted on January 9, 2013 to Pre-Qualify and Advance to the next step in the bid process; which eliminated Pre-Qualifying PBCO Certified SBEs, Plaintiff White and Littles' services and rates, established in Defendant SWS' BID 14-201/SLB- Mandatory Pre-Qualifying

Requirement D, PBCO Certified SBEs 15.3% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4, submitted on January 9, 2013 to Pre-Qualify and Advance to the next step in the bid process. This precedent condition was not complied with by Defendants.

28. In accordance with Defendants' final contract executed February 18, 2013, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, in pertinent part-"In absence of due cause, must use all of the certified local SBE suppliers and contractors listed by the Contractor in its' response to the Invitation to BID, unless the local SBE Contractor becomes unwilling or unable to perform. Contractor shall not replace a listed, local SBE until the Authority has confirmed that the listed, local SBE is unwilling or unable to perform, the local SBE must be replaced with another certified local SBE supplier or contractor unless otherwise authorized by the Authority."

29. In accordance with Defendants' final contract executed February 18, 2013, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, Section 28 Notice-Page 37 and Section-37-Modification-Page 40, Defendant SWS failed to comply with the requirement to demonstrate to the Authority's Governing that Pre-Qualifying PBCO Certified SBEs Plaintiff White and Plaintiff Littles were unwilling or unable to provide services and rates for service area 4 from October 1, 2013 through September 30, 2018. This precedent condition was not complied with by Defendants.

30. In October 2013 and August 2014 in known violations of Defendants' final contract, Agreement 14-205, Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, Defendant Authority Governing Board  (staff) Executive Director Mark Hammond, Attorney Jim Mize and Director Purchasing Services Saundra Brady, failed to enforce that Defendant SWS demonstrate to the Authority Governing Board in a publicly noticed meeting that Plaintiff White and Plaintiff Littles were unwilling or unable to provide services and rates as Defendant SWS represented on January 9, 2013 to Pre-Qualify for BID 14-201/SLB. This precedent condition  was not complied with by Defendants.

31. In accordance with final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, Defendant SWS were further required to demonstrate to the Authority's Governing  that they did not falsely represent on January 9, 2013 in order to Pre-Qualify and advance to the next step in BID 14-201/SLB-Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8 , that they would use the services and rates of Pre-Qualifying PBCO Certified SBEs, Plaintiff White and Plaintiff Littles if awarded service area 4 from October 1, 2013 through September 30, 2018. This precedent condition was not complied with by Defendants.

7

32. In October 2013 and August 2014 in known violations of Defendants' final contract, Agreement 14-205-Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, Defendant Authority Governing Board (staff) Executive Director Mark Hammond, Attorney Jim Mize and Director Purchasing Services Saundra Brady, failed to enforce that Defendant SWS demonstrate to the Authority Governing Board that Defendant did not falsely represent subcontracting on January 9, 2013 with Plaintiff White in the amount of $627,500-3% and Plaintiff Littles in the amount of $998,000-6% to Pre-Qualify for BID 14-201/SLB. This precedent condition was not complied with by Defendants.

33. In accordance with Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, the Authority's Governing established contract breach and disbarment as penalties for Defendant SWS' failures to demonstrate bona fide efforts to implement BID 14-201/SLB-Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8 Subcontracting Participation Schedule Number 3 Bona Fide Efforts SBE Plan-Page 4, to subcontract with willing and able Pre-Qualifying PBCO Certified SBEs Plaintiff White and Plaintiff Littles for service area 4 from October 1, 2013 through September 30, 2018, which in pertinent part states, "by falsely representing that it will use the services or purchase commodities from an local SBE firm, and subsequently not doing so without demonstrating reasonable cause, or failure to comply with the local SBE requirements under Section 42 of the contract, shall be considered a breach of contract, and further, shall be cause for debarment, in accordance with the Authority's Purchasing Manual, Section 11- Paragraphs D or E"; which prohibits Defendant SWS from bidding for Defendant Authority Governing Board 's next competitive solicitation anticipated November 2017 for a five (5) years contract from October 1, 2018 through September 30, 2023.

34. On October 1, 2013 Defendant SWS evidenced breaching Defendants' final contract, Agreement 14-205, in known violations of Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, by refusing to execute contracts with Pre-Qualifying PBCO Certified SBEs Plaintiff White and Plaintiff Littles, in accordance with Defendant SWS' sealed responses for BID 14-201/SLB-Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8 , Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4, submitted on January 9, 2013 to Pre-Qualify and Advance to the next step in the bid process.

35. In accordance with final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, Defendant SWS were further required to demonstrate to Defendant Authority Governing Board that they did not breach final contract, by engaging in bid shopping, and eliminating the only two (2) Black American Pre-Qualifying PBCO Certified SBEs Plaintiff White and Plaintiff Littles' rates and services on October 1, 2013 without the Authority's Governing approval by amendment in a publicly noticed meeting, for Favored Non-Pre-Qualifying, white male firm, John Pata, d/b/a Jet Hauling, Inc., who did not contribute to Defendant Pre-Qualifying and Advancing to the next step in BID 14-201/SLB process on January 9, 2013. This precedent condition was not complied with by Defendants.

36.   On October 1, 2013 Defendant SWS evidenced breaching Defendants' final contract, Agreement 14-205, in known violations of Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, by engaging in bid shopping, and eliminating the only two (2) designated Black American Pre-Qualifying PBCO Certified SBEs, Plaintiff White and Plaintiff Littles' rates and services without the Authority's Governing approval by amendment in a publicly noticed meeting, for Favored Non-Pre-Qualifying, white male firm, John Pata, d/b/a Jet Hauling, Inc., who did not contribute to Defendant SWS Pre-Qualifying for BID 14-201/SLB on January 9, 2013.

37.   On October 1, 2013 Defendant SWS evidenced breaching Defendants' final contract, Agreement 14-205, in known violations of Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, by falsely representing they would use the services and rates of Pre-Qualifying PBCO Certified SBEs Plaintiff White in the amount of $627,500 and Plaintiff Littles in the amount of $998,000.

38.   On October 1, 2013 to Present 2015, Defendant Authority Governing Board  (staff) Executive Director Mark Hammond, Atty. Jim Mize and Director Purchasing Services Saundra Brady, as well as the Authority's Governing has evidenced turning blind eyes to Defendant SWS' known contract breaches, and continues to neglect their fiduciary duties to enforce clear and plain compliances for Pre-Qualifying PBCO Certified SBEs Plaintiff White and Plaintiff Littles, which unequivocally states in BID 14-201/SLB-Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8 that if not complied with, shall results in the Authority's Governing  declaring Agreement 14-205 breached, and applying the penalty of disbarment in accordance  with the Authority's Purchasing Manual-Section 11-Paragraph D or E, delineated in Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

39.   Defendant SWS Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant's promises, sworn oath and representations were false, and known to be false at the times they were made to subcontract with Plaintiff Littles for vegetation pickup and truck towing services in the amount of $998,000,  and further to subcontract with Plaintiff White for contract administrative and SBEs management services in the amount of $627,500, in order to Pre-Qualify and Advance to the next step in BID 14-201/SLB process, and as sworn under penalty of perjury and disqualification on January 9, 2013, if awarded contract for service area 4 as a Mandatory pre-requisite to be awarded subject solid waste collections and recoverable materials services agreement.

40.   Defendant SWS Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant's promises, sworn oath, and representations were made in bad faith for the sole purpose of inducing Plaintiff Littles to contribute six (6%) percent, and further for Plaintiff White to contribute three (3%) percent to Defendant complying with Minimum 15% PBCO Certified SBEs Subcontracting, required for Defendant to Pre-Qualify for BID 14-201/SLB-Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8 on January 9, 2013, to clear the path for Defendant to execute their most lucrative governmental

contract to date on February 18, 2013 with Defendant Authority Governing Board  from October 1, 2013 through September 30, 2018, conservatively valued at $44.7 million dollars.

41.   In October 2013 and August 2014 Defendant Authority Governing Board  (staff) Executive Director Mark Hammond, Attorney Jim Mize, and Director Purchasing Services Saundra Brady, evidenced approving Defendant SWS' requests to eliminate Plaintiff Littles vegetation pick up and truck towing services in the amount of $998,000, and substituting Plaintiff Littles' services and rates for Defendant SWS' Favored Non-Pre-Qualifying, white male firm, John Pata, d/b/a Jet Hauling, Inc. Certified as a PBCO SBE on April 3, 2013; three (3) months after Defendant Pre-Qualified for BID 14-201/SLB on January 9, 2013 with Plaintiff contributing 6% to Defendant's Mandatory PBCO Certified SBE Subcontracting Participation for service area 4 from October 1, 2013 through September 30, 2018, in known violations of Defendants' final contract, Agreement 14-205, Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

42.   On October 1, 2013 and August 2014 Defendant Authority Governing Board  (staff) Executive Director Mark Hammond, Attorney Jim Mize, and Director Purchasing Services Saundra Brady, evidenced approving Defendant SWS' requests to eliminate Plaintiff White's contract administrative and SBEs management services in the amount of $627,500, and substituting Plaintiff services and rates for Defendant SWS' Favored Non-Pre-Qualifying, white male firm, John Pata, d/b/a Jet Hauling, Inc. Certified as a PBCO SBE on April 3, 2013; three (3) months after Defendant Pre-Qualified for BID 14-201/SLB on January 9, 2013 with Plaintiff contributing 3% to Defendant's Mandatory PBCO Certified SBE Subcontracting Participation for service area 4 from October 1, 2013 through September 30, 2018, in known violations of Defendants' final contract, Agreement 14-205, in known violations of Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

43.   It is our assertions that Defendant SWS committed public BID 14-201/SLB Fraud on January 9, 2013 to Pre-Qualify and Advance to the next step in the bid process, by falsely representing to subcontract with Plaintiff White and Plaintiff Littles, if awarded service area 4 from October 1, 2013 through September 30, 2018, the only two (2) designated Black American Pre-Qualifying PBCO Certified SBEs participants in Defendant Authority Governing Board collective award of $202.7 million dollars to four (4) contractors, with first time Mandatory PBCO Certified SBEs Minimum 15% Subcontracting Participation Bid Specifications, which had stated disqualification penalties if not strictly complied with by Defendant SWS on January 9, 2013 to Pre-Qualify and become eligible to execute a conservatively valued $44.7 million dollars contract with Defendant Authority Governing Board  on February 18, 2013.

44.   On January 9, 2013 Defendant SWS Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant in bad faith swore on BID 14-201/SLB Mandatory Pre-Qualification Process Affidavit of SBE Participation under penalty of perjury and disqualification to subcontract with Plaintiff White, the only Black American Female Pre-Qualifying PBCO Certified SBE, and further, Plaintiff Littles, the only Black American Male Pre-Qualifying PBCO Certified SBE, and used them as "Token Black American Seat Warmers" to Pre-Qualify and Advance to the next step in BID 14-201/SLB process on January 9, 2013; and

then immediately and unilaterally eliminated the Plaintiffs' services and rates after the letting of the award on February 13, 2013, and after executing final contract, Agreement 14-205 conservatively valued at $44.7 million dollars on February 18, 2013; for Favored Non-Pre-Qualifying, white male firm, John Pata, d/b/a Jet Hauling, Inc. Certified as a PBCO SBE on April 3, 2013; three (3) months after Defendant Pre-Qualified on January 9, 2013 with Plaintiff Littles contributing 6% and Plaintiff White contributing 3% to Defendant's 15.3% Mandatory PBCO Certified SBE Subcontracting Participation Schedule Number 3 Bona Fide Efforts SBE Plan-Page 4 for service area 4 from October 1, 2013 through September 30, 2018.

45.  In December 2012 in preparations to bid Defendant SWS evidenced strictly complying with BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8, Pre-Qualifying Requirement D, PBCO Certified SBEs Minimum 15% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plans for service areas 1, 2, 3, and 4, by advertising in the Palm Beach Post newspaper from December 13 through 17, 2012, LEGAL NOTICE, AD Name 75555 and AD ID 75555A, for the sole purpose of recruiting and enticing third party beneficiaries, Certified SBEs domiciled in PBCO to contribute to Defendant Pre-Qualifying and Advancing to the next step in the bid process on January 9, 2013.

46.  Defendant SWS submitted on January 9, 2013 to prequalify in a sealed envelope to Defendant Authority Governing Board for BID 14-201/SLB, three (3) PBCO Certified SBEs, which were identified on FORM D SBE Minimum 15% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plans-Page 4 for service areas 1,2, 3, and 4, which included Plaintiff White and Plaintiff Littles to comply with BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8, Pre-Qualifying Requirement D, PBCO Certified SBEs Minimum 15% Subcontracting Participation; the only bid specification that consequentially stated, "Shall result in automatic disqualification from advancing to the next step in the bid process, deeming bidder non-responsive if not complied with" which included Forms A through E. SEE COPY ATTACHED AS EXHIBIT C: Defendant SWS' Pre-Qualifying Sealed Responses Submitted January 9, 2013 to Defendant Authority Governing Board

47.  On January 9, 2013 Defendant Authority Governing Board affirmed that Defendant SWS' sealed responses evidenced strictly complying with BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, 8 to Pre-Qualify and Advance to the next step in the bid process, which included PBCO Certified SBEs Plaintiff White and Plaintiff Littles as two of their intended third party beneficiaries, collectively contributing nine (9%) percent, the majority of the subcontracting participation for Defendant to comply with their Mandatory 15.3% Monthly Subcontracting for service area 4.

48.  Defendant SWS in December 2012 evidenced before BID 14-201/SLB submit deadline of January 9, 2013, thoroughly investigating the capabilities of the only Black American Female PBCO Certified SBE, Plaintiff White, d/b/a Brilliant Minds Strategies, Inc., and the only Black American Male PBCO Certified SBE, Plaintiff Littles, d/b/a James Jr. Enterprises, Inc., abilities to timely provide designated services from October 1, 2013 through September 30, 2018; and Defendant determined that the services and rates offered by Plaintiff White and Plaintiff Littles were acceptable, appropriate, and needed for them to fulfill their bona fide obligations with

11

Defendant Authority Governing Board ; if awarded a final contract on February 13, 2013 for service areas 1, 2, 3, or 4.

49.   On or before January 9, 2013 in preparations for Defendant SWS to Pre-Qualify, Defendant required Plaintiff White and Plaintiff Littles to consent by their signatures, to provide services and rates for five (5) years from October 1, 2013 through September 2018 on Defendant's BID 14-201/SLB Mandatory Minimum 15% PBCO Certified SBE Subcontracting Participation Schedule Number 2 Intent Forms, and promised, represented and swore to Plaintiffs and Defendant Authority Governing Board  to contract with Plaintiff White in the amount of $627,500 and Plaintiff Littles in the amount of $998,000 for five (5) years from October 1, 2013 through September 30, 2018, if Defendant was awarded a contract on February 13, 2013 for service area 4.

50.   On January 17, 2013 Defendant Authority Governing Board  deemed Defendant SWS' competitor Waste Pro of Florida, Inc. non-responsive and disqualified, at the recommendations of Defendant Authority Governing Board  (staff) Executive Director Mark Hammond, Attorney Jim Mize, and Director Purchasing Services Saundra Brady, for failing to comply with BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8 Pre-Qualifying Requirement D, Minimum 15% PBCO Certified SBEs Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plans for service areas 1, 2, 3, 4; despite that Waste Pro of Florida, Inc. was the lowest bidder for service areas 1, 2, 3, 4, whose rates would have saved  residential and commercial taxpayers in the unincorporated areas of PBCO $5 million dollars from October 1, 2013 through September 30, 2018.

51.   On February 13, 2013 Defendant SWS was the second lowest bidder, and awarded a five (5) years contract conservatively valued at $44.7 M for service area 4 from October 1, 2013 through September 30, 2018, and the final contract was executed February 18, 2013 with Defendant Authority Governing Board , which incorporated Defendant SWS' Pre-Qualifying sealed responses for BID 14-201/SLB Mandatory Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8 Pre-Qualifying Requirement D, PBCO Certified SBEs 15.3% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE  Plan-Page 4 for service area 4, mandating contracting with Plaintiff White $627,500-3% and Plaintiff Littles $998,000-6% for five (5) years, in compliance with Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and  Local Business Participation-Pages 41-44.

52.   In pertinent part the following provisions were requirements for Defendant SWS to Pre-Qualify, and execute a final contract, Agreement 14-205 on February 18, 2013 with Defendant Authority Governing Board : BID 14-201/SLB Mandatory- Section 25- Small Business Enterprise Participation-Pages 6, 7, and 8: "The Authority Governing Board  has set fifteen (15%) percent as the Authority's goal for local Small Business Enterprise Participation in contracts and purchases. For the purposes of this solicitation the percentage of participation shall be calculated by dividing the proposed annual payments to be made to certified, local SBEs providing goods and/or services necessary to support the required services under the agreement by 60% of the grand total annual cost as reflected on the bid form."

53.   Defendant Authority Governing Board  documented in plain language strict compliances for BID 14-201/SLB Mandatory- Section 25- Small Business Enterprise Participation-Pages 6, 7, and 8, Pre-Qualifying Requirement D PBCO Certified SBEs Minimum 15% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4, incorporated into Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41- 44.

54.   Defendants' final contract, Agreement 14-205 provides in pertinent part: Section 42-Small Business Enterprise and Local Business Participation-Pages 41- 44-"In response to the invitation to BID, the Contractor provided a list of local businesses that will be used on the Contract. That list is incorporated herein as a part of this contract."

SECTION 42-SMALL BUSINESS ENTERPRISE AND LOCAL BUSINESS PARTICIPATION-Pages 41-44-" In absence of due cause, must use all of the certified local SBE suppliers and contractors listed by the Contractor (SWS) in its response to the Invitation to BID, unless the local SBE Contractor becomes unwilling or unable to perform."

SECTION 42-SMALL BUSINESS ENTERPRISE AND LOCAL BUSINESS PARTICIPATION-Pages 41-44-"Contractor shall not replace a listed local SBE, until the Authority has confirmed that the listed local SBE is unwilling or unable to perform."

Section 42-SMALL BUSINESS ENTERPRISE AND LOCAL BUSINESS PARTICIPATION-Pages 41-44-"DISBARMENT SWA PURCHASING MANUAL-SECTION 11-PARAGRAPH D OR E- "Contractor submitted local SBE Bona Fide Efforts SBE Plan, showing how it will assist the Authority in achieving this goal through local SBE supplier and subcontractor participation or any other method is incorporated into this Agreement."

"The Authority will require documentary proof semi-annually, acceptable to the Authority, of the implementation, progress, and final outcome of the proposed local SBE Bona Fide Efforts SBE Plan. The Contractor is required to make a Bona Fide Effort to implement the Plan to do business with local SBEs, and to achieve the fifteen (15%) percent goal."

"Failure to make a Bona Fide Effort to implement Contractor's Plan, and to solicit, encourage, engage and pay local SBEs to provide goods and services related to the collection of solid waste and recovered materials in an effort to achieve the goal, shall be considered by the Authority as a failure to perform a material provision of the Contract, and further, shall be cause for debarment in- accordance with the Authority's Purchasing Manual, Section 11, Paragraph D or E."

55.   Defendant SWS represented, promised and agreed in Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44 to contract with Plaintiff White and Plaintiff Littles for the sole purpose of complying collectively with nine (9%) of BID 14-201/SLB Mandatory 15.3% Monthly Subcontracting Participation from October 1, 2013 through September 30, 2018 for service area 4.

56.   Defendant SWS firm by and through its representatives and agents Charles Lomangino General Manager and Shareholder, and Charles Gusmano, Co-Founder, President, CEO,

Managing Partner, Shareholder and Affiant swore on January 9, 2013, BID 14-201/SLB Mandatory- Section 25- Small Business Enterprise Participation-Pages 6, 7, and 8, Pre-Qualification Process Affidavit of SBE Participation, under penalty of perjury and disqualification to advance to the next step in the bid process, to contract with PBCO Certified SBE Plaintiff White for contract administrative and SBEs management services in the amount of $627,500, and further to contract with Plaintiff Littles for vegetation pickup and truck towing services in the amount of $998,000 from October 1, 2013 through September 30, 2018, if awarded service area 4.

57.    After Defendant SWS Pre-Qualified on January 9, 2013, and after the letting of the award on February 13, 2013, and after the execution of the final contract, Agreement 14-205, valued conservatively at $44.7 million dollars executed on February 18, 2013,  immediately and unilaterally on the start of their five (5) years contract with Defendant Authority Governing Board  on October 1, 2013, eliminated  the only two (2) designated Pre-Qualifying Black American PBCO Certified SBEs, Plaintiff White and Plaintiff Littles.

59.    On October 1, 2013 Defendant SWS breach final contract with Defendant Authority Governing Board  by eliminating Pre-Qualifying Black American PBCO Certified SBEs, Plaintiff White and Plaintiff Littles, without Defendant Authority Governing Board 's approval by amendment, for Favored Non-Pre-Qualifying, white male firm, John Pata d/b/a Jet Hauling, Inc., in known violation of final contract, Agreement 14-205-Section-42-Small Business Enterprise and Local Business Participation-Pages 41-44, which provides in pertinent part "Contractor shall not replace a listed local SBE, until the Authority has confirmed that the listed local SBE is unwilling or unable to perform."

60.    On January 9, 2013 Defendant SWS' Favored Non-Pre-Qualifying, white male firm, John Pata d/b/a Jet Hauling, Inc. was not Certified as a PBCO SBE,  and could not contribute to Defendant Pre-Qualifying and Complying with BID 14-201/SLB Mandatory- Section 25- Small Business Enterprise Participation-Pages 6, 7, and 8 specifications with consequential disqualification if not strictly adhered to, in order to become eligible to  execute with Defendant Authority Governing Board  on February 18, 2013 a conservatively valued $44.7 million dollars five (5) years contract, Agreement 14-205 for service area 4 from October 1, 2013 through September 30, 2018.

61.    At all times material and relevant Plaintiff White and Plaintiff Littles have continuously expressed to Defendants' their willingness and abilities to perform the services indicated, and as sworn by Defendant SWS Charles Gusmano on BID 14-201/SLB Mandatory- Section 25- Small Business Enterprise Participation-Pages 6, 7, and 8 Pre-Qualification Process Affidavit of SBE Participation sealed responses to Pre-Qualify on January 9, 2013.

62.    The subjects bid documents and contract for services further provides, BID 14-201/SLB Mandatory Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8-"Bidder's Plan will be incorporated into the final contract," Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44-

14

"Bidders are advised that falsely representing that it will use the services or purchase commodities from a local SBE firm, and subsequently not doing shall be considered a breach of contract, and further, shall be cause for debarment in accordance with the Authority's Purchasing Manual, Section 11- Paragraphs D or E." Disbarment Consequences: Defendant SWS prohibited from competing for Defendant Authority Governing Board 's next anticipated November 2017 bid for a five (5) years contract award from October 1, 2018 through September 30, 2023.

63. In accordance with BID 14-201/SLB-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8 relating to Contract compliance requirements provides in pertinent part as incorporated into final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Participation-Pages 41-44: "Any contractor or firm that falsely represents to the Authority, pursuant to a contract, that it is an SBE, or that it will utilize the services or commodities of an SBE, and subsequently does not do so without the prior written approval of the Authority may be in breach of contract."

64. In accordance with final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, Defendant SWS were further required to demonstrate to Authority Governing Board  that they did not breach final contract by eliminating Plaintiff White and Plaintiff Littles' rates and services on October 1, 2013 and August 2014 without their  approval by amendment, and further that their actions shall not be cause for debarment in accordance with the Authority's Purchasing Manual-Section 11- Paragraphs D or E.  This precedent condition was not complied with by Defendants.

65. In accordance with final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, Defendant SWS were further required to demonstrate to Authority Governing Board  that they did not breach final contract, by refusing to timely execute five (5) years contracts with terms and compensations with Plaintiff White and Plaintiff Littles, and make bona fide efforts to make every effort a similarly situated, prudent business entity operating under similar circumstances would make when acting in a determined manner to obtain the intended result by action or expenditure, which are not unreasonably disproportionate, or burdensome under the circumstances. This precedent condition was not complied with by Defendants.

66. In accordance with final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, Defendant SWS were further required to demonstrate to Authority Governing Board  that they documented  Bona Fide Efforts to utilize the services and rates of Plaintiff White and Plaintiff Littles, and in good faith documented implementing their Bid 14-201/SLB Mandatory SBE 15.3% Subcontracting Participation Schedule Number 3 Bona Fide Efforts SBE  Plan-Page 4

with the only two (2) designated Black American Pre-Qualifying PBCO Certified SBEs. This precedent condition was not complied with by Defendants.

67.   BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7 and 8 Pre-Qualifying Requirement D, Subcontracting Participation Schedule Number 3  Bona Fide Efforts SBE  Plan for PBCO Certified SBEs, relating to Contract compliance requirements provides in pertinent part: Local Small Business Enterprise Participation-Section 25-Page 7 as incorporated into final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Participation-Pages 41-44: "Bidder shall submit a Plan showing how Bidder will assist the Authority in achieving this goal through SBE subcontractor and/or supplier participation or other method.

"The intent of the Model Plan is to reflect the percentage of local SBE participation pledged by the Bidder and/or proof of the "Bona Fide Effort" expended attempting to enlist potential participants. The Model Plan consists of three schedules. Schedule 1 is a form for listing the local SBE vendors proposed. Schedule 2 is a letter of intent from the proposed local SBE subcontractors and/or suppliers. Schedule 3 demonstrates a Bona Fide Effort and required documentary proof as required by Section 25 of this Invitation to Bid."

Section 25 of this Invitation to Bid defines Bona Fide Effort and the level of effort required to demonstrate and document said effort. "Bona Fide Effort" the obligation to make every effort a similarly situated, prudent business entity operating under similar circumstances would make when acting in a determined manner to obtain the intended result by action or expenditure, which is not unreasonably disproportionate, or burdensome under the circumstances."

"The submission of a Plan is required. A response submitted without Plan will be judged non-responsive by the Selection Committee unless the Bidder is a certified SBE. If the Bidder is not an SBE, then Schedules 1 and 2, and/or Schedule 3 must be submitted. If the Bidder is unable to achieve 15% participation, then Schedule 3 is required."

"The Authority will require documentary proof of the implementation, progress, and final outcome of the program as specified in Section 42 of the sample Agreement included with this Invitation to Bid."

68.   In accordance with final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, Defendant SWS were further required to demonstrate to Defendant Authority Governing Board  that they did not breach final contract, and that they documented demonstrating bona fide efforts to make every effort a similarly situated, prudent business entity operating under similar circumstances would make when acting in a determined manner to obtain the intended

result by action or expenditure, which are not unreasonably disproportionate, or burdensome under the circumstances. This precedent condition was not complied with by Defendants.

69.   Plaintiff White and Plaintiff  Littles are two (2) of named intended third party beneficiaries for BID 14-201/SLB Mandatory- Section 25- Small Business Enterprise Participation-Pages 6, 7, and 8, Pre-Qualifying PBCO Certified SBEs Subcontracting Participants, incorporated into Defendants' final contract, Agreement 14-205, executed on February 18, 2013, and the intended beneficiaries of Defendant SWS' representations, promises, covenants, sworn oaths and commitments to comply with the contracts provisions, relating to Mandatory bona fide efforts to subcontract with Plaintiffs for service area 4 from October 1, 2013 through September 30, 2018, after the letting of the award on February 13, 2013, and after the execution of conservatively valued $44.7 million dollars, Agreement 14-205 on February 18, 2013. This precedent condition was not complied with by Defendants.

70.   At all times material and relevant, it is further our assertions that Defendant Authority Governing Board  (staff) Executive Director Mark Hammond, Attorney Jim Mize, and Director Purchasing Services Saundra Brady are powerless to modify Defendants' final contract without the Authority Governing Board 's approval in a publicly noticed meeting, in accordance with Agreement 14-205-Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation Pages 41-44.

71.   The precedent conditions for modifications to Defendants' final contract, Agreement 14-205 by amendment approved by the Authority's Governing , in accordance with Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44 were not met. This precedent condition was not complied with by Defendants.

72.   The subject BID 14-201/SLB- Section 12-Anti-Discrimination-Page 3 in plain language expressly prohibits discrimination based on race and sex, incorporated in Defendants' final contract, Agreement 14-205-"The Authority is committed to assuring equal opportunity in the award of contracts, and, therefore complies with all laws prohibiting discrimination. The successful Bidder is prohibited from discriminating against any employee, applicant, or client because of race, color, religion, disability, sex, age, national origin, ancestry, marital status, sexual orientation, or gender identity or expression."

73.   Additionally, Defendant SWS failures to strictly comply with the unequivocally terms of BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8 Pre-Qualifying Requirement D, 15.3% Subcontracting

Participation with Pre-Qualifying PBCO Certified SBEs, Plaintiff White $627,500-3% and Plaintiff Littles $998,600-6% has disbarring consequences; and the resulting immediate and unilateral eliminations of the only two (2) non-white intended third party beneficiaries, without attempting to comply with all procedures delineated in Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Participation-Pages 41-44, demonstrates the Defendant discriminating against Plaintiffs, based upon their race and sex as female and male Black Americans, after they contributed to Defendant Pre-Qualifying on January 9, 2013, after the letting of the award on February 13, 2013, and after executing on February 18, 2013, final contract, Agreement 14-205, which ripen into a lucrative five (5) years contract valued conservatively at $44.7 million dollars for service area 4; the Defendant's largest governmental contract since becoming a registered Florida Corporation in 1999.

74.   Furthermore, Defendant Authority Governing Board 's failures to strictly comply, and enforce that Defendant SWS strictly abide by the unequivocally terms of BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8 Pre-Qualifying Requirement D, 15.3% Subcontracting Participation with PBCO Certified SBEs Plaintiff White $627,500-3% and Plaintiff Littles $998,600-6% with all procedures delineated in plain language in the final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Participation-Pages 41-44, which demonstrates Defendant Authority Governing Board  discriminating against Plaintiffs, based upon their race and sex as female and male Black Americans, after they contributed to Defendant SWS Pre-Qualifying on January 9, 2013, after the letting of the award on February 13, 2013, and after executing on February 18, 2013, final contract, Agreement 14-205.

75.   Defendants' final contract Agreement 14-205, dictates that SWA (staff) Executive Director Mark Hammond, Atty. Jim Mize and Director Purchasing Services Saundra Brady, and the Authority's Governing  strictly comply with its own unequivocally terms and conditions-Section 28-Notice-Page 37, Section 37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

76.   Furthermore, public policy dictates that fairness be a central theme throughout the process from requests for bids to expiration of Agreement. Defendant Authority Governing Board  (staff) Executive Director Mark Hammond, Atty. Jim Mize, and Director Purchasing Services Saundra Brady are without power to reserve in the Plan or specifications so prepared in advance of the letting the power to make exceptions, and modifications in the contract after it is let, which will afford opportunities for favoritism, whether any favoritism is actually practiced or not.

77.   All conditions precedent to the filing of this lawsuit have occurred, or otherwise performed, waived or excused.

78. Plaintiffs have been required to obtain counsel to pursue this claim and have agreed to pay him a reasonable fee for services.

## COUNT I- PLAINTIFFS' CLAIMS FOR DECLARATORY RELIEF

79.  The Plaintiffs adopts and re-alleges the contents of paragraphs 1 through 78 herein above.

80.  Defendants' unilaterally and absence of cause eliminated the only two (2) designated Pre-Qualifying Black American PBCO Certified SBEs, Plaintiff White and Plaintiff Littles, required Mandatory Intended Third Party Beneficiaries incorporated into Defendants' final contract on February 18, 2013, in known violations of Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, Section 28-Notice-Page 37, and Section 37-Modification-Page 40.

81.  Defendant SWS failed to contract and pay Plaintiffs as BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8,  Requirement D Pre-Qualifying PBCO Certified SBE Subcontracting Participants for service area 4 from October 1, 2013 through September 30, 2018, and Defendant Authority Governing Board  failed to adhere, and enforce Defendant SWS' strict compliances, incorporated into Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, definitely written in plain and consequential language to protect Plaintiffs against false representations and discrimination as "Token Black American Seat Warmers" until favored white male firm, John Pata, d/b/a Jett Hauling, Inc. became a PBCO Certified SBE on April 3, 2013, three (3) months after Plaintiffs contributed collectively nine (9%) to Defendant 15.3% Subcontracting Participation in order to Pre-Qualify on January 9, 2013, and execute conservatively valued $44.7 million dollars contract on February 18, 2013 with Defendant Authority Governing Board .

82.  The Plaintiffs are in doubt as to the validity of their rights and obligations under the subject agreement, and the Plaintiffs rights and entitlements to compensation as represented and incorporated in the final contract, and there is an actual need for a declaration of the respective rights of the parties to Defendants' final contract, Agreement 14-205, executed on February 18, 2013 for the conservative value of $44.7 million dollars from October 1, 2013 through September 18, 2018 for service area 4: unincorporated Boynton Beach, Delray Beach and Boca Raton.

WHEREFORE,  the Plaintiffs respectfully request that this Court find that Defendant SWS are in breach of the subject agreement; and declare the Plaintiffs are entitled to collective compensation in the amount of $1,625,500 plus interest, in accordance with the terms of the agreement; and to require the Defendant SWS to contract with Plaintiffs for service area 4 from October 1, 2013 through September 30, 2018, as their Public BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8, Requirement D,  Pre-Qualifying PBCO Certified SBEs Subcontracting Participants in the subject solid waste collection and recoverable materials services agreement in accordance with its terms; and to

award the Plaintiffs costs and attorney fees pursuant to F.S 57.105, and for such other further relief as the Court deems appropriate.

## COUNT II- PLAINTIFFS' CLAIMS FOR FRAUD AND MISREPRESENTATION

83.  The Plaintiffs adopts and re-alleges the contents of paragraphs 1 through 82 herein above.

84.  In January 2013 Defendant SWS and Plaintiff Littles by their conduct formed a relationship, which was contractual in nature, whereby the Defendant Charles Gusmano, Co-Founder, CEO, President, Managing Partner, Shareholder and Affiant on January 9, 2013 swore under penalty of perjury and disqualification to Pre-Qualify and Advance to the next step in Public BID 14-201/SLB process, to pay the Plaintiff $998,000 to provide vegetation pickup and truck towing services, as incorporated in Defendants' final five (5) years contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44 for service area 4 from October 1, 2013 through September 30, 2018 executed on February 18, 2013.

85.  At all times relevant and material Plaintiff Littles has been willing and able to perform, as incorporated into Defendants' final contract for service area 4 from October 1, 2013 through September 30, 2018; in the face of Defendant refusing in bad faith to execute a five (5) years contract with terms and compensation in the amount of $998,000, as promised, represented and sworn on January 9, 2013 to Pre-Qualify and comply with BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8, PBCO Certified SBEs Minimum 15% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4, incorporated into Defendants' final contract Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

86.  Defendant SWS has demonstrated for two (2) years, intentional bad faith by refusing to execute a contract with terms and compensation with Plaintiff Littles; notwithstanding Defendant SWS Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant swearing under perjury and penalty of disqualification in sealed responses for BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8, Requirement D Pre-Qualification Process Affidavit of SBE Participation on January 9, 2013 to execute five (5) years contract with terms with Plaintiff from October 1, 2013 through September 30, 2018 in the amount of $998,000 for vegetation pickup and truck towing services, if awarded service area 4 on February 18, 2013.

87.  Defendant SWS on January 28, 2014: two (2) months and twenty-seven (27) days after Defendant and its three (3) Pre-Qualifying PBCO Certified SBEs were required to be operational by Defendant Authority Governing Board for service area 4 from October 1, 2013 through September 30, 2018, in accordance with Defendants' final contract, Agreement 14-205, and after many requests from Plaintiff Littles, Defendant issued a mere seven (7) months contract without terms for only $116,333, with full knowledge that Plaintiff Littles' pre-operational expenses were $100,000.

88.  Defendant SWS demonstrated intentional bad faith by issuing to Plaintiff Littles a seven (7) months contract without terms for $116,333 on January 28, 2014 for contract period February 1,

2014 through September 30, 2014; notwithstanding Defendant Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant swearing to Pre-Qualify under penalty of perjury and disqualifications on BID 14-201/SLB Pre-Qualification Process Affidavit of SBE Participation and Schedule Number 3 Bona Fide Efforts SBE Plan-Page 4 on January 9, 2013, to execute with Plaintiff a five (5) years contract with terms from October 1, 2013 through September 30, 2018 in the amount of $998,000 for vegetation pickup and towing services, if awarded service area 4 on February 13, 2013.

89.  Defendant SWS by designed emailed Plaintiff Littles on January 28, 2014 a mere seven (7) months contract to achieve the intended result of Plaintiff refusing to become operational for a contract only valued at $116,333 from February 1, 2014 through September 30, 2014, instead of Defendant SWS Charles Gusmano's promised, represented and sworn $998,000 five (5) years contract under penalty of perjury and disqualification to Pre-Qualify on January 9, 2013, if awarded service area 4 from October 1, 2013 through September 30, 2018.

90.  Defendant SWS falsified Defendant Authority Governing Board  Mandatory Bi-Annual SBEs Subcontracting Participation Reports (public records) as required for BID 14-201/SLB incorporated into Defendants' final contract, Agreement 14-205, by stating that Defendant made Mandatory subcontracting payments to Plaintiff Littles for truck towing services for service area 4.

91.  Defendant SWS has not made any bona fide efforts to subcontract with Plaintiff Littles to tow inoperable trucks from October 1, 2013 through Present 2015 for service area 4.

92.  Plaintiff Littles' internal records will validate that Defendant SWS made no subcontracting payments for towing inoperable trucks from October 1, 2013 through Present 2015.

93.  Defendant SWS falsely reported after Pre-Qualifying on January 9, 2013 to Defendant Authority Governing Board (Staff) Director Purchasing Services Saundra Brady, without Plaintiff Littles' consent signature that Plaintiff agreed to modify BID 14-201/SLB Mandatory SBE Subcontracting Participation Schedule Number 2 Intent Form, to eliminate providing vegetation pickup and truck towing services in the annual amount of $1996,000, and instead only provide truck towing services in the annual amount of $35,000 for service area 4 from October 1, 2013 through September 30, 2018, in known violations of Defendants' final contract, Agreement 14-205-Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

94.  In August 2014 Defendant Authority Governing Board  (staff) Executive Director Mark Hammond, Atty. Jim Mize, and Director Purchasing Services Saundra Brady and Defendant SWS evidenced operating as a team, and modified Defendant SWS' Pre-Qualifying January 9, 2013 sealed responses for BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8 Pre-Qualifying Requirement D, SBE 15.3% Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE  Plan-Page 4 for Plaintiff Littles, and eliminated services and rates after the letting of the award on February 13, 2013, and after the execution of Defendants' final contract on February 18, 2013; without the Plaintiff's consent signature on Schedule Number 2 Intent Form to only provide truck towing services in the annual

amount of $35,000, in lieu of the agreed upon vegetation pickup and truck towing services in the annual amount of $199,600 for service area 4 from October 1, 2013 through September 30, 2018, in known violations of Defendants' Agreement 14-205-Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

95.  Defendant SWS on February 10, 2014 in intentional bad faith noticed by email Defendant Authority Governing Board  (staff) Director Purchasing Services Saundra Brady, stating Plaintiff Littles was unable and unwilling to provide vegetation pickup and truck towing services in the amount of $998,000 for service area 4 from October 1, 2013 through September 30, 2018, in known violations of Defendants' final contract, Agreement 14-205-Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

96.  Defendant SWS on February 10, 2014 in intentional bad faith, concealed from Defendant Authority Governing Board  (staff) Director Purchasing Services Saundra Brady that only twelve (12) business days earlier, the Defendant on January 28, 2014 emailed Plaintiff Littles a mere seven (7) months contract without terms, in the total amount of $116,333 from March 1, 2014 through September 30, 2014, which demonstrated Defendant's intentions to not implement BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8, Pre-Qualifying  Requirement D, PBCO Certified 15.3% SBE Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE  Plan-Page 4 with Plaintiff for vegetation pickup and truck towing services in the amount of $998,000 from October 1, 2013 through September 30, 2018 for service area 4, as Defendant represented to Pre-Qualify on January 9, 2013.

97.  Defendant SWS on February 10, 2014 in intentional bad faith, concealed from Defendant Authority Governing Board  (staff) Director Purchasing Services Saundra Brady that Plaintiff Littles rejected Defendant's  mere seven (7) months contract without terms in the total amount of $116,333 from March 1, 2014 through September 30, 2014; and did not demonstrate Defendant exercising a good faith bona fide effort to implement BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8, Pre-Qualifying Requirement D, PBCO Certified SBEs 15.3% Subcontracting Participation Schedule Number 3 Bona Fide Efforts SBE Plan-Page 4 with Plaintiff for vegetation pickup and truck towing services in the amount of $998,000 from October 1, 2013 through September 30, 2018 for service area 4 as Defendant Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant swore on Pre-Qualification Process Affidavit of SBE Participation, under penalty of perjury and disqualification to Pre-Qualify on January 9, 2013.

98.  Defendant SWS on February 10, 2014 falsely reported in intentional bad faith to Defendant Authority Governing Board  (staff) Director Purchasing Services Saundra Brady that Plaintiff Littles could not afford to purchase trucks needed to perform vegetation pickup services, when in-fact Defendant Anthony Badala, District Manager and Shareholder had first-hand knowledge since February 18, 2013 that Plaintiff was willing and able to purchase trucks once Defendant executed in bona fide good faith a five (5) years contract with terms in the amount of $998,000

for service area 4 from October 1, 2013 through September 30, 2018.

99.  Defendant SWS has failed to demonstrate any bona fide efforts in accordance with BID 14-201/SLB-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8, as incorporated into Defendants' final contract on February 18, 2013, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44 to contract with Plaintiff Littles in the amount of $998,000 for service area 4 from October 1, 2013 through September 30, 2018.

100.  Defendant SWS Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant's promises, representations and sworn oath were false, and known to be false at the times they were made to Defendant Authority Governing Board  and Plaintiff Littles to subcontract for vegetation pickup and truck towing services in the amount of $998,000, in order to Pre-Qualify and Advance to the next step in BID 14-201/SLB process, sworn under penalty of perjury and disqualification on January 9, 2013, if awarded contract for service area 4 as a Mandatory pre-requisite to be awarded subject solid waste collections and recoverable materials services agreement.

101.  Defendant SWS Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant's promises, representations, and sworn oath were made in bad faith to Defendant Authority Governing Board  and Plaintiff Littles for the sole purpose of inducing Plaintiff to contribute six (6%) percent to Defendant Pre-Qualifying on January 9, 2013, to clear the path for Defendant to execute their most lucrative governmental contract to date on February 18, 2013 with Defendant Authority Governing Board  from October 1, 2013 through September 30, 2018, conservatively valued at $44.7 million dollars.

102.  Defendant SWS has been unjustly enriched by refusing to execute in bona fide good faith five (5) years contracts with terms with Plaintiff Littles for the collection of vegetation pickup and truck towing in the amount of $998,000 from October 1, 2013 through September 30, 2018 for service area 4.

103.  On January 9, 2013 Defendant SWS knew that Plaintiff Littles expected to  execute five (5) years contract in the amount of $998,000 if awarded service area 4 on February 13, 2013, as a condition to Plaintiff agreeing to contribute six (6%) percent to Defendant Pre-Qualifying and Complying with BID 14-201/SLB-Section 25-Small Business Enterprise Participation-Pages 6, 7, 8, 15% Subcontracting Participation Schedules Number 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4 to guarantee Defendant Pre-Qualified on January 9, 2013. Defendant's refusal to compensate and contract with Plaintiff demonstrates that Defendant made false representations to Defendant Authority Governing Board and Plaintiff to Pre-Qualify.

104.  In January 2013 Defendant SWS and Plaintiff White by their conduct formed a relationship, which was contractual in nature, whereby the Defendant Charles Gusmano, Co-Founder, CEO, President, Managing Partner, Shareholder and Affiant swore on January 9, 2013 to Pre-Qualify for BID 14-201/SLB-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8, under penalty of perjury and disqualification to pay the Plaintiff $627,500 to provide contract administrative and SBEs management services, as incorporated into Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business

Participation-Pages 41-44 for service area 4 from October 1, 2013 through September 30, 2018 executed on February 18, 2013.

105.   At all times relevant and material Plaintiff White have been willing and able to perform, and  have performed the services as incorporated into Defendants' final contract; in the face of Defendant refusing to execute a five (5) years contract with terms, and compensate in the annual amount of $125,500 from October 1, 2013 through September 30, 2018, as incorporated into Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

106.   Defendant SWS Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant's promises, sworn oath and representations were false, and known to be false at the times they were made to Defendant Authority Governing Board  and to Plaintiff White to subcontract for contract administrative and SBEs management services in the amount of $627,500, in order to Pre-Qualify and Advance to the next step in BID 14-201/SLB process, on January 9, 2013, if awarded contract for service area 4 as a Mandatory pre-requisite to be awarded subject solid waste collections and recoverable materials services agreement.

107.   Defendant SWS Charles Gusmano, CEO, President, Managing Partner, Shareholder and Affiant's promises, sworn oath and representations to Defendant Authority Governing Board and to Plaintiff White to subcontract for contract administrative and SBEs management services in the amount of $627,500 from October 1, 2013 through September 30, 2018 in order to Pre-Qualify on January 9, 2013, if awarded contract service area 4, were made in bad faith for the sole purpose of inducing Plaintiff to contribute 3% to Defendant's Mandatory Pre-Qualifying Requirement D, PBCO Certified SBEs Minimum 15% Subcontracting Participation, to clear the path to insure Defendant could execute their most lucrative governmental contract to date on February 18, 2013 with Defendant Authority Governing Board  from October 1, 2013 through September 30, 2018 conservatively valued at $44.7 million dollars.

108.   Defendant SWS has demonstrated for two (2) years from October 2013 through Present 2015, intentional bad faith by refusing to execute a contract with terms and to compensate Plaintiff White in the annual amount of $125,500; notwithstanding Defendant Charles Gusmano, Co-Founder, President, CEO, Managing Partner and Shareholder swearing under penalty of perjury and disqualification in sealed responses for BID 14-201/SLB Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8, Pre-Qualification Process Affidavit of SBE Participation on January 9, 2013 to Pre-Qualify, to execute five (5) years contract with terms from October 1, 2013 through September 30, 2018 in the amount of $627,500 for contract administrative and SBEs management services, if awarded service area 4.

109.   Defendant SWS falsely reported on Defendant Authority Governing Board  Mandatory Bi-Annual SBEs Subcontracting Participation  Reports as required in Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, subcontracting payments to Plaintiff White from October 1, 2013 through July 2, 2014 for contract administrative and SBEs management services for service area 4.

110.   Defendant SWS payments to Plaintiff White from October 1, 2013 through July 2, 2014,

were generated from a pre-existing contract executed between Plaintiff and Defendant from July 3, 2012 through July 2, 2014; which demanded monthly payments in the increments of $6,250, unrelated to contract administrative and SBEs management services under the subject Agreement 14-205 for service area 4 from October 1, 2013 through September 2018.

111.   Defendant SWS made no contract payments from October 1, 2013 through July 2, 2014 to Plaintiff White for contract administrative and SBEs management services in the monthly increments of $12,550 for service area 4.

112.   Defendant SWS only subcontracting payments to Plaintiff White that partially complied with Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44 were in the monthly increments of $6,250 from July 3, 2014 to February 28, 2015; seven (7) months in the total amount of $43,750 for contract administrative and SBEs management services for service area 4.

113.   On January 9, 2013 Defendant SWS falsified BID 14-201/SLB Mandatory Pre-Qualifying PBCO Certified SBE Minimum 15% Subcontracting Schedule 1 Form, and reported that Plaintiff White would provide contract purchases, if awarded contract for service area 4.

114.   Defendant SWS has not demonstrated any bona fide efforts to purchase any commodities from Plaintiff White from October 1 2013 to present 2015 for the operations of service area 4

115.   On January 9, 2013 Defendant SWS had first-hand knowledge that Plaintiff did not sell any commodities, and made no commitment by consent signature on Defendant's BID 14-201/SLB Mandatory PBCO Certified SBE Subcontracting Participation Schedule Number 2 Intent Form, stating Plaintiff would provide contract purchases, to sell any products needed for Defendant's operations to Pre-Qualify, if awarded contract for service area 4 from October 1, 2013 through September 30, 2018.

116.   Plaintiff White on January 8, 2013 only by consent signature agreed to provide contract administrative and SBEs management services in the annual amount of $125,500 on Defendant's BID 14-201/SLB Mandatory PBCO Certified SBE Subcontracting Schedule Number 2 Intent Form to Pre-Qualify, if awarded contract for service area 4 from October 1, 2013 through September 30, 2018.

117.   Defendant SWS' sealed responses submitted on January 9, 2013 to Pre-Qualify for BID 14-201/SLB Mandatory PBCO Certified SBE Subcontracting Participation Schedule Number 3 Bona Fide Efforts SBE Plan-Page 4 only documents Plaintiff White providing contract administrative and SBEs management services in the annual amount of $125,500 for service area 4 from October 1, 2013 through September 30, 2018, if Defendant was awarded service area 4.

118.   Defendant SWS' false representation that Plaintiff White would provide contract purchases made on BID 14-201/SLB Mandatory 15% PBCO Certified SBE Subcontracting Participation Schedule Number 1 Form on January 9, 2013 to Pre-Qualify, is considered a breach of contract, and further shall be cause for debarment in accordance with the Authority's Purchasing Manual, Section 11- Paragraphs D or E, as executed in Defendants' final contract,

Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

119.   In August 2014 Defendant SWS falsely reported after Pre-Qualifying on January 9, 2013 to Defendant Authority Governing Board  (staff) Director Purchasing Services Saundra Brady, that Plaintiff White by consent signature agreed to modify BID 14-201/SLB Mandatory SBE Subcontracting Participation Schedule Number 2 Intent Form, to provide contract purchases and contract administrative services for service area 4; in lieu of contract administrative and SBEs management services from October 1, 2013 through September 30, 2018 in the amount of $627,500, as Plaintiff consented by signature for Defendant to Pre-Qualify on January 9, 2013, in known violations of Defendants' final contract, Agreement 14-205- Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

120.   In August 2014 Defendant Authority Governing Board  (staff) Executive Director Mark Hammond, Atty. Jim Mize and Director Purchasing Services Saundra Brady evidenced modifying Defendant SWS' sealed responses on January 9, 2013 for BID 14-201/SLB Mandatory Pre-Qualifying PBCO Certified SBE Subcontracting Schedule Number 1 Form, after the letting of the award on February 13, 2013, and after final contract, Agreement 14-205 executed on February 18, 2013, by falsely representing that Plaintiff White would provide contract purchases and contract administrative services, in lieu of agreed upon contract administrative and SBEs management services in the amount of $627,500 for service area 4 from October 1, 2013 through September 30, 2018, in known violations of Defendants' final contract, Agreement 14-205-Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

121.   Defendant SWS have refused, and continues to refuse to execute contract with terms and compensations with Plaintiff White in bona fide good faith as their BID 14-201/SLB Mandatory Pre-Qualifying Requirement D, PBCO Certified SBEs Subcontracting Participants, and to compensate Plaintiff for contract administrative and SBEs management services, as provided in the subject agreement for service area 4 from October 1, 2013 through September 30, 2018.

122.   Defendant SWS have not complied from October 1, 2013 to Present 2015 with Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41- 44, and have not made any good faith bona fide efforts to implement their Mandatory PBCO Certified SBEs 15.3% Subcontracting Participation Schedule Number 3 Bona Fide Efforts SBE  Plan-Page 4 for service area 4 with Plaintiff White and Plaintiff Littles.

123.   Defendant SWS' competitors: Waste Management, Inc. assigned to Waste Pro of Florida, Inc. for service area 1, Advanced Disposal Services, Inc. for service area 2,  and Republic Services, Inc. for service area 3, all with final contracts collectively totaling $158 million dollars with Defendant Authority Governing Board from October 1, 2013 through September 30, 2018, have demonstrated good faith bona fide efforts to comply and implement their Bid 14-201/SLB

Mandatory- Section 25-Small Business Enterprise participation-Pages 6,7 and 8, PBCO Certified SBE Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plans, as sworn under penalty of perjury and disqualification to Pre-Qualify on January 9, 2013 with all of their Pre-Qualifying PBCO Certified SBEs, incorporated into final contracts-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

124.  Defendant SWS' competitors have also not requested to make any modifications to their final contracts to eliminate any of their Pre-Qualifying PBCO Certified SBEs' services and rates, or evidenced bid shopping for services and rates from Favored Non-Pre-Qualifying SBEs after Pre-Qualifying on January 9, 2013, and after the letting of the awards on February 13, 2013, and after executing final contracts on February 18, 2013 with Defendant Authority Governing Board collectively totaling $158 million dollars.

125.  Defendant SWS refusal to execute in good faith five (5) years contracts with Plaintiff White in the amount of $627,500 and further, Plaintiff Littles in the amount of $998,000 for service area 4, demonstrates deliberate intentions to breach bona fide efforts obligations, mandated in BID 14-201/SLB-Mandatory-Section 25-Small Business Enterprise Participation-Pages 6, 7, and 8, incorporated into Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44- Section 25 of this Invitation to Bid defines Bona Fide Effort and the level of effort required to demonstrate and document said effort.

"Bona Fide Effort"-the obligation to make every effort a similarly situated, prudent business entity operating under similar circumstances would make when acting in a determined manner to obtain the intended result by action or expenditure, which is not unreasonably disproportionate, or burdensome under the circumstances."

126.  Plaintiff White and Plaintiff Littles' expectations that Defendant SWS would timely demonstrate implementing Schedule Number 3 Bona Fide Efforts SBEs Plan-Page 4, by executing five (5) years contracts with terms and compensation from October 1, 2013 through September 30, 2018 for service area 4, and make every effort a similarly situated, prudent business entity operating under similar circumstances would make, when acting in a determined manner to obtain the intended result by action or expenditure; identical in the timely manner in which Defendant Authority Governing Board executed with Defendant SWS a final contract, Agreement 14-205 on February 18, 2013; seven (7) months before the operational date of October 1, 2013; to guarantee Defendant was operational by October 1, 2013 through September 30, 2018 for service area 4, was not unreasonable, disproportionate, or burdensome under the circumstances; and was in-fact a Mandatory requirement of Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

127.  Plaintiff White and Plaintiff Littles' expectations that Defendant SWS would timely demonstrate implementing Schedule Number 3 Bona Fide Efforts SBEs for service area 4, and make every effort a similarly situated, prudent business entity operating under similar circumstances would make, when acting in a determined manner to obtain the intended result by action or expenditure; identical in the timely manner in which Defendant's competitors: Waste

Pro of Florida, Inc., Republic Services, Inc. and Advanced Disposal Services, Inc., implemented their Mandatory Schedules Numbers 1, 2, 3 Bona Fide Efforts SBEs Plans, by executing five (5) years contracts with terms with Pre-Qualifying PBCO Certified SBE Steven Vitello, d/b/a Aquarius; to guarantee Plaintiffs were operational by October 1, 2013, was not unreasonable, disproportionate, or burdensome under the circumstances; and was in-fact a Mandatory requirement of Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, executed February 18, 2013 in the conservative value of $44.7 million dollars.

128.   Defendant SWS evidenced engaging in bid shopping after Pre-Qualifying on January 9, 2013, and after the letting of the award on February 13, 2013, and after executing final contract Agreement 14-205 on February 18, 2013, and executed a contract on or before October 1, 2013 for lower rates with Favored Non-Pre-Qualifying, white male firm, John Pata, d/b/a Jet Hauling, Inc., by eliminating the only two (2) designated Black American Pre-Qualifying PBCO Certified SBEs, Plaintiff White and Littles' services and rates on October 1, 2013, in known violations of Section 28 Notice-Page 37, Section-37-Modification-Page 40, and Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

129.   Defendant SWS Charles Gusmano, Co-Founder, President, CEO, Managing Partner, Shareholder and Affiant's promises, sworn oaths, and representations were false and known to be false made to Defendant Authority Governing Board , Plaintiff White and Plaintiff Littles in order to Pre-Qualify on January 9, 2013, and to execute final contract, Agreement 14-205 with Defendant Authority Governing Board , and further were made in bad faith to induce Plaintiffs to serve as temporary "Token Black American Seat Warmers," and to assist Defendant in their goal to  increase their stock shares value by $44.7 million dollars, in their current negotiations to sell their companies: SWS, Sun Recycling, All Star Toilets, and Sun and Bergeron to the largest publicly traded solid waste and recoverable materials company in the United States of America; Waste Management, Inc. their formidable competitor.

130.   It is our assertions that Defendant SWS committed public BID 14-201/SLB Fraud on January 9, 2013 to Pre-Qualify, by falsely representing to subcontract with Plaintiff White and Plaintiff Littles, if awarded service area 4 from October 1, 2013 through September 30, 2018, the only two (2) designated Black American Pre-Qualifying PBCO Certified SBEs participating in Defendant Authority Governing Board  collectively award of $ 202.7 million dollars to four (4) contractors, with first time Mandatory PBCO Certified SBE Minimum 15% Subcontracting Participation bid specification, with stated unambiguous disqualification consequences if not strictly complied, in order to become eligible to execute a conservatively valued $44.7 million dollars contract with Defendant Authority Governing Board  on February 18, 2013.

131.   On January 9, 2013 Defendant SWS knew that Plaintiff White expected to  execute five (5) years contract in the amount of $627,500 if awarded service area 4 on February 13, 2013, as a condition to Plaintiff agreeing to contribute three (3%) percent to Defendant Pre-Qualifying and Complying with BID 14-201/SLB-Section 25-Small Business Enterprise Participation-Pages 6, 7, 8, 15% Subcontracting Participation Schedules Number 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4 to guarantee Defendant Pre-Qualified on January 9, 2013. Defendant's refusal to compensate and contract with Plaintiff demonstrates that made false representations to Defendant Authority Governing Board and

Plaintiff to Pre-Qualify.

132.   As a direct result of the actions of Defendant SWS, Plaintiff White and Plaintiff Littles have suffered damages.

WHEREFORE the Plaintiffs demands judgment against the Defendant SWS for damages, prejudgment interest, reasonable attorney's fees the costs of bringing this action and for such further relief as the court deems appropriate in the premises.

## COUNT II- PLAINTIFFS' CLAIMS FOR IMPLIED CONTRACT

The Plaintiffs adopts and re-alleges the contents of paragraphs 1 through 132 herein above.

133.   The Defendant SWS and Plaintiff White on January 9, 2013 by their conduct formed a relationship which was contractual in nature, whereby the Defendant Charles Gusmano, Co-Founder, CEO, President, Managing Partner, Shareholder and Affiant swore under penalty of perjury and disqualification to pay the Plaintiff $627,500 for contract administrative and SBEs management services if awarded service area 4 on February 13, 2013 from October 1, 2013 through September 30, 2018, incorporated into Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation on Pages 41- 44.

134.   On February 13, 2013 Defendant SWS was awarded service area 4, and on February 18, 2013 Defendant Charles Lomangino, General Manager and Shareholder executed final contract, Agreement 14-205, conservatively valued at $44.7 million dollars a five (5) years contract from October 1, 2013 through September 30, 2018 to provide solid waste collections and recoverable materials services for service area 4 with Defendant Authority's Governing .

135.   On February 18, 2013 Defendant SWS Charles Lomangino, General Manager and Shareholder executed an implied five (5) years contract with Plaintiff White to provide contract administrative and SBEs management services in the amount of $627,500 from October 1, 2013 through September 30, 2018 for service area 4, as Defendant Charles Gusmano, Co-Founder, CEO, President, Managing Partner, Shareholder and Affiant swore under penalty of perjury and disqualification on Mandatory Pre-Qualification Process Affidavit of SBE Participation, PBCO Certified 15 % SBE Subcontracting Participation Schedule Numbers 1, 2,  3 Bona Fide Efforts SBE  Plan-Page 4, to Pre-Qualify and Advance to the next step in the BID 14-201/SLB process on January 9, 2013.

136.   At all times relevant and material Plaintiff White has been willing and able, and has in fact represented Defendant SWS to Defendant Authority Governing Board , and performed the services as contract administrator and SBEs manager from October 1, 2013 through Present 2015, as incorporated into Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation on Pages 41- 44 executed on February 18, 2013.

137.   Defendant SWS for two (2) years has refused to execute final five (5) years contract, and to compensate Plaintiff White in the amount of $627,500, as required by Public BID 14-201/SLB Mandatory-Section 25-Small Business Participation-Pages 6, 7 and 8, PBCO Certified SBE 15% Subcontracting Participation Schedule Number 3 Bona Fide Efforts SBE  Plan-Page 4, incorporated into Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44, for service area 4 from October 1, 2013 through September 30, 2018.

138.   Defendant SWS has been unjustly enriched by refusing to compensate Plaintiff White in the amount of $627,500  for service area 4 from October 1, 2013 through September 30, 2018, as one of Defendant's intended third party beneficiary, incorporated in Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44 executed on February 18, 2013.

139.   Defendant SWS acquiesced in the provision of services by Plaintiff White, and was aware that Plaintiff expected to be paid for contract administration and SBEs management services in the amount of $627,500 with terms executed in five (5) years contract from October 1, 2013 through September 30, 2018,  if Defendant was awarded service area 4 on February 13, 2013, and Defendant has been unjustly enriched by the materials and services to the Plaintiff's properties provided by the Defendant.

140.   Plaintiff White has performed all of the conditions precedent to be performed to bring this action or the same have been waived.

141.   The Defendant SWS and Plaintiff Littles on January 9, 2013 by their conduct formed a relationship which was contractual in nature, whereby the Defendant Charles Gusmano, Co-Founder, CEO, President, Managing Partner, Shareholder and Affiant swore under penalty of perjury and disqualification to pay the Plaintiff $998,000  for vegetation pickup and truck towing services, if awarded service area 4 on February 13, 2013 from October 1, 2013 through September 30, 2018,  incorporated into  Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation on Pages 41- 44.

142.   On February 13, 2013 Defendant SWS was awarded service area 4, and on February 18, 2013 Defendant Charles Lomangino, General Manager and Shareholder executed final contract, Agreement 14-205, conservatively valued at $44.7 million dollars a five (5) years contract from October 1, 2013 through September 30, 2018 to provide solid waste collections and recoverable materials services for service area 4 with Defendant Authority's Governing .

143.   On February 18, 2013 Defendant SWS Charles Lomangino, General Manager and Shareholder executed an implied five (5) years contract with Plaintiff Littles to provide vegetation pickup and truck towing services in the amount of $998,000 from October 1, 2013 through September 30, 2018 for service area 4, as Defendant promised, represented and swore under penalty of perjury and disqualification on Mandatory Pre-Qualification Process Affidavit

of SBE Participation, PBCO Certified 15 % SBE Subcontracting Participation Schedule Numbers 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4, to Pre-Qualify and Advance to the next step in BID 14-201/SLB process on January 9, 2013.

144.  At all times relevant and material Plaintiff Littles has been able, and has for two (2) years represented to Defendant SWS and Defendant Authority Governing Board a willingness to provide vegetation pickup and truck towing services from October 1, 2013 through September 30, 2018 for service area 4, in accordance with Public BID 14-201/SLB Mandatory-Section 25-Local Small Business Enterprise Participation-Pages 6, 7, and 8, Pre-Qualifying Requirement D, PBCO Certified SBE Subcontracting Participation Schedules Numbers 1, 2, and 3 Bona Fide Efforts SBE Plan-Page 4, incorporated into Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation on Pages 41- 44 executed on February 18, 2013.

145.  Defendant SWS for two (2) years has refused to execute final five (5) years contract, and to compensate Plaintiff Littles as required by Public BID 14-201/SLB Mandatory Pre-Qualifying Requirement D, PBCO Certified SBE Subcontracting Participation Schedules Numbers 1, 2, 3 Bona Fide Efforts SBE Plan-Page 4, incorporated into Defendants' final contract, Agreement 14-205-Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44 to provide vegetation pickup and truck towing services in the amount of $998,000 for service area 4 from October 1, 2013 through September 30, 2018.

146.  Defendant SWS has been unjustly enriched by refusing to compensate Plaintiff Littles in the amount of $998,000 for service area 4 from October 1, 2013 through September 30, 2018, as one of Defendant's intended third party beneficiary, incorporated in Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44 executed on February 18, 2013.

147.  Defendant SWS acquiesced in the provision of services by Plaintiff Littles, and was aware that Plaintiff expected to be paid for vegetation pickup and truck towing services in the amount of $998,000 with terms executed in five (5) years contract from October 1, 2013 through September 30, 2018, if Defendant was awarded contract for service area 4 on February 13, 2013, and the Defendant has been unjustly enriched by the materials and services to the Plaintiff's properties provided by the Defendant.

148.  Plaintiff Littles has performed all of the conditions precedent to be performed to bring this action or the same have been waived.

WHEREFORE, Plaintiff White and Defendant Littles demands judgment against the Defendant for reasonable compensation for the benefits provided, prejudgment interest, reasonable attorney's fees the costs of bringing this action and for such further relief as the court deems appropriate in the premises.

## COUNT III- 42 USC 1981 CLAIM FOR IMPAIRMENT OF CONTRACT RIGHTS BASED UPON RACE

149.   This is an action for declaratory, injunctive and other equitable relief, and compensatory and punitive damages against Defendants based on the Defendants' discrimination against the Plaintiffs, in violation of 42 U.S.C. § 1981 which provides in pertinent part:

(a) "Statement of equal rights"
All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined
For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) "Protection against impairment"
The rights protected by this section are protected against impairment by non-governmental discrimination and impairment under color of State law.

150.   The Plaintiffs adopts and re-alleges the contents of paragraphs 1 through 149 herein above.

## VENUE AND JURISDICTION

151.   This Court has jurisdiction over the subject matter herein pursuant to 28 U.S.C. § 1343(4), which confers original jurisdiction upon this Court in a civil action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, and pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court in a civil action under the Constitution or laws of the United States.

152.   Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) and § 1391(c), because Defendant SWS has its headquarters, can be found and conducts business in the Southern District of Florida, and because the cause of action has arisen and occurred in the Southern District of Florida.

153.  Venue is proper in this Court because Defendant SWS and all of the parties reside and have offices located within Palm Beach County, Florida, and all the acts described herein occurred within Palm Beach County, Florida.

154.  Venue is proper in this Court because Defendant Authority Governing Board  and all of the parties reside and have offices located within Palm Beach County, Florida, and all the acts described herein occurred within Palm Beach County, Florida.

155.  The Defendants has business offices located in Palm Beach County, Florida and the Plaintiffs are located in Palm Beach County and the occurrence of all acts complained against occurred within Palm Beach County, Florida.

156.  The Plaintiffs are Black Americans one, (1) female, one (1) male, and members of a protected class under the operation of 42U.S.C. 1981.

157.  The Plaintiffs' race and sex one  (1) female and one (1) male Black Americans are motivating factors in Defendant SWS' decision not to contract with Plaintiffs as their Public BID 14-201/SLB Mandatory-Section 25-Small Business Participation-Pages 6, 7 and 8, Pre-Qualifying Requirement D, PBCO Certified SBEs Subcontracting Participants, incorporated into Defendants' final contract, Agreement 14-205, and to compensate the Plaintiffs for the services as provided in the subject agreement in accordance with Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44.

158.  The Plaintiffs' race and sex a one (1) female and one (1) male Black Americans are motivating factors in Defendant Authority Governing Board 's decision to not strictly adhere, and compel Defendant SWS to comply with Public BID 14-201/SLB Mandatory-Section 25-Small Business Participation-Pages 6, 7 and 8,  Pre-Qualifying Requirement D, PBCO Certified SBEs Subcontracting Participants, incorporated into Defendants' final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation-Pages 41-44; and to enforce Defendant SWS to compensate the Plaintiffs for the services as provided in the subject agreement from October 1, 2013 through September 30, 2018 for service area 4.

WHEREFORE, Plaintiffs respectfully requests that this Court grant the following relief:

    a.    Enter a judgment that Defendants' acts and practices as set forth herein are in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 the laws of the United States.
    b.    Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Defendants' discriminatory practices and prevent current and future harm to Plaintiffs and others;
    c.    Award Plaintiffs compensatory damages for past and future economic and non-economic losses, including extreme emotional distress and mental anguish,

impairment of the quality of life; and consequential loses; lost wages any lost benefits that resulted from the Defendants' discrimination;

    d.   Award Plaintiffs exemplary and/or punitive damages;

    e.   Award Plaintiffs with the costs of this action, including the fees and costs of experts, together with reasonable attorneys' fees;

    f.   Grant Plaintiffs such other and further relief as this Court deems necessary and proper.

## COUNT IV - PETITION FOR WRIT OF MANDAMUS

159.   The Plaintiffs adopts and re-alleges the contents of paragraphs 1 through 158 herein above.

160.   The Plaintiffs/Petitioners seek a writ of mandamus directing Defendant Authority Governing Board  to strictly adhere and enforce compliance by Defendant SWS with its promises sworn oaths and representations, relating to the Plaintiffs/Petitioners participation as their designated Public BID 14-201/SLB Mandatory-Section 25-Small Business Participation-Pages 6, 7 and 8,  Pre-Qualifying PBCO Certified SBEs, in compliance with the terms and conditions of Defendant SWS' sealed responses on January 9, 2013, which included SBE Subcontracting Participation Schedules Numbers 1, 2,  3 Bona Fide Efforts SBE  Plan-Page 4, and the subsequent agreement for the provision of solid waste collections and recoverable materials services with respect to Public BID 14-201/SLB, and the resulting final contract, Agreement 14-205, executed February 18, 2013 in the conservatively value of $44.7 million dollars, five (5) years contract from October 1, 2013 through September 30, 2018 for service area 4 with Defendant Authority Governing Board .

161.   The Plaintiffs/Petitioners have clear legal rights to the performance of clear legal duties by Defendants' to strictly adhere and comply with the terms and conditions of Public BID 14-201/SLB Mandatory-Section 25-Small Business Participation-Pages 6, 7 and 8, Pre-Qualifying Requirement D, PBCO Certified PBCO 15% Subcontracting Participation bid specifications, and the incorporation of those terms and conditions into the subject final contract, Agreement 14-205, which included Plaintiff White and Plaintiff Littles' services and rates, and the Plaintiffs/Petitioners have no other available legal remedies.

    WHEREFORE, the Plaintiffs/Petitioners respectfully submit request to this Court to issue a writ of mandamus directing Defendant Authority Governing Board to immediately enforce compliance by Defendant SWS with Plaintiff White and Plaintiff Littles in accordance with final contract, Agreement 14-205- Section 42-Small Business Enterprise and Local Business Participation- Pages 41- 44, executed on February 18, 2013 between Defendants' and to immediately disbar Defendant SWS in-accordance with the Authority's Purchasing Manual-Section 11-Debarment-Pargraph D or E; prohibiting Defendant SWS from participating in Defendant Authority Governing Board 's next competitive bid anticipated November 2017, for a five (5) years award for solid waste and recoverable materials collections services for contract period October 1, 2018 through September 30, 2023, and to award the Plaintiffs costs and attorney's fees, and for such other further relief as the court deems appropriate.

JURY DEMAND

The Plaintiffs demands a trial by jury on all issues of fact and damages in this action.


*Andrew DeGraffenreidt, III*

Andrew DeGraffenreidt III
Attorney for the Plaintiffs
319 Clematis Street, Suite 602
West Palm Beach, FL 33401
(561) 596-6420
Florida Bar No. 0218121
adegraffenreidt@gmail.com