IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 9:15-cv-81492-KLR

TINA M. WHITE D/B/A/ BRILLIANT
MINDS STRATEGIES, INC., et al.

       Plaintiffs,

vs.

SOUTHERN WASTE SYSTEMS, LLC
and SOLID WASTE AUTHORITY OF
PALM BEACH COUNTY,

       Defendants.

_____/

### DEFENDANT, SOLID WASTE AUTHORITY OF PALM BEACH COUNTY'S, MOTION TO DISMISS THE AMENDED COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT, AND INCORPORATED MEMORANDUM OF LAW

**COMES NOW,** the Defendant, SOLID WASTE AUTHORITY OF PALM BEACH COUNTY ("the Authority"), by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 8(a), (d), 12(b)(6) and (e), and moves this court to dismiss the Plaintiffs' Amended Complaint, and/or require a more definite statement, and in support thereof, states the following:

### COUNTS I, II AND II OF PLAINTIFFS' AMENDED COMPLAINT[1]

1. Counts I, II and II of the Plaintiffs' Amended Complaint are for Declaratory Relief, Fraud and Misrepresentation, and Implied Contract, respectively.

_____

[1] *The Amended Complaint denominates two separate Count II's. To address the claims consistent as denominated, this motion addresses Count II's as set forth in the Amended Complaint.*

1

2.  Although difficult to discern through 161 paragraphs and 34 pages of rambling narrative, there are allegations, albeit wholly conclusive, made by the Plaintiffs "about" the Authority and its employees, but there does not appear to be any claim for relief directed to or against the Authority in Count I, II or II of the Plaintiffs' Amended Complaint.

3.  Therefore, Counts I, II and II of the Plaintiffs' Amended Complaint fails to state a cause of action against the Authority and must be dismissed to the extent any of these claims for relief are intended by the Plaintiffs to be directed to or against the Authority.

4.  Alternatively, the Authority moves the Court to require a more definite statement of a substantive legal claim or cause of action against the Authority in either Count I, II and II of the Amended Complaint.

## COUNT III OF PLAINTIFFS' AMENDED COMPLAINT

5.   Count III of the Plaintiffs' Amended Complaint is a claim for Impairment Contract Rights based upon Race pursuant to 42 U.S.C. § 1981, against both Defendants.  All previous allegations made in paragraphs 1-149 are incorporated into this Count in paragraph 150.

6.  It is important to note that the Authority is not a party to the contract that is the basis of the Plaintiffs' race based claim.

7.  Next, this Count is a classic "shotgun" pleading because it incorporates all prior paragraphs of the Complaint into Count III of the Amended Complaint.

2

8.  Shotgun type complaints, or in this case the Amended Complaint, should be dismissed for violating Federal Rules of Civil Procedure 8(a) and (d) and have been determined to not only impede, but also may be considered to obstruct justice. *Pominansky v. JARJ Construction Corp.,* 2007 WL 2900275 (S.D. Fla. 2007).

9.  Further, the Plaintiffs' allegations in Count III of the Amended Complaint to support this Count against the Authority are found in a single, (approximately) 100 word, unpunctuated paragraph that is entirely conclusory.  Amended Complaint at p.33, ¶158.

10. The Authority asserts that the allegations of Plaintiffs' paragraph 158 of the Amended Complaint are entirely conclusory in nature, and thus not entitled to the assumption of truth.  When a ruling on a motion to dismiss, a two-part analysis should be conducted, first "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then examining the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  *Ashcoft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950 (2009).  See also *Whitaker v. M.G.A., Inc.*, 220 F. App'x 929 (11th Cir. 2007) (unpublished) (affirming dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) where plaintiff's complaint did not allege facts to support conclusory allegations); *Johnson v. Countrywide Home Loans*, No. 08-60839-CIV, 2008 WL 4540449, *1 (S.D. Fla. Oct. 9, 2008) (noting "a plaintiff must prove more than conclusory grounds for relief," and "the '[f]actual allegations must be enough to raise a right to relief beyond the speculative level'" citing *Watts v. Florida Int'l University*, 495 F.3d 1289, 1295 (11th Cir. 2007) and quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556, 127 S.Ct. 1995, 195, 167 L.Ed.2d 929 (2007)).

Therefore, Count III of the Plaintiffs' Amended Complaint must be dismissed because these shotgun and conclusory allegations are in violation of Federal Rules of Civil Procedure 8(a), (d) and 12(b)(6).

The Court should also require that the Plaintiffs' assert definite factual allegations in accordance with Federal Rules of Civil Procedure 12(e) to support the conclusory allegation of race based discrimination by the Authority against the Plaintiffs.

## COUNT IV OF PLAINTIFFS' AMENDED COMPLAINT

11.   Count IV of the Plaintiffs' Amended Complaint is for a Writ of Mandamus.  All previous  allegations made in paragraphs 1 – 158 are also incorporated into this Count in paragraph 159.

12.   In this Count the Plaintiffs' "seek a Writ of Mandamus directing the Defendant Authority Governing Board to strictly adhere and enforce compliance by Defendant SWS with its promises sworn oaths and representations ..."   Amended Complaint, ¶160 at p.34.

13.   The Court should dismiss Court IV of the Plaintiffs' Amended Complaint due to the shotgun, rambling, conclusory allegation(s) contained in the more than 100 word narrative pursuant to Federal Rules of Civil Procedure 8(a), (d) and 12(b)(6), or alternatively require a more definite statement supported by appropriate factual allegations pursuant to Rule 12(e).

14.  Next, Mandamus will not lie to enforce the performance of private contracts. *Florida Cent. & P.R. Co. v. State ex rel., Town of Tavares*, 31 Fla. 482, 13 So. 103 (Fla. 1893); See also, *Board of Public Instruction of Gilchrist County, et al. v. Board of Public Instruction of Alachua County*, 155 Fla. 79, 81, 19 So.2d 576, 577 (Fla. 1944) (Generally, mandamus may not be employed to coerce performance of contracts). [2]

15.  Mandamus is a common law remedy used to enforce an established legal right by compelling a person in an official capacity to perform an indisputable ministerial duty imposed by  law. *Coldiron v. Seminole County Sherriff's Department*, 936 So.2d 42 (Fla. 5th DCA 2006) (other citations omitted).

16.  A ministerial duty, such as is suitable for enforcement by means of a writ of mandamus, is some duty imposed by law, not by contract or arising necessarily as an incident to official office.  *City of Tarpon Springs v. Planes*, 30 So.3d 693 (2nd DCA 2010).

17. In this case, the Plaintiffs' are seeking a Writ of Mandamus to enforce a contract, or actually compel payment, to the Plaintiffs by the Defendant, Solid Waste Systems, LLC.  Mandamus will not lie for this purpose.

18.  Further, the Plaintiffs have not established a clear legal right to this relief, that the Authority has a clear legal duty to even perform this function, and the Plaintiffs' have no other adequate remedies at law.  *Chapman v. State of Florida*, 910 So.2d 940 (Fla. 5th DCA 2005); *James v. Crews*, 132 So.3d 896 (Fla. 1st DCA 2014).

---

[2] *The Authority is not a party to the contract that the Plaintiffs' are seeking to enforce.*

**WHEREFORE,** the Solid Waste Authority of Palm Beach County respectfully requests that Count IV of the Plaintiffs' Amended Complaint be dismissed pursuant to Federal Rules of Civil Procedure 8(a), (d) and 12(b)(6) as a matter of law, or alternatively for a more definite statement supported by appropriate factual allegations pursuant to Rule 12(e).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by Electronic Mail to Andrew DeGraffenreidt, Esq., adegraffenreidt@gmail.com, 319 Clematis Street, Suite 602, West Palm Beach, Florida, 33401, this 10th day of November, 2015.

**PHILIP MUGAVERO, ESQ.**
Florida Bar No. 931179
Palm Beach County Attorney's Office
Sr. Assistant County Attorney Office
300 N. Dixie Highway, Suite 359
West Palm Beach, FL 33401
Tel:  (561) 355-6717
Fax:  (561) 355-4234
Email:  pmugaver@pbcgov.org
           aairey@pbcgov.org