IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 9:15-cv-81492-KLR

TINA M. WHITE D/B/A/ BRILLIANT
MINDS STRATEGIES, INC., et al.

      Plaintiffs,

vs.

SOUTHERN WASTE SYSTEMS, LLC
and SOLID WASTE AUTHORITY OF
PALM BEACH COUNTY,

      Defendants.
_____/

**DEFENDANT, SOLID WASTE AUTHORITY OF PALM BEACH COUNTY'S, MOTION TO DISMISS COUNTS II, IV, VI AND IX OF THE PLAINTIFFS' THIRD AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

**COMES NOW,** the Defendant, SOLID WASTE AUTHORITY OF PALM BEACH COUNTY ("the SWA"), by and through its undersigned counsel, and pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6), and files its Motion to Dismiss Counts II, IV, VI AND IX of the Plaintiffs' Third Amended Complaint and in support thereof, states the following:

    A.                    **APPLICABLE LEGAL STANDARDS**

The applicable legal standards to be applied by a Court when ruling on a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) have been concisely set forth in Berlinger v. Wells Fargo, N.A., 2014 WL 7073757 (M.D. Fla. Dec. 15, 2014), as follows:

1

> Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir.2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citations omitted).
>
> In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), but "[ l ]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir.2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir.2012) (internal quotation marks and citations omitted). Thus, the Court engages in two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

Wells Fargo, N.A., 2014 W.L. 70737572 at *2.

B. **THE SOLID WASTE AUTHORITY OF PALM BEACH COUNTY**

The Authority is a dependant special district created by Ch. 75-473, as amended, codified and reenacted in a single special act of the Florida Legislature, Ch. 2001-331, Laws of Florida (2001), known as the Palm Beach County Solid Waste Act.

Special districts are recognized as one of four constitutionally established local government entities with the power to levy ad valorem taxes. Art. VII, §9(a), Fla. Const.

Further, special districts have been called independent establishments of the State and entitled to sovereign immunity protection under Section 768.28, Florida Statutes. *Eldred v. North Broward Hospital District*, 498 So.2d 911 (Fla. 1986).

C. **COUNT II – BREACH OF CONTRACT AGAINST SWA**

1. Count II for Breach of Contract against the SWA must be dismissed because:

   a) There is simply no express written contract between the SWA and the Plaintiffs, nor is any express contract attached to the Third Amended Complaint or even alleged to exist between the SWA and the Plaintiffs; and;

   b) without an express written contract approved by the SWA's Governing Board, the Plaintiffs' breach of contract claim is barred by sovereign immunity

2. The allegations of the Plaintiffs' Third Amended Complaint make it clear that Defendants, SWS and SWA entered into a written contract, and then the SWS entered into a written contract with the Plaintiffs. (Third Amended Complaint at ¶¶ 71 and 72).

3. The Plaintiffs allege that "[t]he SWA impliedly and explicitly made the SBE Plaintiffs part of the contract between the SWA and SWS because SWA promulgated criteria requiring the contract to include SBE contractors in the "bidding" process. (Third Amended Complaint at ¶77).[1]

4. The Plaintiffs may not enforce the terms of a contract of which they are not parties or only incidental or consequential third party beneficiaries. *Esposito v. True Colors Enterprises Construction, Inc.* 45 So.2d 3d 554, 555 (Fla. 4th DCA 2010); see also *Bochese v. Town of Ponce Inlet*, 405 F.3d 964 (11th Cir. 2005). This principle applies to all named Plaintiffs, but particularly to the individual Plaintiffs that are not, as individuals, even SBE's. More specifically, claims made by the individual Plaintiffs should be dismissed for lack of standing; an action to redress injuries to a corporation can only be brought in the name of the corporation. *KMS Rest. Corp. v. Wendy's Int'l. Inc.*, 361 F.3d 1321, 1325 (11th Cir. 2004); *Stevens v. Lowder*, 643 F.2d 1078, 1080 (5th Cir. 1981).

5. To the extent it is even possible for a breach of contract claim to exist against the SWA when there is no express written contract between the SWA and the Plaintiffs, any such claim is barred by sovereign immunity.

---

[1] There is not, nor can there be any allegation that these specific SBE Plaintiffs were required to be included in the "bidding" process, but also the "bidding" process does not equate to an express written contract with these SBE Plaintiffs. A claim against a government entity cannot be based on an implied contractual theory. see also, fn 2.

4

6. As a governmental entity the SWA enjoys sovereign immunity. (See Section B hereto, at p. 3). In Florida, the State Legislature has expressly waived sovereign immunity for torts. There is no similar express waiver by the legislature for contracts.

7. In <u>Pan-Am Tobacco Corp. v. Development of Corrections</u>, 471 So.2d 4, 5 (Fla. 1984), the Court explained that, "[I]n Florida, sovereign immunity is the rule, rather than the exception, as evidenced by Article X, Section 13 of the Florida Constitution: 'Provision may be made by general law for bringing suit against the state as to all liabilities now existing or hereafter originating.'"

8. In other words, The Florida Legislature can, by general law, expressly waive sovereign immunity as it has done in Section 768.28, Florida Statutes, for torts. The Court further recognized that "[t]here is no analogous waiver in contact." <u>Id</u>.

9. Therefore, the first way the SWA can be sued for breach of contract in this case is if there has been an express waiver of sovereign immunity by general law passed by the Florida Legislature for such suit. There has been no such waiver of sovereign immunity by general law in this case, nor is it alleged.

10. Next, the SWA can be sued where there has been an implied wavier of sovereign immunity. As in <u>Pan-Am Tobacco</u>, an implied waiver of sovereign immunity arises where a governmental entity, such as the SWA, enters into an express, written contract that "The Legislature has, by general law, explicitly empowered various state agencies to enter ..." <u>Pan-Am Tobacco</u>, 471 So.2d at p.5.

11. An implied waiver of such sovereign immunity regarding contract claims "only applies if the written contract is properly approved by or on behalf of the governmental entity sought to be held liable for performance of the contract." <u>City of Orlando, et al. v. West Orange Country Club, Inc.</u>, 9 So.3d 1268, 1273 (Fla. 5th DCA 2009). (and cases cited therein).

12. In the instant case, there simply is no express, written contract approved by the SWA's Governing Board that would support that there has been an implied wavier of sovereign immunity in this lawsuit.[2]

13. Therefore, Count II of the Plaintiffs' Third Amended Complaint must be dismissed on this basis for failure to state a claim upon which relief can be granted pursuant to <u>Fed.R.Civ.P.</u> 12(b)(6).

### D. COUNT IV – BREACH OF CONTRACT AS TO THIRD PARTY BENEFICIARIES AGAINST THE SWA

14. The determination of third party beneficiary status under a written contact is generally a matter of law not to be submitted to the trier of fact without specific language specifying third party beneficiary status. <u>In Re Government Complex Case, Consolidated</u>, 543 So.2d 866 (Fla. 4th DCA 1989).

---

[2] An implied contract theory is not legally supportable against the SWA either. <u>Southern Roadbuilders, Inc. v. Lee County</u>, 495 So.2d 189 (Fla. 2nd DCA 1986) (claims not founded on express, written contracts are barred under the doctrine of sovereign immunity); See also, <u>County of Brevard v. Miorelli Engineering, Inc.</u> 703 So.2d 1049 (Fla. 1997) (approving rationale of Southern Roadbuilders, Inc.)

15. Further, either the parties to a contract or the contract itself must clearly express the intent to primarily and directly benefit the third party. <u>Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd.</u>, 647 So.2d 1028 (Fla. 4th DCA 1994); see also <u>Esposito v. True Color Enterprises Construction</u>, 45 So.3d 554, 556 (Fla. 4th DCA 2010) ("Florida law looks to [the] 'nature or terms of a contract' to find the parties clear or manifest intent that it 'be for the benefit of a third party.' "), quoting, <u>Jenne v. Church & Tower, Inc.</u>, 814 So.2d 522, 524 (Fla. 4th DCA 2002) (citation omitted); <u>State of Florida for Use and Benefit of Westinghouse Electric Supply Co., v. Wesley Construction Co.</u>, 316 F. Supp. 490 (S.D. Fla. 1970), Aff'd 453 F.2d 1366 (5th Cir. 1972).

16. The failure to allege the express terms and conditions of the contract between the SWA and SWS or in the "SWA package" pursuant to which these specific Plaintiffs are trying to seek third party beneficiary status must result in the dismissal of Count IV of the Plaintiffs' Third Amended Complaint. <u>Weimar v. Yacht Club Point Estates, Inc.</u>, 223 So.2d 100 (Fla. 4th DCA 1969).

17. The Plaintiffs seem to conclude that "[i]f the SBE is required, <u>it follows</u> it must be third party beneficiary of the corresponding contract" (Third Amended Complaint at ¶ 122). This is not the type of express or direct acknowledgment necessary to make these specific Plaintiffs third party beneficiaries to the contract between SWA and SWS. Instead these Plaintiffs are more properly classed as incidental or consequential beneficiaries.

18. By analogy, in the context of a construction contract, the subcontractors (Plaintiffs here) of a general contractor (SWS here), are considered incidental or consequential beneficiaries to the general contractor's contract with the owner (SWA here), and not entitled to enforce the primary contract against the owner. Esposito v. True Color Enterprises Const., Inc., 45 So.3d 554 (Fla. 4th DCA 2010); see also International Erectors, Inc. v. Wilhoit Steel Erectors and Rental Service, 400 F.2d 465 (5th Cir. 1968).

19. Similarly, owners (SWA here) have been held to be only incidental beneficiaries to a subcontract with a subcontractor (Plaintiffs here) not entitled to maintain a contractual based cause of action. Lazovitz, Inc. v. Saxon Construction Inc., 911 F.2d 588 (11th Cir. 1990).

20. In the instant case, the Plaintiffs make the conclusive allegation that by requiring SBE participation, the SWA "expressly acknowledged" participating SBE's would be beneficiaries of the winning bids to which the SBE's, the Plaintiffs, were involved. (Third Amended Complaint at ¶ 99). However, no facts at all are alleged that support this "express" acknowledgment, nor is the language of this "express" acknowledgment set forth anywhere in the Plaintiffs' Third Amended Complaint. Instead, the Plaintiffs' own Third Amended Complaint alleges the SWA "impliedly and explicitly" made these Plaintiffs part of the contract between SWA and SWS. (Third Amended Complaint at ¶ 77).

21. Similarly, and also in conclusive fashion, the Plaintiffs' allege that by virtue of SWS being awarded the bid pursuant to Franchise Agreement No. 14-205 for Service Area No. 04, the Plaintiffs became third party beneficiaries to this Franchise Agreement

8

between the SWA and SWS. (Third Amended Complaint at ¶ 103). This again is most analogous to an owner, general contractor and subcontractor, whereby the subcontractor is merely an incidental beneficiary to the contract between the owner and general contractor.

22. To the contrary, nowhere in either the "SWA package" or Franchise Agreement No. 14-205, is there any such expressed intention to make these Plaintiffs primary and direct beneficiaries of this Franchise Agreement between the SWA and SWS.

23. The Plaintiffs make no reasonably definitive allegations that these Plaintiffs were "expressly" intended to be third party beneficiaries to this Franchise Agreement. The Plaintiffs simply recite the necessary, conclusory, incantations that do not pass legal muster to support any of their claims against the SWA.

24. Therefore, after applying to applicable legal standards, Count IV of the Plaintiffs' Third Amended Complaint must be dismissed for failure to comply with the pleading requirements of Fed.R.Civ.P. 8(a)(2), and for failure to state a clam upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

E. **COUNT VI – FRAUD IN THE INDUCEMENT TO CONTRACT AS TO THE SOLID WASTE AUTHORITY**

25. Count VI against the SWA for Fraud in the Inducement to Contract is in the nature of a tort claim. (citations omitted).

26. As a governmental entity entitled to sovereign immunity, the Plaintiff must plead that there has been compliance with the pre-suit notice requirements of Section 768.28(6), Florida Statutes (2014).

27. The Plaintiffs failure to plead compliance with Section 768.28(6), a condition precedent to bringing a tort claim against the SWA is a basis for dismissal of the Third Amended Complaint. *Menendez v. North Broward Hospital District*, 537 So.2d 89, 91 (Fla. 1988) (noting that "under Section 768.28, not only must the notice be given before a suit may be maintained, but also the complaint must contain an allegation of such notice." (citing *Commercial Carrier Corp. v. Indian River County*, 371 So.2d 2010 (Fla. 1979)); see also *Scullock II v. Gee*, 161 So.3d 421 (Fla. 2nd DCA 2014).

28. Therefore, Count VI of the Plaintiff's Third Amended Complaint must be dismissed on this basis.

### F. COUNT IX – 42 USC 1981 - CLAIM FOR EQUAL PROTECTION RIGHTS & IMPAIRMENT OF CONTRACT RIGHT BY THE SOLID WASTE AUTHORITY

29. The Plaintiffs' allege that Count IX of their Third Amended Complaint is a claim for equal protection rights and impairment of contract right against the SWA based on its discrimination against the Plaintiffs in violation of 42 USC 1981.

30. The Plaintiffs' only allegations against the SWA, albeit entirely conclusory in nature, are as follows:

   A. "race and sex as an African American man and woman were motivating factors";

   B. "motivated by the race"; and

   C. "all motivated by the race"

(Third Amended Complaint at ¶¶ 177, 178, 179; 180, 181, 182; and 183).

31. There are absolutely no factual allegations, none, to support these entirely conclusory allegations of any type of racial or sexual discrimination. These types of allegations are simply "threadbare" recitals, "unadorned accusations," and a "formulaic recitation" of the elements of a cause of action all without a scintilla of factual support. There are no underlying facts alleged to support these claims.

32. Further, not only are the there no specific facts to support these conclusory assertions, but also no facts at all to support the required intent or racially motivated discrimination to support this claim. *Petrano v. Nationwide Mut. Fire Ins. Co.*, 2013 WL 1325045, at *4 (N.D. Fla. 2013) (dismissing plaintiffs' claim under 42 U.S.C. § 1981, for failure to state a claim upon which relief can be granted, when plaintiffs' provided no specific facts to support a finding that the defendants had an intent to discriminate on the basis of race). *Gen. Bldg. Contractors Ass'n. Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982) (explaining that allegations that the defendants' acts were purposefully discriminatory and racially motivated are essential to Section 1981); *Novelus v. Hebrew Home Sinai, Inc.*, 2012 WL 2675478, at *2 (S.D. Fla. July 6, 2012) (plaintiff failed to demonstrate that defendant intended to discriminate on the basis of race when she alleged she was the target of discrimination based on numerous comments regarding her national origin, age, and race; the court reasoning that this does not evince an intent to discriminate against plaintiff or demonstrate any causal connection between the circumstances surrounding plaintiffs termination and defendant's alleged discrimination).

33. Therefore, after applying the applicable legal standards, Count IX of the Plaintiffs' Third Amended Complaint must be dismissed for failure to comply with the minimal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2), and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

**WHEREFORE,** the Solid Waste Authority of Palm Beach County respectfully requests that Counts II, IV, VI and IX of the Plaintiffs' Third Amended Complaint be dismissed pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6), as a matter of law for the reasons set forth herein.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by Electronic Mail to **Brian B. Joslyn, Esq.**, 515 North Flagler Drive, 20th Floor, West Palm Beach, Florida, 33401, **Andrew DeGraffenreidt, Esq.**, adegraffenreidt@gmail.com, 319 Clematis Street, Suite 602, West Palm Beach, Florida, 33401, **Larry Strauss, Esq.**, larry@williegary.com, **Victoria Swift, Esq.**, vgs@williegary.com, and **Donald Watson, Esq.**, dnw@williegary.com, 221 S.E. Osceola Street, Stuart, Florida, 34994, this 17th day of March, 2016.

_____
**PHILIP MUGAVERO, ESQ.**
Florida Bar No. 931179
Palm Beach County Attorney's Office
300 N. Dixie Highway, Suite 359
West Palm Beach, FL 33401
Tel: (561) 355-6717
Email: pmugaver@pbcgov.org
aairey@pbcgov.org