IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:15-CV-81492-KLR

TINA M. WHITE D/B/A/ BRILLIANT
MINDS STRATEGIES, INC., et al.

      Plaintiffs,

vs.

SOUTHERN WASTE SYSTEMS, LLC
and SOLID WASTE AUTHORITY OF
PALM BEACH COUNTY,

      Defendants.

_____/

### DEFENDANT, SOUTHERN WASTE SYSTEMS, LLC's ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FOURTH AMENDED COMPLAINT

COME NOW Defendants, Southern Waste Systems, LLC (SWS or SWS, LLC) and Southern Waste Systems Ltd. (SWS, Ltd.) by and through their undersigned counsel, and make this Answer and Affirmative Defenses to Plaintiffs' Fourth Amended Complaint; saying as follows:

### ANSWER OF SWS, LTD.

Defendant, SWS, LTD. had no involvement with Plaintiffs or any of the matters alleged in their Fourth Amended Complaint and responds to each and every paragraph thereof that it is "without knowledge and therefore denies" the allegations therein.

### ANSWERS OF SWS, LLC

### THE PARTIES

1.      Without knowledge; and therefore denied.

2.      Admitted.

Tina M. White, et al. vs.
Southern Waste Systems, et al.
Case No: 15-CV-81492 Ryskamp

3.    Admitted.   SWS further states that Ms. White's race or gender are irrelevant under the facts of this case.

4.    Admitted.

5.    Admit that Enterprise claims to provide such services, but without knowledge of whether it actually performs such services.

6.    Admitted.  SWS further states that Mr. Little's race or gender are irrelevant under the facts of this case.

7.    Admitted

8.    Admitted

9.    Without knowledge of what its website may have said on March 29, 2016 but SWS admits its website has contained such statements at present and in the past.

10.    Admitted.  However SWS, Ltd. has no connection whatsoever to the facts giving rise to this case.

11.    Without knowledge as to the first sentence.  Admit the balance of the paragraph.  Defendant SWS again states that SWS, Ltd. has no connection whatsoever to the facts giving rise to this case.

12.    Without knowledge as to what information or beliefs Plaintiff may have regarding Mr. Gusmano.

13.    Denied.   Plaintiffs have failed to allege sufficient facts to establish the companies are one and the same, are alter egos of one another or are somehow jointly liable for Plaintiffs' claims.

14.    Admitted.

15.    Admitted.

Tina M. White, et al. vs.
Southern Waste Systems, et al.
Case No: 15-CV-81492 Ryskamp

16.   Admit that Defendant SWA is   a   government   owned   and   operated enterprise.

17.   Without knowledge.

18.   Without knowledge.

## JURISDICTION AND VENUE

19.   Defendant SWS repeats its responses to paragraphs 1- 18.

20.   Admitted.

21.   Admitted.

22.   Admitted.

23.   Deny SWS, Ltd. is in any way involved in or related to the facts and circumstances on which this case is based.

24.   Admitted.

25.   Admitted.

## GENERAL ALLEGATIONS

26.   Defendant SWS repeats its responses to paragraphs 1- 25.

27.   Without knowledge.

28.   Admitted.

29.   Without knowledge.

30.   Without knowledge.

31.   Without knowledge of Plaintiffs' information or belief and without knowledge of whether a vote on reduction in required experience, if it occurred, was the first time such a reduction occurred.

32.   Denied as pleaded.

3

Tina M. White, et al. vs.
Southern Waste Systems, et al.
Case No: 15-CV-81492 Ryskamp

33.     Admit the first sentence.   Deny the term "key documents" in the second sentence.

     a.     Admitted.

     b.     Admitted.

     c.     Admitted but Defendant SWS states the Franchise Agreement attached to the Fourth Amended Complaint as Exhibit C was a draft or exemplar.

     d.     Admitted.

34.     No response is required.

35.     Admitted but Defendant SWS denies that the goal of 15% participation by local Small Business Enterprises was an absolute requirement.

36.     Admit but deny the requirements set out by Plaintiffs in this paragraph are inclusive or complete.

37.     Without knowledge.

38.     Without knowledge of whether Plaintiffs were local SBEs as defined by paragraph 42 of the SWS/SWA contract.

39.     Denied as pleaded.   Defendant, SWS, states that the Minimum Bid Requirements attached to Plaintiffs' Fourth Amended Complaint as Exhibit B is the best evidence of the terms, conditions and requirements imposed by the SWA on bidders.

40.     Deny that the phrase "strict compliance" was contained in the Bid (Exhibit A) the 14-205 Contract (Exhibit D) or in Defendant SWS' Bid.  (Exhibit E)

41.     Admitted.

42.     Admit Plaintiffs' Exhibit E contains a Schedule 1, filled out by hand, that names Plaintiffs, individually, as SBE participants in SWS' bid to the SWA.

4

Tina M. White, et al. vs.
Southern Waste Systems, et al.
Case No: 15-CV-81492 Ryskamp

43.     Denied.

44.     Denied.

45.     The first sentence is denied as pleaded.   Admit the Letters of Intent executed by Plaintiffs were included in Schedule 2 of the SWS Bid attached as Exhibit E to Plaintiffs' Fourth Amended Complaint.

46.     Admit that the letter was one notice SWS received.

47.     Denied.   Plaintiffs' arrangement was that they were to be paid fees for documented services not to exceed in any one year the total amount listed on Schedule 1, included in **Exhibit E** to Plaintiffs' Fourth Amended Complaint; for Plaintiff Brilliant Minds - $125,500.00 and for Plaintiff James Jr. Enterprises - $199,600.00.

48.     Denied.

49.     Without knowledge of Plaintiffs' information or belief as to the value of the SWS/SWA Contract 14-205 (hereinafter the SWS/SWA contract).

50.     Admitted.

51.     Admitted.

52.     SWS denies the Plaintiffs' characterization of the terms of the referenced SWA documents contained in the first sentence of paragraph 52 of their Fourth Amended Complaint.

     a.     Denied.

     b.     Admit that the quoted statement is contained in Exhibit E to the Fourth Amended Complaint.

     c.     Admit the SWA's bid terms contain that statement.

     d.     Admit the SWA's bid terms contain that statement.

Tina M. White, et al. vs.
Southern Waste Systems, et al.
Case No: 15-CV-81492 Ryskamp

  e.    Admit the SWA's bid terms contain that statement.

  f.    Denied as pleaded.

  g.    Admit the Agreement attached as Exhibit D to Plaintiffs' Fourth
Amended Complaint incorporates the Contractor's SBE plan by reference.

  h.    Denied as pleaded.

  i.    Admit the Agreement contains the quoted language.

  j.    Admit the Agreement contains the quoted language.

  k.    Admit the Agreement contains the quoted language.

  l.    Admit the Agreement contains the quoted language.

53.    Denied as pleaded.    Though Plaintiffs said in various emails and correspondence that they were "ready" and "willing" to perform the functions set out in their respective Letters of Intent, the facts are that Enterprise was removed and replaced for inability to perform and Brilliant Minds was terminated for cause as set forth below.

54.    Denied.

55.    Denied.  Only Plaintiff James Jr. Enterprises, Inc. was replaced.

56.    Denied.   Defendant SWS specifically denies Plaintiffs' allegation that its termination and subsequent replacement of James Jr. Enterprises, Inc. or that the termination of Brilliant Minds, Inc. for cause were racially motivated.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

6

Tina M. White, et al. vs.
Southern Waste Systems, et al.
Case No:  15-CV-81492 Ryskamp

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Without knowledge.

66.     Without knowledge.

## COUNT I

## BREACH OF CONTRACT, DEFENDANT SWS

67.     Defendant, SWS, repeats its responses to paragraphs 1-65.

68.     Admitted.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

## COUNT II

## NEGLIGENCE, DEFENDANT SWA

76. – 96.     The allegations of Count II do not pertain to Defendant SWS so no response is made.

## COUNT III

## BREACH OF CONTRACT TO THIRD PARTY BENEFICIARIES – AS TO SWS

Tina M. White, et al. vs.
Southern Waste Systems, et al.
Case No: 15-CV-81492 Ryskamp

97.    Defendant SWS repeats its responses to paragraphs 1-65.

98.    Admitted.

99.    Denied.

100.   Denied.

101.   Admitted.

102.   Denied.

103.   Admitted.

104.   Denied.

105.   Admit SWS understood that whomever it selected would benefit if they could perform.

106.   Denied.

107.   Denied.

108.   Denied.  Only Plaintiff Brilliant Minds had a written agreement with SWS.

109.   Denied.

110.   Denied.

111.   Denied.

112.   Denied.

## COUNT IV

### BREACH OF CONTRACT TO THIRD PARTY BENEFICIARIES – AS TO SWA

113. – 133.  The allegations of Count IV do not pertain to Defendant SWS so no response is made.

## COUNT V

### FRAUD IN THE INDUCEMENT TO CONTRACT – AS TO SWS

Tina M. White, et al. vs.
Southern Waste Systems, et al.
Case No: 15-CV-81492 Ryskamp

134.    Defendant, SWS repeats its responses to paragraphs 1 – 65.

135.    Admitted.

136.    Denied as pleaded.    Plaintiffs were among the SBEs that Defendant, SWS, reviewed in order that SWS could attempt to comply with the SBE provisions of the Minimum Bid Requirements.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

## COUNT VI

## FRAUD IN THE INDUCEMENT TO CONTRACT – AS TO SWA

144. – 155.    The allegations of Count VI do not pertain to Defendant SWS so no response is made.

## COUNT VII

## UNJUST ENRICHMENT - AS TO SWS

156.    Defendant, SWS repeats its responses to paragraphs 1-65.

157.    Admitted that based on Plaintiffs' Letters of Intent and their inclusion in its bid, SWS' met the 15% SBE participation requirement.

158.    Denied.

159.    Denied.

9

Tina M. White, et al. vs.
Southern Waste Systems, et al.
Case No: 15-CV-81492 Ryskamp

160.    Denied.

161.    Denied.  SWS specifically denies any assertions or inference that the SBE requirement was the only or even the most important factor in the SWA selecting SWS as the service provider in Area 4.

162.    Denied.

163.    Denied.

164.    Denied.  SWS specifically states that Plaintiffs were paid for the services they did render.

## COUNT VIII

### 42 USC 1981 CLAIM FOR IMPAIRMENT OF CONTRACT RIGHTS BASED UPON RACE – AS TO SWS

165.    Defendant, SWS, repeats its responses to paragraphs 1-65.

166.    Admitted for jurisdictional purposes only.

167.    Defendant, SWS admits section 1981 contains the quoted language but says that the section in its entirety is the best evidence of its requirements.

168.    Without knowledge.

169.    Without knowledge.

170.    No response is possible.  There is no complete sentence.

171.    Admitted.

172.    Admitted.

173.    The first sentence is denied as pleaded in that the monetary figures shown on Schedule 2 to SWS' Bid Package represented the maximum that would be paid to a particular SBE.  The figure listed for each SBE was never intended to represent or indicate a fixed price contract.  Admit the Letters of Intent executed by Plaintiffs were

Tina M. White, et al. vs.
Southern Waste Systems, et al.
Case No: 15-CV-81492 Ryskamp

included in Schedule 2 of the SWS Bid attached as <u>Exhibit E</u> to Plaintiffs' Fourth
Amended Complaint.

174.   Admitted.

175.   Denied.

176.   As pleaded, Defendant SWS is without knowledge.

177.   Denied.

178.   Admitted that what is alleged was what was intended, but deny that what
was intended actually occurred.   Instead, after the SWA Contract became effective,
SWS discovered that Enterprise was unable to perform vegetation pick-up and towing
services because it owned only one suitable truck.   Beginning in the Fall of 2014,
Brilliant Minds made a series of public records requests of the SWA.   There were at
least half a dozen of these requests between September 2014 and February 2015.   In
those requests, Brilliant Minds repeatedly accused SWS of fraud, intentional misconduct
and breach of the SWS/SWA Contract.   During the same time period, Brilliant Minds
was regularly invoicing SWS for its work as SWS' consultant and accepting payments
from SWS on those invoices.

179.   Denied.

180.   Denied.

181.   Denied.   Plaintiffs where not to be paid for playing "roles".   They were to
be paid for performance of required services and were in fact paid in full for their
services.

182.   Denied.

183.   Denied.

11

Tina M. White, et al. vs.
Southern Waste Systems, et al.
Case No: 15-CV-81492 Ryskamp

184.   Admitted.

185.   Denied.

186.   Denied.   Defendant SWS obtained an SWA finding that Enterprises was unwilling or unable to perform and SWA granted permission for its replacement.   SWS did not need to obtain SWA's approval to terminate a vendor for cause.   Defendant SWS terminated its relationship with Brilliant Minds for cause and has not replaced it with another SBE.

187.   Denied.

188.   Denied.

189.   Denied.   Only Enterprises was replaced and SWS received SWA approval for it.

190.   Denied.   In particular, Plaintiff Brilliant Minds performed services under its Consultant Agreement for the SWA matter for over a year after October 1, 2013, when the SWS/SWA Contract became effective and invoiced for its services up to February 2015, the month it was terminated.

191.   Denied.

192.   Denied.

193.   Denied.

194.   Denied as pleaded in all its subparts.

195.   Denied.

196.   The analogy Plaintiffs attempt to make is denied.   In the instant case, Enterprise was given from February 2013 to July 2014 to make itself ready to provide the services its Letter of Intent said it was ready to provide on January 3, 2013.   When it

12

Tina M. White, et al. vs.
Southern Waste Systems, et al.
Case No: 15-CV-81492 Ryskamp

could not it was replaced.  Plaintiffs' analogy bears no relationship to Brilliant Mind's situation.  It billed SWS monthly from February 2013 through February 2015 the month it was terminated for cause.

197.    Denied.  Admit the principals of both Plaintiffs are African American.

198.    Denied.

199.    Denied.

200.    Denied.

201.    Denied.

202.    Denied.

COUNT IX

42 USC 1981 CLAIM FOR IMPAIRMENT OF EQUAL PROTECTION
RIGHTS AND IMPAIRMENT OF CONTRACT RIGHTS BY DEFENDANT SWA

203 – 215.    The allegations of Count IX do not pertain to Defendant SWS so no response is made.

**AFFIRMATIVE DEFENSES**

A.    **As to Southern Waste Systems, Ltd.**

Other than alleging that SWS Ltd. has the same address, registered agent and may share a managing member with SWS, LLC, Plaintiffs fail to allege any facts showing that:

1)    SWS Ltd. entered into a contractual relationship of any sort with Plaintiffs;

2)    SWS, Ltd. made fraudulent statements to Plaintiffs;

3)    Plaintiffs were Third Party Beneficiaries of any SWS, Ltd. business relationship or contract; or that

13

Tina M. White, et al. vs.
Southern Waste Systems, et al.
Case No: 15-CV-81492 Ryskamp

4)      SWS, Ltd. violated Plaintiffs' constitutional rights.

As a result of their failure to plead specific facts showing that SWS, Ltd. was involved in any of the facts or circumstances giving rise to their claims in this action, Plaintiffs' claims against SWS, Ltd. fail to state a cause of action and should be dismissed with prejudice.

B.      <u>AS TO COUNT I</u>:

Plaintiffs' claim for breach of contract fails to state a cause of action for which relief may be granted:

1)      The amounts specified for Plaintiffs' participation as set forth in SWS' Bid Package, Schedule 1, (Exhibit E to Plaintiffs' Fourth Amended Complaint) are contract maximums.  The SWS/SWA contract nowhere requires payment to Plaintiffs in the absence of their performing services for SWS.  In fact, Brilliant Minds submitted invoices for its work and was paid on those invoices.

2)      Because Enterprise did not own sufficient trucks to perform its obligations under its Letter of Intent (Schedule 2 to SWS' Bid Package, Exhibit E to Plaintiffs' Fourth Amended Complaint) , Enterprise was replaced under the provisions of paragraph 42 of the SWS/SWA Contract (attached as Exhibit D to Plaintiffs' Fourth Amended Complaint).  Because Enterprise was demonstrably unable to perform the obligations set forth in its Letter of Intent, its removal and replacement was approved by SWA.

3)      Brilliant Minds performed under its Letter of Intent for several months before SWS was awarded the SWA Contract in February 2013 and for two years after until it was terminated for cause in February 2015.  During that period of time

Tina M. White, et al. vs.
Southern Waste Systems, et al.
Case No: 15-CV-81492 Ryskamp

it regularly invoiced SWS for its serves and was paid on those invoices.  Brilliant Minds was terminated for cause when SWS, LLC discovered that Brilliant Minds and its President, Tina White, had repeatedly and publicly accused SWS of breach of contract, fraud and intentional misconduct under the SWA Contract.  These statements were made verbally and in writing by Ms. White to the SWA.  SWS is not required to obtain SWA's approval to terminate a vendor or SBE for cause.  Brilliant Minds was not replaced as an SBE participant after it was terminated.

      C.     <u>AS TO COUNT III</u>:

In Count III, Plaintiffs assert they have rights as third party beneficiaries to the SWS/SWA Contract.  Count III fails to state a cause of action because:

      1)     There is no intent express or implied in the SWS/SWA Contract that Plaintiffs are intended beneficiaries or that performance under the contract is intended to directly benefit Plaintiffs.

      2)     Plaintiffs fail to allege or identify the specific provisions of the SWS/SWA Contract on which they base their claim to be Third Party Beneficiaries.

      3)     Taken as a whole, Count III should be dismissed because it alleges no more than that Plaintiffs were incidental beneficiaries to the SWS/SWA Contract.

      4)     Plaintiffs also fail to allege or otherwise establish they possessed a County-issued Tax Receipt that was issued prior to the SWA's issuance of the invitation for bid on November 13, 2012 (Exhibit A to Plaintiff's Fourth Amended Complaint). Without Tax Receipts issued prior to November 13, 2012, Plaintiffs are not local SBEs for purposes of this Contract and their Complaint should be dismissed  with prejudice.

Tina M. White, et al. vs.
Southern Waste Systems, et al.
Case No: 15-CV-81492 Ryskamp

5)      Assuming *arguendo* Plaintiffs were Third Party Beneficiaries to the SWS/SWA contract, they were terminated for their inability to perform and were replaced (Enterprise) or terminated for cause (Brilliant Minds) and not replaced.   In either event, Plaintiffs are entitled to recover no more than that which they were paid prior to their removal or termination.

D      AS TO COUNT V:

1)      Plaintiffs' claim for fraud in the inducement fails to state a cause of action for which relief may be granted because Plaintiffs fail to plead with the specificity required by law the

a.      Actual fraudulent misrepresentation(s);

b.      Person(s) making the false statement(s), the person to whom they were made and the manner in which they were made;

c.      Time(s) and date(s) on which the specific misrepresentation(s) were made;

d.      Actions Plaintiffs took or did not take in reliance on the misrepresentation(s);

e.      Specific nature of how Plaintiffs were injured by their reliance; and

f.      To the extent any alleged misrepresentation may have dealt with some future act, future fact or future event, Plaintiffs have failed to allege how such statements are or might be actionable.

Tina M. White, et al. vs.
Southern Waste Systems, et al.
Case No: 15-CV-81492 Ryskamp

2)      To the extent that Plaintiffs' claims for fraud seek recovery of damages for the same injuries or damages as they seek in their claim for breach of contract, Plaintiffs' claim in Count V fails to state a cause of action as a matter of law.

E.      <u>As to Count VII:</u>

1)      Plaintiffs' claims for unjust enrichment fail to state a cause of action against SWS because Plaintiffs allege the existence of an express written contract. As a matter of law, no recovery may be had for breach of an implied contract wherein an express contract covering the same subject matter exists.

2)      In addition, and assuming <u>arguendo</u> Plaintiffs have a cognizable claim for breach of an implied contract, they are barred from recovery:

a.      In the case of Enterprise, by failing to own or procure sufficient trucks and other vehicles to carry out its obligations under its Letter of Intent, the result of which is that Enterprise was removed for its demonstrable inability to perform and was replaced by another local SBE, all with the approval of the SWA.

b.      In the case of Brilliant Minds, by breach of its duty of loyalty by asserting to the SWA that SWS had engaged in intentional wrongful conduct, fraud and breach of contract while it continued to invoice SWS for its services and accept SWS' payments therefore.  In addition, Brilliant Minds is not entitled to recover for breach of implied contract or for unjust enrichment because of its unclean hands arising from its concealment of the past criminal history of its President, Tina White.

c.      Brilliant Minds had an express written consultant agreement with SWS, and breached the contractual requirements of nondisclosure and non-

17

Tina M. White, et al. vs.
Southern Waste Systems, et al.
Case No: 15-CV-81492 Ryskamp

disparagement, entitling SWS to terminate the relationship between the two the companies.

        d.     To the extent Plaintiff, Brilliant Minds, establishes SWS breached an implied contract, Brilliant Minds has been paid for its services thereunder prior to termination and, as a result, is not entitled to recover any damages.

    F.    <u>AS TO COUNT VIII</u>:

        1)    Plaintiffs' claims for violations of 42 USC 1981 on the grounds of the race of Plaintiffs' principals fails to state a cause of action in that there was a race-neutral reason for termination of Plaintiffs' involvement in the SWS/SWA contract:

        a.    <u>ENTERPRISES</u>:

        i.    In case of Enterprises, the Letter of Intent it signed stated that "the undersigned is prepared to provide the following services in connection with the above BID. . . vegetation pickup, truck towing services. . ."

        ii.    In fact, Enterprise did not own or control enough trucks to even remotely perform the obligations it said it was "prepared to provide."

        iii.    The SWA contract awarded to SWS on February 13, 2013 became effective on October 1, 2013. In July of 2014, when it became apparent that Enterprises was unwilling or unable to obtain sufficient trucks to perform the vegetation pickup and towing services it verified it was "prepared to provide," SWS sought and obtained SWA approval to replace Enterprises because it was unwilling and unable to perform.

        iv.    Enterprises was paid in full for such services as it did perform up to the time it was removed and replaced.

Tina M. White, et al. vs.
Southern Waste Systems, et al.
Case No: 15-CV-81492 Ryskamp

b.   Brilliant Minds:

i.   On July 3, 2012, Brilliant Minds entered into a written Consultant Agreement with SWS.  Under the Agreement, Brilliant Minds would submit invoices to SWS identifying the services it had performed and SWS would pay those invoices.

ii.   Brilliant Minds was paid under the Consultant Agreement through the award of the SWA contract in February of 2013.

iii.   After the award of the SWA contract, SWS continued to pay Brilliant Minds on invoices Brilliant Minds submitted including many invoices that identified consulting work with the SWA or concerning Area 4 on the invoices.

iv.   SWS paid Brilliant Mind's up to February of 2015.

v.   On February 11, 2015, Tina White, President of Brilliant Minds, appeared at a public meeting of the SWA and publicly stated on the record that SWS had breached its obligations under the SWS/SWA contract.  At the time she made these statements, Brilliant Minds was still acting as consultant to SWS, was invoicing SWS for its work and was being paid on those invoices.

vi.   After the February 11, 2015 SWA meeting, SWS investigated Ms. White's communications with the SWA and discovered that beginning in mid-2014, Ms. White on behalf of Brilliant Minds had submitted repeated public records request to the SWA in which she accused SWS of intentional misconduct, fraudulent misrepresentations and various breaches of the SWS/SWA contract.  As a result of the public accusations of intentional wrongdoing and the public records

19

Tina M. White, et al. vs.
Southern Waste Systems, et al.
Case No: 15-CV-81492 Ryskamp

requests making similar and additional accusations, SWS terminated its relationship with Brilliant Minds and Tina White for cause.

       vii.  On further investigation after terminating Brilliant Minds, SWS discovered that Ms. White had been arrested and charged on multiple occasions in the past, including arrests for credit card fraud, shoplifting and theft and that she had plead guilty to one charge, may have been convicted on another and in any event, was on probation from 2004 through 2008  as a result of one of her instances of criminal conduct.

  None of this information was provided by Ms. White or Brilliant Minds before entering into the Consultant Agreement with SWS or during the 2 ½ years she acted as consultant, invoiced for her services and accepted payment therefore, nor was disclosure made after Brilliant Minds' contractual relationship was terminated.  SWS would never have hired Brilliant Minds or Ms. White had any of these facts been disclosed.

  Because it had reasons for terminating its relationships with Enterprises and Brilliant Minds that had nothing to with race, Plaintiffs' claims that SWS' actions were racially motivated are baseless and their claims for breach of 42 USC 1981 fail to state a cause of action as a matter law.

## CONCLUSION

  For the reasons set forth above, Defendants SWS Ltd. and SWS LLC pray that this Court enter Judgment for Defendants and against Plaintiffs Brilliant Minds Strategies, Inc. and James Jr. Enterprise, Inc.

Tina M. White, et al. vs.
Southern Waste Systems, et al.
Case No: 15-CV-81492 Ryskamp

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was electronically filed with the Clerk of the Court using CM/ECF and that a true and correct copy of the foregoing has been furnished via electronic email to **Andrew DeGraffenreidt, III, Esquire**, 319 Clematis Street, Suite 602, West Palm Beach, Florida 33401 -- adegraffenreidt@gmail.com; **Philip Mugavero, Esquire,** 300 N. Dixie Highway, Suite 359, West Palm Beach, Florida 33401   pmugaver@pbcgov.org, aairey@pbcgov.org; **Donald N. Watson, Esq.,** Waterside Professional Building, 221 E. Osceola Street, Stuart, FL  34994 – dnw@williegary.com; **Victor G. Swift, Esq.,** 221 S.E. Osceola Street, Stuart, FL  34994 --  vgs@willilegary.com; **Larry A. Strauss, Esq.,** 221 S.E. Osceola Street, Stuart, Florida 34994 – strausslawfirm@comcast.net on this _22nd_ day of April, 2016.

**Brian B. Joslyn, Esquire**
Florida Bar No. 332496
Ciklin Lubitz & O'Connell
West Palm Beach, Florida 33401
Tel: (561) 832-5900 Fax: (561) 833-4209
Email: bjoslyn@ciklinlubitz.com
            swatts@ciklinlubitz.com
Counsel for Southern Waste Systems, LLC