IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:15CV81492KLR

BRILLIANT MINDS STRATEGIES, INC and
JAMES JR. ENTERPRISE, INC.

    Plaintiff,

vs.

SOUTHERN WASTE SYSTEMS, LLC,
SOUTHERN WASTE SYSTEMS, LTD., and the
SOLID WASTE AUTHORITY OF PALM BEACH

    Defendants.
_____/

**DEFENDANT'S MOTION TO COMPEL
PLAINTIFFS' RESPONSES TO SWA'S REQUESTS TO PRODUCE**

COMES NOW the Defendant, SOLID WASTE AUTHORITY OF PALM BEACH (hereinafter referred to as SWA), by and through the undersigned counsel, and hereby moves for entry of an Order compelling the Plaintiffs to comply with this Defendant's discovery pursuant to Fed. R. Civ. P. 37, and, as grounds, would state:

**I. SWA'S REQUEST TO PRODUCE TO PLAINTIFF, BRILLIANT MINDS STRATEGIES**

1. On September 16, 2016, Defendant propounded its First Request to Produce to Plaintiff, BRILLIANT MINDS STRATEGIES, INC. [Ex. 1]

2. Defendant's Request outlined thirty-nine (39) items or categories of items that this Defendant requested Plaintiff to produce, pursuant to Fed. R. Civ. Pro. 34(b). [Ex. 1]

3. Federal Rule of Civil Procedure 34(b)(2)(B) governs responses to Requests to Produce and states, in pertinent part, "*Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with

1

specificity the grounds for objecting to the request, including the reasons."

4. On October 19, 2016, Plaintiff sent to SWA's counsel by e-mail a pdf file titled "Brilliant Minds documents responsive to SWA RTP, Bates 001-0170.pdf". The file contained 170 bates stamped pages of documents. No further documentation was provided and nothing in Plaintiff's counsel's e-mail identified which items in SWA's Request to Produce to Plaintiff the pdf was responsive to. (See Correspondence from Plaintiffs' counsel dated 10-19-2016 regarding SWA's Request to Produce to Brilliant Minds) [Ex. 2].

5. Plaintiff has not provided to this Defendant to-date any formal response to the First Request to Produce that identifies "for each item or category," which of the produced documents are responsive to each Request. Federal Rule of Civil Procedure 34(b)(2)(B).

6. Therefore, this Defendant is unable to determine which of the attachments provided are responsive to each specific Request made. Moreover, Defendant cannot confirm that the pdf file provided contains the complete responses to the Requests or that production of additional materials responsive to the Requests is still needed.

7. The complete responses are necessary to Defendant, and failure of Plaintiff to provide said responses would unfairly prejudice this Defendant.

8. The deposition of the Plaintiff's proprietor is set to take place on November 16, 2016.

9. This Defendant respectfully requests this Court compel Plaintiff, BRILLIANT MINDS STRATEGIES, INC., pursuant to Fed. R. Civ. Pro. 34 and 37(a)(3)(B), to respond to said items and categories of items in SWA's Request to Produce on or before November 11, 2016, to permit this Defendant sufficient time to prepare for the deposition.

## II. SWA'S REQUEST TO PRODUCE TO PLAINTIFF, JAMES JR. ENTERPRISES

10. On September 16, 2016, Defendant propounded its First Request to Produce to Plaintiff,

JAMES JR. ENTERPRISE. [Ex. 3].

11. Defendant's Request outlined forty-one (41) items or categories of items that this Defendant requested Plaintiff to produce, pursuant to Fed. R. Civ. Pro. 34(b). [Ex. 3]

12. Federal Rule of Civil Procedure 34(b)(2)(B) governs responses to Requests to Produce and states, in pertinent part, "*Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."

13. On October 19, 2016, Plaintiff sent to SWA's counsel by e-mail a pdf file titled "JJE documents responsive to SWA RTP, Bates 00001-00088.pdf". The file contained 88 bates stamped pages of documents. No further documentation was provided, and nothing in Plaintiff's counsel's e-mail identified which Requests to Produce Plaintiff's documents were responsive to. (See Correspondence from Plaintiffs' counsel's staff dated 10-19-2016 regarding SWA's Request to Produce to James Jr. Enterprise) [Ex. 4]

14. Plaintiff has not provided to this Defendant to-date any formal response to the First Request to Produce that identifies "for each item or category," which of the produced documents are responsive to each Request. Federal Rule of Civil Procedure 34(b)(2)(B).

15. Therefore, this Defendant is unable to determine which of the attachments provided are responsive to each specific Request made. Moreover, Defendant cannot confirm that the pdf file provided contains the complete responses to the Requests or that production of additional materials responsive to the Requests is still needed.

16. The complete responses are necessary to Defendant, and failure of Plaintiff to provide said responses would unfairly prejudice this Defendant.

17. The deposition of the Plaintiff's proprietor is set to take place on November 17, 2016.

18.     This Defendant respectfully requests this Court compel Plaintiff, JAMES JR. ENTERPRISE, pursuant to Fed. R. Civ. Pro. 34 and 37(a)(3)(B), to respond to said items and categories of items in SWA's Request to Produce on or before November 11, 2016, to permit this Defendant sufficient time to prepare for the deposition.

### III. CERTIFICATION OF GOOD FAITH ATTEMPT TO OBTAIN DISCOVERY

19.     Defendant's counsel has attempted on several occasions since receiving the aforementioned pdf files to obtain the aforementioned itemization, but Plaintiff has failed to provide said responses.

20.     The undersigned certifies that this Defendant has in good faith conferred with the parties failing to make discovery in an effort to obtain it without court action, but the aforementioned discovery remains unanswered.

WHEREFORE, the Defendant, SOLID WASTE AUTHORITY OF PALM BEACH, requests that the Court enter an Order compelling the Plaintiffs, BRILLIANT MINDS STRATEGIES, INC and JAMES JR. ENTERPRISE, INC., to comply with its First Request to Produce to each Plaintiff, respectively, as outlined herein.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by CM/ECF on November 3, 2016, on all counsel or parties of record on the <u>Service List</u> below:

>ANDERSON, MAYFIELD, HAGAN & THRON, P.A.
>1800 S. Australian Ave. Ste. 350
>West Palm Beach, FL  33409
>Phone: (561) 688-0098 | Fax:  (561) 688-0094
>Co-Counsel for Defendant, SWA
>
> /S/ Kera E. Hagan
>KERA E. HAGAN, ESQUIRE
>Florida Bar No. 87645
>Email:  khagan@andersonmayfield.com

SERVICE LIST

*Andrew DeGraffenreidt , III*
   319 Clematis, Suite 602
   West Palm Beach, FL 33401
   P: 561-596-6420 | F: 561-832-9189
   Email: drewdy98@aol.com
   Attorney for Plaintiffs;

*Donald Nathaniel Watson*
   Waterside Professional Building
   221 E Osceola Street
   Stuart, FL 34994
   P: 772-283-8260 | F: 463-1766
   Email: dnw@williegary.com
   Attorney for Plaintiffs;

*Victor Gregory Swift*
   221 S.E. Osceola Street
   Stuart, FL 34994
   P: 772-288-6149 | F: 772-220-3343
   Email: vgs@williegary.com
   Attorney for Plaintiffs;

*Kera E. Hagan, Esq.*
   1800 S. Australian Ave. Ste. 350
   West Palm Beach, FL  33409
   P: 561-688-0098 | F:  561-688-0094
   khagan@andersonmayfield.com
   Co-Counsel for Defendant, SWA

*Larry A. Strauss*
   221 S.E. Osceola Street
   Stuart, FL 34994
   P: 561-301-2932 | F: 772-463-4318
   strausslawfirm@comcast.net
   Attorney for Plaintiffs;

*Brian Bradshaw Joslyn*
   515 N Flagler Drive, 20th Floor
   West Palm Beach, FL 33401-4343
   P: 561-832-5900 | F: 561-833-4209
   Email: bjoslyn@ciklinlubitz.com
   Attorney for Defendant, SWS;

*Philip Mugavero*
   301 N Olive Ave.,Ste 601 PO Box 1989
   West Palm Beach, FL 33401
   P: 561-355-2225 | F: 561-355-4234
   Email: pmugaver@pbcgov.org
   Co-Counsel for Defendant, SWA