UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-81492-Civ-Brannon

BRILLIANT MINDS STRATEGIES, INC.,
and JAMES JR. ENTERPRISE, INC.,

 Plaintiffs,

vs.

SOUTHERN WASTE SYSTEMS, LLC, and
SOUTHERN WASTE SYSTEMS, LTD.,

 Defendants.

_____/

## ORDER OF REMAND

 THIS CAUSE is before the Court on Defendants' Unopposed Motion to Remand [DE 155] and Plaintiffs' Motion Adopting and Not Opposing Defendants' Request to Remand [DE 154]. Defendants had previously moved to remand this matter to state court [DE 148], however the Court denied the motion without prejudice based on Defendants' failure to include a certificate of good faith conferral as required by local rules. Defendants have renewed their request, Plaintiffs claim to have no good-faith basis for objecting to remand, and the Court's *sua sponte* review of the record makes clear that remand is indeed the appropriate course.

### I. BACKGROUND

 Plaintiffs originally commenced this case in state court on or about September 14, 2015. On October 27, 2015, Defendants removed the case to this Court on the basis of federal question jurisdiction [DE 1]. The case centers on a dispute among entities regarding a contract to provide vegetation removal services in portions of Palm Beach County. As a result of this dispute, Plaintiffs raised claims against Defendants for (1) breach of contract, (2) breach of contract to

third party beneficiaries, (3) fraud in the inducement, and (4) unjust enrichment, and (5) impairment of contract rights based upon race under 42 U.S.C. § 1981 [DE 41].

Over two years later, on February 8, 2018, the Court issued its Order on Defendants' Motion for Summary Judgment [DE 147].  Among other things, the Court found that Plaintiffs had abandoned their sole federal claim brought under 42 U.S.C. 1981 and granted summary judgment to Defendants on this federal claim.  The Court also granted summary judgment to Defendants as to three of the four remaining state law claims.  As a result of the Court's Order, the sole surviving claim in this action is a Florida common law claim for breach of contract to third party beneficiaries.

## II.     DISCUSSION

As all parties concede, following the Court's Order on Defendants' Motion for Summary Judgment [DE 147], the sole remaining claim in this case is a state law claim for breach of contract to third party beneficiaries, over which the Court was exercising supplemental jurisdiction.  The Eleventh Circuit "has repeatedly said that, when all of the federal claims have been dismissed pretrial, Supreme Court case law 'strongly encourages or even requires dismissal of the state claims.'" *Estate of Owens v. GEO Grp., Inc.*, 660 Fed. Appx. 763, 775 (11th Cir. 2016) (collecting cases); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("we have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial"); *Shahawy v. Harrison*, 778 F.2d 636, 644 (11th Cir. 1985) (district courts are "strongly encourage[d]" if not "require[d]" to dismiss state law claims after all federal claims have been dismissed when a "state forum exists at the time of dismissal").

The Court finds that comity, convenience, fairness, and judicial economy all favor the decision to relinquish jurisdiction in this case where "state issues substantially predominate,

whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought.'" *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), superseded by statute on other grounds as recognized in *Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 531 & n.23 (11th Cir. 2015).  Because this case was removed to federal court, remand rather than dismissal is the appropriate course.  *See Cook v. Sheriff of Monroe Cty.*, 402 F.3d 1092, 1123 (11th Cir. 2005) ("[b]ecause this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C § 1441, if the district court declines to continue to exercise supplemental jurisdiction, [plaintiff's] remaining claim should be remanded to state court"); *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001) (holding that after all federal claims had been dismissed, "[i]f the district court does decline to exercise supplemental jurisdiction, these [state] claims shall be remanded to state court, rather than dismissed, because this case was originally filed in state court and removed to federal court").

### III.  CONCLUSION

Based on the foregoing, the Court grants the parties' joint request for remand, declines to exercise supplemental jurisdiction over the sole remaining state law claim, and remands this case to the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida.  Accordingly, the Court **ORDERS AND ADJUDGES** as follows:

1. Defendants' Unopposed Motion to Remand [DE 155] is **GRANTED**.
2. Plaintiffs' Motion Adopting and Not Opposing Defendant's Request to Remand [DE 154] is **GRANTED**.
3. The Clerk of Court shall **REMAND** this case to the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida.  Thereafter, the Clerk shall **CLOSE** this case.

4. The Court retains jurisdiction to consider an award of attorney's fees and costs after remand and will await full briefing on the presently pending motions in this regard. *See Montgomery & Larmoyeux by Montgomery v. Philip Morris, Inc.*, 19 F. Supp. 2d 1334, 1335 (S.D. Fla. 1998) (finding jurisdiction to award attorney's fees after remanding the case to state court, which divested the court of jurisdiction over the merits); *Landmark Equity Fund II, LLC v. Residential Fund 76, LLC*, 2014 WL 12603175, at *1 (S.D. Fla. May 12, 2014) ("Notwithstanding this Court's finding that it lacks jurisdiction to adjudicate the merits of Plaintiff's claims, an award of attorney'ss fees is collateral to the underlying proceedings, and this Court inherently retained jurisdiction to award fees associated with proceedings already held before it.").

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 6th day of April, 2018.

*signature*
DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE